

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

JEFFREY LUFFMAN,

   Plaintiff,

v().                                                                                         Civil Action No. 25-CV-842-SPM

   Defendants.

COLLINSVILLE COMMUNITY UNIT SCHOOL DISTRICT #10;

BRAD SKERTICH; LAURA BAUER; BRADLEY HYRE; DAN PORTER; SUSAN FRECHMAN; SARAH GAFFORD;

SCHOOL BOARD MEMBERS SOEHLKE, PECCOLA, BRONNBAUER, CRAFT, HASAMEAR, REULECKE, and STUTTS;

COLLINSVILLE POLICE OFFICER KUELCHE, OFFICER HUNT, OFFICER LACROY, OFFICER EDWARDS, OFFICER OWEN, OFFICER MOORE, OFFICER SEVERNE, OFFICER FOLEY, SCHOOL RESOURCE OFFICER; and FOIA OFFICER WILKE;

MARYVILLE POLICE OFFICERS LEFFLER and FOIA OFFICER JOLENE HENRY;

CITY OF COLLINSVILLE FOIA OFFICER KIMBERLY WASSER;

ATTORNEYS TONY DOS SANTOS; DAVID FAHRENKAMP; MICHAEL WESLEY;

COLLINSVILLE SCHOOL DISTRICT 10 LEGAL COUNSEL DANA BOND and GUIN MUNDORF LLC;

MADISON COUNTY ILLINOIS STATES ATTORNEY OFFICE

ILLINOIS ATTORNEY GENERAL'S OFFICE CIVIL RIGHT, VETERAN HIRING, ADA COMPLIANCE, PUBLIC ACCESS BUREAU, and FOIA COMPLIANCE OFFICER;

## MOTION UNDER 42 U.S.C. § 1983 AND 42 U.S.C. § 1985 FOR CIVIL RIGHTS VIOLATIONS AND RELIEF WITH FOR APPOINTMENT OF SPECIAL COUNSEL AND FEDERAL RELIEF

### 42 U.S.C. § 1983 AND 42 U.S.C. § 1985 FOR CIVIL RIGHTS VIOLATIONS

Plaintiff Jeffrey Luffman respectfully moves this Court for relief under 42 U.S.C. § 1983 and § 1985 based on ongoing civil rights violations, conspiratorial conduct under color of law, and deprivation of federally protected rights by multiple public officials, agencies, and law enforcement officers.

Plaintiff alleges the following claims and supporting facts:

1. Defendants engaged in conduct that deprived Plaintiff of his constitutional rights secured by the First, Fourth, and Fourteenth Amendments, including:
   - Retaliation for protected speech, press activity, and public petitioning (First Amendment);
   - Unlawful searches and welfare checks based on fabricated or retaliatory narratives (Fourth Amendment);
   - Deprivation of due process and equal protection through manipulated legal process, record concealment, and obstruction (Fourteenth Amendment).

2. Defendants, jointly and severally, acted in conspiracy to suppress, retaliate, and cause procedural and reputational harm to Plaintiff through acts coordinated across:
   - Collinsville Community Unit School District #10;
   - Local and school-based law enforcement;
   - State legal counsel and public record officials;
   - School Board Members and private law firms acting under public authority.

3. Specific acts of misconduct include, but are not limited to:
   - FOIA and Illinois Freedom of Information Act obstruction;
   - Forgery, destruction, and concealment of public records in violation of the Illinois Local Records Act, ISSRA, FERPA;
   - Interference with Plaintiff's veteran employment rights and ADA-protected access to public programs and education facilities;
   - Retaliatory use of protection orders, court process, and law enforcement referrals to silence constitutionally protected press activity;
   - Collusion between school district personnel, police officers, and attorneys to retaliate against Plaintiff's advocacy efforts.

4. Defendants, under color of state law, willfully engaged in a pattern of behavior constituting a conspiracy to interfere with Plaintiff's civil rights,

thereby invoking the protections of 42 U.S.C. § 1985(3) and actionable damages under 42 U.S.C. § 1983.

WHEREFORE, Plaintiff respectfully requests this Court:
- Recognize the asserted claims under 42 U.S.C. § 1983 and § 1985;
- Allow this matter to proceed with appropriate discovery and evidentiary support;
- Issue any preliminary relief necessary to prevent ongoing retaliation and interference;
- Award damages, injunctive relief, and all remedies available at law and equity.

## RELIEF WITH FOR APPOINTMENT OF SPECIAL COUNSEL AND FEDERAL RELIEF

Plaintiff Jeffrey Luffman respectfully submits this motion for appointment of special counsel pursuant to 28 U.S.C. § 1915(e)(1),
and for comprehensive relief concerning ongoing civil rights violations and systemic misconduct under color of law.

### ADA Compliance and Access to Justice

Pursuant to **Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12131 et seq.**, Plaintiff asserts his right to meaningful access to the courts as a person with a qualifying disability. Title II prohibits public entities, including state and federal courts, from excluding qualified individuals with disabilities from participation in or the benefits of public services, programs, or activities. As a **100% permanently and totally disabled U.S. Army veteran**, and a **recipient of Social Security Disability Insurance (SSDI)**, Plaintiff respectfully requests accommodations—including the appointment of counsel and service of process by the U.S. Marshals Service—necessary to ensure full and equal access to these proceedings in accordance with federal law.

Plaintiff is currently suffering compounded hardship from legal retaliation, false filings, and denial of equal protection in state and local proceedings. Plaintiff is unable to afford private legal counsel or service of process and requests the Court appoint special counsel and direct the U.S. Marshals Service to serve defendants under 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3).

This case includes substantial claims under:
- 42 U.S.C. § 1983 (deprivation of rights under color of law);
- 42 U.S.C. § 1985 (civil conspiracy to interfere with civil rights);
- FOIA and Illinois Freedom of Information Act obstruction;
- First Amendment retaliation for protected speech, press, and petition activity;
- Unlawful Fourth Amendment welfare checks; Unlawful Detainment
- Fourteenth Amendment due process violations;
- Collusion and manipulation of official records, concealment, and document tampering;

- Violation of veteran hiring preference rights and employment discrimination;
- ADA compliance failures (Title II), public program exclusion based on disability;
- Violations of the Illinois Local Records Act, ISSRA, FERPA, and improper education record suppression;
- IDEA violations, including Child Find failures and FAPE denial related to Plaintiff's minor child.

Multiple state and federal agencies are investigating overlapping complaints, including DOJ Civil Rights Division, Department of Education OCR, EEOC, IDFPR, DCFS, OEIG, and the Illinois Attorney General's Public Access Bureau. These investigations, intersect directly with claims in this action, further complicating the matter and necessitating appointed counsel.

Plaintiff has filed formal ethics complaints with IARDC naming former legal counsel whose misconduct severely compromised past litigation, contributed to procedural prejudice, and denied Plaintiff meaningful access to justice.

WHEREFORE, Plaintiff respectfully requests this Court:
- Appoint special counsel under 28 U.S.C. § 1915(e)(1);
- Grant Plaintiff leave to proceed in forma pauperis;
- Direct the U.S. Marshals Service to serve all named defendants pursuant to Fed. R. Civ. P. 4(c)(3);
- And grant any additional relief the Court deems just and proper.

Respectfully submitted,

/s/ Jeffrey Luffman
Email: jeffrey.luffman@outlook.com
Phone: 636-675-4864

212 CAMELOT DR.

COLLINSVILLE, IL 62234

Dated: May 02, 2025