IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

Jeffrey Luffman,
Plaintiff,

v.

Collinsville Community Unit School District #10, Mark Skertich, Laura Bauer, Brad Hyre, Dana Bond, Madison County, Illinois, and Collinsville Police Department, et al.,
Defendants.

Case No: 25-CV-842-SPM

EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

COMES NOW Plaintiff, Jeffrey Luffman, pro se, requesting an immediate Temporary Restraining Order ("TRO") and Preliminary Injunction pursuant to Fed. R. Civ. P. 65, restraining Defendants from further unconstitutional retaliation infringing Plaintiff's First, Second, and Fourteenth Amendment rights.

Plaintiff states:

On December 3, 2024, Superintendent Mark Skertich made a phone call from his personal cell device to Assistant Chief of Police Kuechle, which led to an unauthorized, off-the-books welfare check conducted by Collinsville Police Department Sergeant Edwards at Plaintiff's residence at 212 Camelot Dr., Collinsville, Illinois. During this interaction, captured by Plaintiff's security camera, Officer Edwards explicitly stated he was not investigating a crime as no crime had been committed, but rather that the school district was "worried" about Plaintiff.

This occurred shortly after November 25, 2024 when the Plaintiff filed a formal complaint with the Collinsville School District 10 and the Illinois Office of the Attorney General's Office alleging admitted felony records destruction, FERPA, ISSRA, and Illinois Local Records Act violations against Principal Laura Bauer of Renfro Elementary for deleting a crucial ParentSquare group chat, part of Plaintiff's daughter's temporary education records. ParentSquare is the Collinsville School District administrative and communications app. This deletion was particularly significant as Principal Bauer was aware Plaintiff was involved in an active family court visitation case in Madison County, potentially constituting spoliation of evidence.

Plaintiff further asserts that Defendants Mark Skertich issued a "Communication Plan," directed by Superintendent Mark Skertich and the Collinsville School Board, which unlawfully restricts Plaintiff's ability to communicate with teachers and administrators at Renfro Elementary School, effectively impairing Plaintiff's parental rights under Illinois law. This "Communication Plan," combined with the subsequent Order of Protection, severely limits Plaintiff's First Amendment rights and constitutes unlawful interference with parental rights as recognized under Illinois statute (750 ILCS 5/607.6), creating additional irreparable harm.

Plaintiff's claims further implicate anti-SLAPP protections, specifically under Illinois' Citizen Participation Act (735 ILCS 110/1 et seq.), designed to prevent retaliation against individuals exercising constitutionally protected rights such as free speech and petitioning government.

1. Plaintiff is subject to ongoing retaliation by Defendants for exercising constitutionally protected activities, including freedom of speech, press, petition and right to bare arms.

2. On December 3, 2024, Defendant Officer Edwards conducted an off-the-books emergency welfare check at Plaintiff's residence. Officer Edwards explicitly stated he was not investigating a crime, no crime had been committed, and indicated the welfare check was prompted solely by Collinsville CUSD #10's concerns over an email sent by Plaintiff. Although Officer Edwards claimed he had not personally read the email, records obtained via FOIA request (Exhibit F) clearly show that Assistant Superintendent Kuechle forwarded Plaintiff's email directly to Officers Edwards and Hunt, indicating awareness and review. Officer Edwards's failure to properly document or investigate the potential felony misconduct involved in conducting unauthorized dispatch operations and unlawful welfare checks constitutes official misconduct (720 ILCS 5/33-3) and obstruction of justice (720 ILCS 5/31-4(a)). Additionally, such actions violate Plaintiff's Fourth Amendment rights against unreasonable searches and seizures (U.S. Const. Amend. IV), Illinois constitutional protections (Ill. Const. Art. I, § 6), and the Collinsville Police Department Standard Operating Procedures (CPD SOP § 41.2.5, outlining procedures for dispatch and welfare checks)( https://youtube.com/shorts/e78bYui-rgE?si=QtyExWK-JWgjTGJ_ )

3. On April 25, 2025 Defendants issued citation of harassment by phone with threat of felony by Officer Lacroy Collinsville Police Department. Officer Lacroy contacted Plaintiff to warn of a pending citation for harassment of Superintendent Brad Skertich, stating further violations would result in felony charges. Plaintiff has not yet received this citation but emphasizes significant due process concerns arising

from threats of felony prosecution without first adjudicating the misdemeanor citation in court. This action demonstrates additional retaliatory intimidation by Defendants. (https://youtube.com/shorts/ptpHTB4Kl48?si=KcSJFfgAUtMDYLL_)

4. On April 28, 2025 Defendants unlawfully detained and cited the plaintiff for criminal trespass for exercising his first amendment rights at the Collinsville School Board Meeting Officer Edwards (https://youtu.be/SJQZsfYbp1s?si=ghC37QlcyhNIJ4Ld) Officer Severne (https://youtu.be/VpHmrx7ZnLA?si=BIWkZZc5jnZFqfp4) Officer Dieker (https://youtu.be/j8TcgO7GdVc?si=xGG3KHuZrAnqYjw5) Officer Moore's body cam video was not provided with the FOIA request indicating obstruction. Officer Diecker of the Collinsville Police Department issued a citation for the criminal trespass to the plaintiff on 28 April 2025. Plaintiff sent communication through the Collinsville School Board's official online portal, attempting to inform newly elected board members who were not involved in the prior unlawful ban issued by Collinsville School Board President Peccola. Plaintiff intended to attend the Collinsville School District board meeting on April 28, 2025, at 6:30 PM. At this meeting, Plaintiff was unlawfully detained, violating his First Amendment rights, specifically freedom of speech, freedom to assemble, freedom to petition the government, and freedom of the press.

5. On May 1, 2025, Defendants obtained an unconstitutional ex parte "Stalking No Contact Order" against Plaintiff based on protected speech activities with failed service by Officer Hunt and Lacroy Collinsville Police. Officer Hunt improperly served the Order of Protection at Plaintiff's residence by initially providing Plaintiff with a 'short form' law enforcement copy from a folder labeled 'Illinois Office of the Attorney General Kwame Raoul.' Plaintiff subsequently confirmed with Assistant Attorney General Joshua Jones that the Illinois Office of the Attorney General was not involved in issuing the order. Officer Hunt potentially misrepresented the Illinois Office of the Attorney General in a manner meant to further intimidate the plaintiff. Upon realizing his mistake, Officer Hunt returned, rang Plaintiff's bell a second time, and asked to 'swap' the documents. This action indicates a breach in the chain of custody and raises significant concerns about possible evidence tampering. (https://youtu.be/z57nCFSp7pU?si=SHtp4XPVWlXcOq_r) and (https://youtu.be/T71wUsE33gs?si=ffiKT-voi972cmnY)

6. On May 2, 2025 Defendants issued an unconstitutional ex parte "Stalking No Contact Order" against Plaintiff based on protected speech activities with service by Madison County Sheriff Deputy Gurley. (https://youtu.be/lUsSvtOusQY?si=UwbtgLVa0ZF5gas3) Deputy Gurley of the

Madison County Sheriff's Office served the Order of Protection, significantly infringing Plaintiff's First and Second Amendment rights and raising critical due process concerns due to the ex parte nature of the filing. This order was initiated by Collinsville School District #10 attorney Dana Bond, who is currently under investigation for ex parte communications with Plaintiff's previous attorney, Tony Dos Santos. Attorney Dos Santos billed Plaintiff for communications with Bond on December 6, 2024—the same day he withdrew representation—leaving Plaintiff without representation during the critical closed school board meeting on December 16, 2024, which led to Plaintiff's ban from school property.

7. The order violates Plaintiff's First Amendment, Second Amendment, and Fourteenth Amemdment rights by criminalizing lawful political speech and transparency efforts.

8. The order improperly restricts Plaintiff's Second Amendment rights without credible evidence of violence or threats.

9. Defendants' actions demonstrate deliberate and willful indifference, escalating retaliation even after investigative findings substantiated Plaintiff's claims regarding FERPA, ISSRA, and Illinois Local Records Act violations.

10. Plaintiff faces immediate and irreparable harm to constitutional rights without court intervention.

11. Plaintiff is highly likely to succeed on constitutional claims under 42 U.S.C. § 1983.

12. Injunctive relief serves the public interest by upholding constitutional rights and preventing government abuse.

13. Plaintiff Jeffrey Luffman ("Plaintiff") respectfully submits this supplemental statement asserting that any attempts by the Defendants to restrict, silence, or chill Plaintiff's protected speech, investigative journalism, and independent news reporting activities via social media constitute an impermissible prior restraint, viewpoint discrimination, and retaliation in violation of the First Amendment to the United States Constitution, as well as Article I, Sections 4 and 5 of the Illinois Constitution.

14. Plaintiff operates independently as JeffFreeTV, a protected news media and commentary channel focusing on government transparency, civil rights, public education accountability, and constitutional advocacy. Plaintiff's online postings and reports are matters of significant public concern, specifically protected under established constitutional standards including Near v. Minnesota, 283 U.S. 697

(1931), New York Times Co. v. United States, 403 U.S. 713 (1971), Snyder v. Phelps, 562 U.S. 443 (2011), and Knight First Amendment Institute v. Trump, 928 F.3d 226 (2d Cir. 2019).

15. Any court order or governmental restriction issued at the request of the Defendants that interferes with, limits, or penalizes Plaintiff's First Amendment rights would irreparably harm Plaintiff by causing an immediate chilling effect on free expression, obstructing the public's access to important information, and infringing upon Plaintiff's fundamental rights to free speech and press freedom.

16. Therefore, Plaintiff respectfully requests this Court explicitly affirm in any TRO or preliminary relief issued that Plaintiff's First Amendment-protected social media and independent media activities shall not be curtailed, restricted, or otherwise chilled pending the resolution of this matter.

WHEREFORE, Plaintiff requests the Court:

a) Immediately suspend enforcement of the Madison County "Stalking No Contact Order";

b) Enjoin Defendants from further retaliatory actions against Plaintiff's protected activities;

c) Schedule an expedited Preliminary Injunction hearing;

d) Grant additional relief as deemed proper.

Respectfully submitted,

/s/ Jeffrey Luffman

Jeffrey Luffman
Pro Se Plaintiff
212 Camelot Dr.
Collinsville, IL 62040
(636) 675-4864
jeffrey.luffman@outlook.com

Dated: May 5, 2025

## VERIFICATION

I, Jeffrey Luffman, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the statements and information contained in this document and attached exhibits are true and correct to the best of my knowledge, information, and belief.

Executed this 5th day of May, 2025.

/s/ Jeffrey Luffman

Jeffrey Luffman
Pro Se Plaintiff
212 Camelot Dr.
Collinsville, IL 62040
(636) 675-4864
jeffrey.luffman@outlook.com

EXHIBIT LIST

Exhibit A – Order of Protection issued Madison County Sheriff Deputy Gurley, for protection of Brad Skertich, Bradley Hyre, and Laura Bauer, filed by Dana Bond,

Exhibit B – Trespass Citation (28 April 2025) Issued by Collinsville Police Officer Diecker for Attending the Collinsville School Board Meeting

Exhibit C – Investigation Findings: FERPA, ISSRA, and Illinois Local Records Act Violations

Exhibit D – Collinsville School Board Retaliatory Ban

Exhibit E – School Board Statement: "No Intimidation" (December 3, 2024)

Exhibit F – FOIA Responses from Collinsville Police Department Facts for Conducting the Emergency Welfare Check

Exhibit G – FOIA Responses from Collinsville CUSD Facts for Conducting the Emergency Welfare Check

Exhibit H – Demand for Superintendent Resignation (Submitted via School Board Portal, April 28, 2025)

**Exhibit I** – Original Complaint to Collinsville CUSD #10 (Dated November 25, 2024)

**Exhibit J** – Email Correspondence: Notice of Charges and Plaintiff's Defense Responses

**Exhibit K** – Tony Dos Santos Exparte Communications with CUSD 10 Counsel Dana Bond and Mediator Kathy Buckley

**Exhibit L** – Emails from Tony Dos Santos Withdraw and Ex Parte Communication

**Exhibit M** – Communication Plan Issued by Superintendent Brad Skertich (December 3, 2024)