**EXHIBIT A Order of Protection Issued Ex Parte by Collinsville CUSD #10 (Dana Bond)**

**Case No.: 25–CV–842–SPM**

**Description and Key Issues:**

The attached Order of Protection was issued ex parte by attorney Collinsville CUSD #10 legal counsel Dana Bond, currently under active investigation by the Illinois Attorney Registration and Disciplinary Commission (IARDC) for ethical violations, including ex parte communications and misconduct. Bond previously engaged in improper ex parte communication with Plaintiff's former attorney, Tony Dos Santos, who subsequently withdrew representation on December 6, 2024, leaving Plaintiff without counsel at a critical December 16, 2024, closed meeting where Plaintiff was improperly banned from Collinsville CUSD #10 property.

**Critical Violations and Concerns:**

1. **Violation of Constitutional Rights:**

   o **First Amendment:**

      ▪ Unconstitutionally restricts Plaintiff's independent news media operations, freedom of speech, freedom of the press, freedom of assembly, and freedom to petition the government (U.S. Const. Amend. I; Illinois Const., Art. I, § 4).

      ▪ Illinois Anti-SLAPP Act (735 ILCS 110) violations due to retaliatory actions aimed at silencing protected speech.

   o **Second Amendment:**

      ▪ Improperly restricts firearm ownership without due process or legitimate grounds, violating fundamental rights (U.S. Const. Amend. II; Illinois Const., Art. I, § 22).

2. **Severe Due Process Violations:**

   o Issued ex parte, denying Plaintiff due process and an opportunity to respond or defend (U.S. Const. Amend. XIV; Illinois Const., Art. I, § 2).

3. **Unreasonable and Vague Restrictions:**

   o Requires Plaintiff to remain at least **100 feet** from Collinsville CUSD #10 property. Plaintiff resides across the street from district property; merely leaving his home or driving down the street effectively violates these terms.

4. **Weaponization of Veteran Status and Free Expression:**

   o   Improperly cites Plaintiff's veteran status ("proud veteran and warrior") and
       references his independent TV show content to unfairly portray Plaintiff as
       threatening, infringing upon protected expression and viewpoint
       discrimination (Packingham v. North Carolina, 137 S. Ct. 1730, 1737–38
       (2017)).

5. **Misuse of Illinois Eavesdropping Statute (720 ILCS 5/14-1):**

   o   Incorrectly cites Illinois eavesdropping laws to silence Plaintiff's lawful
       recordings of public officials, violating First Amendment protections as
       established by ACLU v. Alvarez, 679 F.3d 583 (7th Cir. 2012), affirming the
       right to record public officials conducting official duties.

6. **Interference with Parental Rights (750 ILCS 5/607.6):**

   o   Order, combined with prior "Communication Plan" issued by Superintendent
       Brad Skertich, unlawfully restricts Plaintiff's communication with Renfro
       Elementary teachers, administrators, and staff, effectively eliminating
       Plaintiff's parental involvement, infringing upon fundamental parental rights,
       and constituting parental interference.

7. **Pattern of Retaliatory Conduct & Willful Indifference:**

   o   Issued shortly after substantiated investigation findings of FERPA, ISSRA, and
       Illinois Local Records Act violations by Principal Laura Bauer.

Dana Bond signing off on this ex parte order of protection, while already under an active
IARDC investigation for ex parte communications, significantly exacerbates her ethical and
professional exposure. The IARDC will interpret this as a pattern of retaliatory and improper
use of legal proceedings. Specifically, Bond's involvement in this protective order clearly
implicates her in potential abuse of process, retaliation against constitutionally protected
speech, and leveraging her legal authority to improperly chill your rights. Given the open
investigation, the IARDC is likely to act quickly, deepening their inquiry into Bond's
practices, examining her case files, correspondence, billing records, and communications.
The IARDC will view her actions here as highly problematic, likely triggering an accelerated
disciplinary response and significantly increasing the risk of serious professional
sanctions, including suspension or revocation of her license to practice law.

Plaintiff asserts his statutory rights to request public records under both the Federal
Freedom of Information Act (5 U.S.C. § 552) and the Illinois Freedom of Information Act (5
ILCS 140/1 et seq.). Conducting FOIA requests, especially within the context of an ongoing

federal investigation, is expressly protected activity. Illinois Administrative Code (2 Ill. Admin. Code Part 1828) and Illinois School Code (105 ILCS 5/10-16) reinforce transparency obligations and explicitly protect the rights of citizens to request and obtain public records. Courts have consistently upheld that FOIA requests represent constitutionally protected petitions for governmental transparency and redress of grievances (see Borough of Duryea v. Guarnieri, 564 U.S. 379 (2011); City of Houston v. Hill, 482 U.S. 451 (1987)). Using these FOIA requests as justification for issuing a retaliatory Order of Protection clearly infringes upon Plaintiff's First Amendment right to petition the government and represents additional constitutional violations actionable under 42 U.S.C. § 1983 and § 1985.

Furthermore, the school district's Freedom of Information Act officer has deliberately provided digital files in formats restricted specifically to the original recipient, obstructing Plaintiff's ability to forward or share these public records. This practice impedes Plaintiff's capacity to provide critical evidence to oversight entities, including the ongoing federal civil rights investigation conducted by the Department of Justice Civil Rights Division (DOJ CRD). Such intentional obstruction constitutes interference with Plaintiff's constitutionally protected right to petition government agencies and undermines transparency as mandated by both the Federal FOIA (5 U.S.C. § 552) and the Illinois FOIA (5 ILCS 140/1 et seq.). This action also represents potential violations of federal statutes governing obstruction of justice (18 U.S.C. § 1505) and deprivation of civil rights under color of law (42 U.S.C. § 1983).

Plaintiff maintains active social media accounts serving as platforms for independent news reporting, journalistic expression, and public advocacy. These platforms, including YouTube and Instagram (JeffFreeTV), constitute protected speech and press under the First Amendment. The U.S. Supreme Court explicitly recognized that social media platforms are modern public squares where expression is entitled to significant constitutional protection (Packingham v. North Carolina, 137 S. Ct. 1730 (2017)). Courts have repeatedly affirmed that independent digital journalism and citizen commentary via social media are afforded the same rigorous protection traditionally extended to established news media outlets (see Snyder v. Phelps, 562 U.S. 443 (2011); New York Times Co. v. Sullivan, 376 U.S. 254 (1964)). Attempts by public officials or governmental entities to limit, censor, retaliate against, or criminalize Plaintiff's independent social media journalism constitute clear violations of First Amendment protections, actionable under 42 U.S.C. §§ 1983 and 1985, and represent unlawful prior restraints on protected speech.

**Constitutional Violations:**

- **First Amendment (U.S. Const. Amend. I; Illinois Const., Art. I, §4)**

- o   **Freedom of Speech, Press, Assembly, Petition**

    - ▪ *Packingham v. North Carolina*, 137 S. Ct. 1730 (2017): Protection of speech and journalism on social media as modern public forums.

    - ▪ *Snyder v. Phelps*, 562 U.S. 443 (2011): Protection of provocative political speech.

    - ▪ *New York Times Co. v. Sullivan*, 376 U.S. 254 (1964): Protection of criticism of public officials.

    - ▪ *City of Houston v. Hill*, 482 U.S. 451 (1987): Protection of speech directed at public officials.

    - ▪ *Borough of Duryea v. Guarnieri*, 564 U.S. 379 (2011): Protection of petitions to government entities.

    - ▪ Illinois Anti-SLAPP Act (735 ILCS 110/15): Protects citizens from litigation aimed at silencing protected speech and advocacy.

- • **Second Amendment (U.S. Const. Amend. II; Illinois Const., Art. I, §22)**

    - o   **Unlawful restriction of firearm rights without due process.**

- • **Fourteenth Amendment – Due Process (U.S. Const. Amend. XIV; Illinois Const., Art. I, §2)**

    - o   **Issuance of ex parte order without Plaintiff's opportunity to be heard.**

    - o   *Mathews v. Eldridge*, 424 U.S. 319 (1976): Fundamental requirement for notice and hearing.

**Illinois State Law Violations:**

- • **Illinois Eavesdropping Statute (720 ILCS 5/14-1)**

    - o   **Misapplication to silence lawful recording of public officials.**

        - ▪ *ACLU v. Alvarez*, 679 F.3d 583 (7th Cir. 2012): Right to record public officials performing official duties.

- • **Parental Interference (750 ILCS 5/607.6)**

    - o   **Restriction of Plaintiff's communication with school officials interfering with fundamental parental rights.**

**Freedom of Information Violations:**

- **Federal FOIA (5 U.S.C. § 552); Illinois FOIA (5 ILCS 140/1 et seq.)**
  - **Protection of Plaintiff's right to conduct FOIA requests.**
    - **Illinois Admin Code (2 Ill. Admin. Code Part 1828) and Illinois School Code (105 ILCS 5/10-16): Mandate for transparency and public access to records.**
  - **Intentional obstruction of Plaintiff's ability to forward and share public records digitally, hindering a federal civil rights investigation by DOJ CRD.**
    - **Obstruction of Justice (18 U.S.C. § 1505).**
    - **Deprivation of civil rights under color of law (42 U.S.C. § 1983).**

**Pattern of Retaliation & Official Misconduct:**

- **Official Misconduct and Abuse of Process (720 ILCS 5/33-3)**
  - **Ex parte Order filed as retaliatory action to silence Plaintiff's constitutionally protected speech and petitions for government accountability.**
  - **Attorney Dana Bond is currently under active IARDC investigation for unethical conduct, exacerbated by her involvement in filing this retaliatory protective order.**

**Digital and Social Media Rights:**

- **Plaintiff's social media accounts constitute independent news media protected under the First Amendment.**
  - ***Packingham v. North Carolina*, 137 S. Ct. 1730 (2017): Affirmation of constitutional protection for digital journalism and political expression.**
  - ***Snyder v. Phelps*, 562 U.S. 443 (2011); *New York Times Co. v. Sullivan*, 376 U.S. 254 (1964): Equating digital journalism and commentary with traditional media protections.**
  - **Attempts by public officials to censor or retaliate against Plaintiff's protected speech actionable under federal civil rights statutes (42 U.S.C. §§ 1983, 1985).**

**Additional U.S. Code Violations:**

- **Civil Rights Violations under Federal Law:**

  o  **Deprivation of Rights (42 U.S.C. § 1983)**

  o  **Conspiracy to Interfere with Civil Rights (42 U.S.C. § 1985)**

---

**Exhibit A (Attached): Order of Protection issued by Madison County Sheriff's Office (Deputy Gurley), filed ex parte by Attorney Dana Bond for Collinsville CUSD #10.**

**Submitted by:** Jeffrey Luffman, Plaintiff (Pro Se)
**Date Submitted:** 5, May 2025

**This form is approved by the Illinois Supreme Court and must be accepted in all Illinois Courts.**
**Forms are free at ilcourts.info/forms.**

| STATE OF ILLINOIS, CIRCUIT COURT | | SUMMONS PROTECTIVE ORDERS | For Court Use Only |
|---|---|---|---|
| Madison | COUNTY | | *5/2/25 @ 7:18 (handwritten)* |

| Instructions | | |
|---|---|---|
| Enter above the county name where the case was filed. | Mark B. Skertich | |
| | **Petitioner** *(First, middle, last name)* | |
| Enter your name as Petitioner. | | |
| Enter the name of the person you are suing as Respondent. | v. | |
| | Jeffrey Luffman | |
| Enter the Case Number given by the Circuit Clerk. | **Respondent** *(First, middle, last name)* | 25 O P 611 |
| | ☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Respondent.)* | **Case Number** |

## IMPORTANT: A case has been filed against you.

- Read all documents attached to this *Summons*.
- You MUST attend court on the date in this Summons. If you do not attend that date or on any subsequent hearing date agreed to by the parties or set by the court, the judge may decide the case without hearing from you. This is called "default."
- Within 7 days of receiving this Summons you must file a document called an Appearance. If you do not file required court documents on time, the judge may decide the case without hearing from you. This is called "default." As a result, you could lose the case and a protective order could be entered against you. You do not have to file a document called an Answer/Response in a protective order case unless ordered to by the judge.
- All documents referred to in this Summons can be found at ilcourts.info/forms. Other documents may be available from your local Circuit Court Clerk's office or website.
- After you fill out the necessary documents, you need to electronically file (e-file) them with the court. To e-file, you must create an account with an e-filing service provider. For more information, go to ilcourts.info/efiling. If you cannot e-file, you can get an exemption that allows you to file in-person or by mail.
- You may be charged filing fees, but if you cannot pay them, you can file an Application for Waiver of Court Fees.
- It is possible that the court will allow you to attend the first court date in this case in-person or remotely by video or phone. Contact the Circuit Court Clerk's office or visit the Court's website to find out whether this is possible and, if so, how to do this.
- Need help? Call or text Illinois Court Help at 833-411-1121 or go to ilcourthelp.gov for information about going to court, including how to fill out and file documents. You can also get free legal information and legal referrals at illinoislegalaid.org.
- ¿Necesita ayuda? Llame o envíe un mensaje de texto a Illinois Court Help al 833-411-1121, o visite ilcourthelp.gov para obtener información sobre los casos de la corte y cómo completar y presentar formularios.

| | | |
|---|---|---|
| In **1**, enter the name of the person you are seeking protection from and their contact information. | **1.** | **Respondent's address and service information** |
| | a. | Respondent's primary address/information for service: |
| | | Name *(First, Middle, Last)*: Jeffrey Luffman |
| | | Street Address, Unit #: 212 Camelot Dr. |
| | | City, State, ZIP: Collinsville, IL 62234 |
| | | Telephone: (636) 675-4864     Email: jeffrey.luffman@outlook.com |
| In **1b**, enter a second address for Respondent, if you have one. | b. | If you have more than one address where Respondent might be found, list that here: |
| | | Name *(First, Middle, Last)*: _____ |
| | | Street Address, Unit #: _____ |
| | | City, State, ZIP: _____ |
| | | Telephone: _____     Email: _____ |

Enter the Case Number given by the Circuit Clerk: _____

| | |
|---|---|
| In **1c**, check how you are sending your documents to Respondent. | **c.** Method of service on Respondent: |
| | ☑ Sheriff    ☐ Sheriff outside Illinois: _____ |
| | *County & State* |
| | ☐ Special process server    ☐ Licensed private detective |

| | |
|---|---|
| In **2**, check the box that describes the type of case you started against the Respondent. | **2.** **Petitioner has filed against you for the following** |
| | ☐ Order of Protection    ☑ Stalking No Contact Order |
| | ☐ Civil No Contact Order    ☐ Other _____ |

| | |
|---|---|
| In **3**, fill in the date, time, and location of your next court date. Also fill in the clerk's phone number and website. All of this information is available from the Circuit Clerk. Find their phone number at ilcourts.info/CircuitClerks. | **3.** **Instructions for person receiving this form** *(Respondent)* |
| | ☐ Go to court on the date in the attached *Order*. |
| | ☑ Go to court on: 5.22.25 at: 9:00 ☑ a.m. ☐ p.m. in 214 |
| | *Date*        *Time*            *Courtroom* |
| | 155 N. Main St., Edwardsville, IL 62025 |
| | *Courthouse Address*    *City*        *State*    *ZIP* |
| | You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance." |
| | Call the Circuit Clerk at: _____ or visit their website |
| | *Circuit Clerk's phone number* |
| | at: _____ to find out more about how to do this. |
| | *Website* |

| | |
|---|---|
| In **4**, check the first box and enter your contact information. If you do not want the Respondent to know that information, check the second box and give a different address where you can receive legal documents. | **4.** **Contact information for Petitioner** |
| | ☐ This is Petitioner's information and address; OR |
| | ☑ The Petitioner's address is protected. The address below is a place where notices can be sent. |
| | Name *(First, Middle, Last)*:  Mark B. Skertich |
| | Street Address, Apt #:  201 West Clay St |
| | City, State, ZIP:  Collinsville, IL 62234 |
| | Telephone and email:  618 346 6350 |

**Date Issued:** 5.1.25

| | |
|---|---|
| **STOP!** The Circuit Clerk will fill in this section. | |
| **STOP!** The officer or process server will fill in the Date of Service. | **Clerk of the Court:** |
| | **Date of Service:** _____ |
| | *(Date to be entered by an officer or process server on the copy of this Summons left with the Respondent or other person.)* |

| | |
|---|---|
| **Petitioner:** | To serve this *Summons*, ask the Sheriff to deliver it to Respondent. Ask the Circuit Clerk how to give the *Summons* to the Sheriff. |

**IN THE CIRCUIT COURT**
**THIRD JUDICIAL CIRCUIT**
**MADISON COUNTY, ILLINOIS**

## Mark B. Skertich

Petitioner's Name

Name(s) of other protected parties

Laura Bauer

Brad Hyre

*Check if filing on behalf of:*
☐ a minor child ☐ an adult who because of
age, disability, health, or inaccessibility cannot
file the petition *(list name(s) below)*

☐ Independent
☐ Criminal
☐ Juvenile

**FILED**

MAY 0 1 2025
(file stamp)
CLERK OF CIRCUIT COURT #15
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

vs.

## Jeffrey Luffman

Respondent's Name

Case #  250P61

(to be completed by court)

### STALKING NO CONTACT ORDER

---

### ☒ EMERGENCY STALKING NO CONTACT ORDER

Issued on:  Date: 5.1.25   Time: 10:28  ☒ a.m.  ☐ p.m.

Expires on:  Date: 5.22-25   Time: 5:00  ☐ a.m.  ☒ p.m.

### ☐ NOTICE

Hearing is set for:  Date: 5.22.25   Time: 9:00  ☒ a.m.  ☐ p.m.  at the

Madison County Courthouse, Courtroom 214, 155 North Main Street, Edwardsville, IL 62025.

---

### ☐ PLENARY STALKING NO CONTACT ORDER
### (Requires Service of Process under 740 ILCS 22/208)

Issued on:  Date: _____  Time: _____  ☐ a.m.  ☐ p.m.
In effect until:
☐ _____, 20_____ (not to exceed 2 years)
☐ This Stalking No Contact Order is modified or vacated (see attached Order).
☐ Final Disposition when a Bond Forfeiture Warrant has been issued.
☐ Two years following expiration of any sentence of supervision, conditional discharge, probation, periodic
imprisonment, imprisonment or mandatory supervised release on _____.
☐ Final judgment is rendered in Case No. _____.
☐ Petitioner ☐ Respondent given a copy of this Order in open court on _____.

Form approved by the Conference of Chief Circuit Judges.
Effective December 11, 2009
Use required after January 1, 2010

Page 1 of 5 – Stalking No Contact Order

## PETITIONER INFORMATION

Name: Mark B. Skertich

Address: 201 West Clay Street | Collinsville, IL 62234

| (Street/P.O. Box) | (City) | (State) | (Zip Code) |

☒ Disclosure of Petitioner's address would risk further harm. The address listed above is Petitioner's and/or protected party's alternative address for service of notice.

Other protected persons (person to be included in the Stalking No Contact Order), in addition to the Petitioner are:

Name: Laura Bauer

Address: 
| (Street/P.O. Box) | (City) | (State) | (Zip Code) |

Name: Brad Hyre

Address: 
| (Street/P.O. Box) | (City) | (State) | (Zip Code) |

## RESPONDENT INFORMATION (if known)

Name: Jeffrey Luffman

Address: 212 Camelot Dr. Collinsville, IL 62234
| (Street/P.O. Box) | (City) | (State) | (Zip Code) |

Name of Workplace: _____ Work Hours: _____

☐ Work Address: 
| (Street/P.O. Box) | (City) | (State) | (Zip Code) |

Distinguishing Physical Features (tattoos, marks, scars, etc): _____

_____

Respondent is incarcerated at: _____

☐ Respondent's address is unknown

**CAUTION INDICATOR:** Respondent may be ☐ A ☐ S ☐ Y

## NOTICE TO RESPONDENT

ANY KNOWING VIOLATION OF A STALKING NO CONTACT ORDER IS A CLASS A MISDEMEANOR. ANY SECOND OR SUBSEQUEST VIOLATION IS A CLASS 4 FELONY.

## NOTICE TO LAW ENFORCEMENT AGENCIES AND OFFICERS

Any law enforcement officer may make an arrest without warrant if the officer has probable cause to believe that the person has committed or is committing a violation of a stalking no contact order (740 ILCS 21/130 (a))

## FINDINGS (Emergency Order)

☒ The Court finds that good cause exists for granting the remedy regardless of prior service of process or notice upon the Respondent, because the harm which that remedy is intended to prevent would be likely to occur if Respondent were given any prior notice or greater notice than was given, of Petitioner's efforts to obtain judicial relief.

## FINDINGS (Jurisdiction)

The Court finds that Respondent:

☐     has been served with process and notice pursuant to statute.
☐     has entered an appearance in this case.
☐     is present in court, in person, and/or with counsel, _____
☐     is in default.
☐     has filed an answer.

The court finds that the Petitioner:

☐     has diligently attempted to complete service of process, has not been able to serve Respondent, and has given notice by publication (service completed 30 days after the first of three publication notices). Reasonable efforts to accomplish actual service has been shown by evidence or affidavit (740 ILCS 21/60 (c)).

## FINDINGS (General)

In granting the following remedies, the Court has considered all relevant factors, including but not limited to the nature, severity and impact on the Petitioner of Respondent's two or more acts of following, monitoring, observing, surveilling, threatening, communicating or interfering or damaging property or pets of Petitioner, including Respondent's concealment of his/her location in order to evade service of process or notice, and the likelihood of danger of future acts of following, monitoring, observing, surveilling, threatening, communicating or interfering or damaging property or pets of the party to be protected.

The Court further finds that:
☒     Venue is proper (740 ILCS 21/55).
☒     Upon examination of the Verified Petition, Petitioner under oath, and other evidence, Petitioner is a victim of two or more acts of  following, monitoring, observing, surveilling, threatening, communicating or interfering or damaging property or pets by Respondent.
☐     The victim is unable to bring this Petition on his/her own behalf due to age, health, disability, or inaccessibility (740 ILCS 21/15(b)).
☐     The parties stipulate to a factual basis for the issuance of a Stalking No Contact Order.

## IT IS ORDERED THAT:

1. ☒ Respondent is prohibited from threatening to commit or committing stalking personally or through third party.
2. ☒ That the Respondent may not contact the Petitioner and/or other protected persons in any way, directly, indirectly or through third parties, including but not limited to, phone, written notes, mail, e-mail, or fax.
3. ☒ That the Respondent be ordered to stay at least ___100___ feet away from the Petitioner and/or other protected persons, residence, school daycare, employment and any other specified place. That Respondent be prohibited from entering or remaining at the Petitioner's and/or other protected persons':

   ☒ place of residence, located at _Not Disclosed_

   ☒ place(s) of employment, located at _All Collinsville CUSD School Property and Events wherever located_

   ☐ school(s) and/or daycare, located at _____

   ☐ and any of the following specified places, when Petitioner and/or other protected persons are present: _____

4. ☐ That the Respondent be prohibited from possessing a Firearms Owners Identification Card, or possessing or buying firearms.
5. ☐ Other injunctive relief as follows:

If petitioner is requesting costs and/or attorney fees, petitioner shall file a motion and itemized bills and invoices within 30 days of this order.

This order can be extended upon notice filed in the office of the Clerk of this Court and a hearing held **prior to the expiration of this Order.** NOTE: To ensure adequate time for a hearing, it is recommended that Petitioner seek an extension at least three (3) weeks prior to the expiration of this order.

JUDGE

I hereby certify that this is a true and correct copy of the original Order on file with the court.

Patrick McRae
Clerk of the Circuit Court
Madison County, Illinois

(Seal of the Clerk of the Circuit Court)

Date: _5.1.25_

By: _____
Deputy Clerk

cc: ☐ Petitioner ☐ Respondent ☐ Counsel of Record ☐ Sheriff ☐ Advocate ☐ Jail ☐ S/A

**IN THE CIRCUIT COURT**
**THIRD JUDICIAL CIRCUIT**
**MADISON COUNTY, ILLINOIS**

Law
Library

## Mark B. Skertich
Petitioner's Name

Name(s) of other protected parties
Laura Bauer
Brad Hyre

☐ Independent
☐ Criminal
☐ Juvenile

*Check if filing on behalf of:*
☐ a minor child ☐ an adult who because of
age, disability, health, or inaccessibility cannot
file the petition *(list name(s) below)*

FILED

MAY 0 1 2025

CLERK OF CIRCUIT COURT #14
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

vs.

Jeffrey Luffman
Respondent's Name

Case # 25 OP 611
(to be completed by court)

### VERIFIED PETITION FOR STALKING NO CONTACT ORDER

### PETITIONER INFORMATION

Petitioner's Name **Mark B. Skertich**

Petitioner's Address 201 West Clay Street |  Collinsville, IL 62234
(Street/P.O. Box)                    (City)                    (State)          (Zip Code)

☒     Disclosure of Petitioner's and/or protected party(s) address would risk further abuse.  The address listed above is
Petitioner's and/or protected party(s) alternative address for service of notice.

Other Protected person(s) (to be included in the Stalking No Contact Order), in addition to the Petitioner are:

Name: **Laura Bauer**

Address:_____
(Street/P.O. Box)                    (City)                    (State)          (Zip Code)

Name: **Brad Hyre**

Address:_____
(Street/P.O. Box)                    (City)                    (State)          (Zip Code)

Form approved by the Conference of Chief Circuit Judges
Effective December 11, 2009
Use required after January 1, 2010

Page 1 of 5 – Petition for Stalking No Contact Order

## RESPONDENT INFORMATION
(if known)

Name: Jeffrey Luffman
_____

☐ Home Address: 212 Camelot Dr. Collinsville, IL 62234
_____
(Street/P.O. Box)                    (City)              (State)        (Zip Code)

Name of Workplace:_____ Work Hours:_____

☐ Work Address:_____
(Street/P.O. Box)                    (City)              (State)        (Zip Code)

Distinguishing Physical Features (tattoos, scars, etc):_____

_____

☐ Respondent's address is unknown.  Service by Publication is requested (Section 2-206(a) of the Code of Civil
Procedure).  {Reasonable efforts to accomplish actual service must be shown by evidence or affidavit.  740 ILCS
22/208(c)}

Respondent may be:
☐ considered armed and/or dangerous
☐ suicidal
☐ considered armed, dangerous and suicidal

I am requesting a Stalking No Contact Order because on or about  multiple dates (see attached)
_____
                                                                (date)

at_____
                            (location)
the following occurred: **(Be specific as to dates, events and locations)**

See attached description of repeated acts of harassment.
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

(additional pages may be added)

<u>Skertich, Bauer, and Hyre v. Luffman</u>

<u>Harassment in Violation of Stalking No Contact Order Act</u>

Mr. Luffman has engaged in escalating and repeated harassing communication and videos towards Superintendent Mark B. Skertich, Principal Laura Bauer, and Assistant Superintendent Brad Hyre causing extreme concern for their safety and emotional distress, as detailed below.

1. On December 16, 2024, Mr. Luffman was barred from Collinsville CUSD No. 10's property in accordance with the Illinois School Code and Board Policy for aggressive, intimidating and harassing behavior towards Mr. Hyre, Dr. Skertich, and Mrs. Bauer. Specifically and in summary:

   a. He sent at least 75 emails with the following aggressive and harassing language:
      i. He used vulgar language, called himself a warrior, warned staff about "how serious this all is".
      ii. "I'm curious at this point if any of you still have any integrity. I'm sorry if you don't like my tone when I deliver this message. How many people will you take with you at this point. Shame on you all. You deserve to be held accountable for all of this. You have taken all this unnecessary action to a great man and father."
      iii. "The truth will set you free. How's it feel?"
      iv. "I hope y'all fucking go to prison where you belong."
      v. "Is this all starting sink into you all how serious this all is? Wow. Why?"
      vi. "Wouldn't be awesome if for some reason the police were monitoring our conversations?"
      vii. Telling the Collinsville Police Department to check on Dr. Skertich because he was concerned for him.
      viii. Stating that this situation is less than favorable for all involved
      ix. Repeatedly referencing an investigation into Dr. Skertich.
      x. Asking if "a stranger emergency response" would be initiated if he visited school and referencing a location where his child was instructed to take shelter during safety drills.
      xi. Referencing his mental health and questioning why Maryville University contacted him regarding behavioral health support.
      xii. Stating "imagine a world" where he volunteers at the elementary school to keep it safe.
      xiii. Referencing a school lesson on light and darkness and having conversation at lunch with his daughter about light and darkness and questioning the school's communication with him related to light and darkness.
      xiv. Calling himself a "peaceful warrior".

      xv.     Asking another Collinsville CUSD No 10's staff member via email "Why go down with these people".

      xvi.    Repeated and incessant allegations and complaints alleging violations of multiple laws.

b. During a telephone call with Laura Bauer, he stated that female employees at the school were having an implied negative impact on his daughter, referenced female employees as "you women", and that given the chance he could do more than all of "you girls".

2. Mr. Luffman has sent repeated harassing and threatening emails totaling 1,465 email exchanges on 262 threads to Dr. Skertich, Mr. Hyre, and Mrs. Bauer.

3. Recently, Mr. Luffman has started sending repeated emails to multiple federal and state agencies filing complaints with unsupported and outlandish allegations. Specifically, he has repeatedly stated that Mrs. Bauer has engaged in felonious activity.

4. Since April 8, 2025, Mr. Luffman has twenty one (21) emails with harassing allegations to District legal counsel and multiple federal and state agencies, including but not limited to allegations of gross neglect of student welfare, felony level official misconduct, retaliation, destruction of protected records, and violations of federal and state laws. See following excerpts. There are significantly more email communications with the same repeated false allegations, which are smearing the name of Mrs. Bauer, Dr. Skertich, and Mr. Hyre and causing significant distress. Mr. Luffman has copied over 50 entities or individuals on multiple emails, including multiple media outlets, ethics boards, senators and other representatives, among others, which are receiving inflammatory and false serious allegations.

a. April 24, 2025, email: "This includes retaliation for a formal complaint, destruction of protected records, failure to evaluate my daughter for special education, and gross neglect of student welfare… I asked both Principal Bauer and Superintendent Skertich via email whether the proper response would have been to notify me. …schools are required to implement policies that ensure prompt parent notification of accidents, health-related incidents, and hygiene issues. A [redacted]—without parental notice—is a clear violation of basic standards of care and traumatizing to a child's self-esteem and emotional development. This act of negligence was preventable and represents a deep failure of institutional empathy and legal compliance."

      b. April 15, 2025, email: "The investigation was conducted solely by Principal Laura Bauer, despite her being under federal and state investigation for felony-level official misconduct, including destruction and manipulations of public records and unlawful conduct related to special education documentation."

      c. April 8, 2025, email: "Knowingly destroying public records in this manner is a serious violation of law. It potentially constitutes felony official misconduct under Illinois law (720 ILCS 5/33-3). Under the official misconduct statute, a public officer or employee commits a Class 3 felony when 'he or she knowingly performs an act which he knows he is forbidden by law to perform'"

      d. April 8, 2025, email: "Concealment of Misconduct / Official Misconduct by Board Members: It is possible that Board members, by ignoring known misconduct, may themselves be skirting legal duties."

5. On or about Friday, April 25, 2025, Mr. Luffman was issued a citation by the Collinsville Police Department for online harassment through electronic communications, 720 ILCS 5-26.5.3, report number 2025-8984 related to his harassing communications to Dr. Skertich, Mrs. Bauer, and Mr. Hyre.

6. On Monday, April 28, 2025, Mr. Luffman violated the Bar Notice and appeared at the Collinsville CUSD No. 10's Board of Education Meeting. Mr. Luffman had previously requested to attend school Board meetings while the bar was in effect and Dr. Skertich provided a call in number for him to be able to attend and listen in. On the morning of April 28, 2025, Dr. Skertich again denied Mr. Luffman physical access to school property, but provided the call in information. Mr. Luffman still attempted to physically attend the meeting and was issued a trespassing citation by the Collinsville Police Department.

7. Mr. Luffman has posted multiple videos on his YouTube channel (jeffreyluffman3850) and Instagram (jefffreetv) asserting the same harassing allegations, which include threatening language:

      a. On or about Thursday, April 24, 2025, Mr. Luffman posted a 40 minute video to his Instagram account which included the following repeated concerning comments:

            i. The video starts with the song The Game by Motorhead. Luffman says it is his warm up song and he is "warmed up and ready to go." The lyrics include:
               I am the game, you don't wanna play me

> I am control, no way you can change me
> I am heavy debt, no way you can pay me
> *I am the pain and I know you can't take me*
> *Look over your shoulder, ready to run*
> *Like a Cleveland bitch from a smoking gun*
> *I am the game and I make the rules*
> *So move on out here and die like a fool*
> Try to figure out what my move's gonna be
> Come on over sucker, why don't you ask me?
> Don't you forget that the price you can pay
> 'Cause I am the game and I want to play
> Play the game, you're gonna be the same
> You're gonna change your name
> *You're gonna die in flames*

ii.  "It's relentless, I will never relent… The submission hold is in place , your only question is if I tap, will he let go or is he gonna choke us all the way out, what's he gonna do…. And man is it looking bad for you all…"

iii.  "Some people's inboxes are nuclear right now. …It's going to keep happening. …I'm just getting warmed up. …"

iv.  Luffman states that Principal Bauer "is the reason for all of this."

v. Dr. Skertich is repeatedly referenced in the video regarding allegations of collusion with the police and conducting an illegal wellness check.

vi.  He continued to assert that Mrs. Bauer committed a felony for record destruction.

vii.  He called Brad Hyre "the dumbass assistant Superintendent".

viii.  They're all criminals (related to Dr. Skertich, Mr. Hyre, and Mrs. Bauer).

ix.  "All enemies, foreign and domestic. And right now you are the enemy, domestic."

b. On or about Friday, April 25, 2025, Mr. Luffman posted a video to his Instagram account in which he stated that Dr. Skertich and public officials cannot feel harassed or intimidated. He also made multiple references to sending Dr. Skertich and by implication other Collinsville CUSD staff to jail.

c. On or about Saturday, April 26, 2025, Mr. Luffman posted a video to his Instagram account with the following phrases in the heading "When this blows open, you're not just going to lose your job – you're going to lose your honey

bums in federal prison, too…. Judgment is coming – and God is still watching."
The video included the following:

    i. The video again started with the song The Game by Motorhead. Luffman says it is his warm up song and he is "warmed up and ready to go."

    ii.     He calls Dr. Skertich multiple names in the video and states he is silly and weak. He says "wait until you get found out" and "you know it's coming quick" in reference to Dr. Skertich. He says Dr. Skertich deserves what he has coming.

    iii.     He references Nazi Germany.

    iv.     He repeatedly references sending everyone (Dr. Skertich and school staff, including Mrs. Bauer and Mr. Hyre) to prison. He states multiple times that they will be in orange jumpsuits.

    v. He calls "everyone" rat asses.

    vi.     He uses vulgar language repeatedly stating "Every stupid fucking thing you said" related to Dr. Skertich and Mrs. Bauer; "you're super fucked"; "To save your pussy asses and you're going down for it. It's coming. You thought yesterday was a strong move, but you did it. Thank you for being stupid. We're gonna see it all go down. I know your stomach is turning and you have a cold sweat."; "Skertich, they're going to fuck you up in jail"; "fuck all you dudes, fuck all you hoes. It's coming motherfuckers".

    vii.     He again references that public officials cannot be harassed and he hopes Petitioners "have a fucking horrible weekend watching my videos and reading my emails. You got fucked, you fucked yourselves."

d. On or about Wednesday, April 30, 2025 Mr. Luffman posted a video to his Instagram account which include the following statement:

    i. "How'd that trespass work for me?  Well we'll see. I think it worked great."

    ii.     "Well I can tell ya', I'll be taking the honey buns, not giving them. But we know that you guys will be giving your honey buns away It's all good. It's hilarious."

    iii.     "Can't stop, won't stop. Relentless.  I keep the pressure on.  The pressure's building. Can ya' hear it. …It's gonna be fun."

Petitioners assert that Mr. Luffman's comments clearly show that he is not contacting them in good faith as a parent or community member. Rather, he is clearly sending communications to harass them.

8. Mr. Luffman posted a video to his YouTube channel recording a conversation with a Collinsville Police Officer regarding the harassment citation that was issued for his

conduct towards Dr. Skertich. He recorded the conversation in violation of the Illinois
Eavesdropping Act, 720 ILCS 5/14-1.

9. District staff have spent approximately 4-6 hours a day managing emails from Mr.
Luffman and working to respond to his FOIA requests. He admitted in multiple
Instagram videos that he is hoping to make District staff emails "nuclear" and blow up
email inboxes with emails and FOIA requests. This is harassing, is costing significant
drain on resources for the District and is an abuse of public information requests.

Mr. Luffman has repeatedly asserted that he is an army veteran. The Petitioners are unaware if he
has access to firearms, but understand that he is well trained in Jiu-Jitsu.
https://jeffreyluffman.com/  He has repeatedly referenced himself as a warrior and his
threatening and aggressive behavior has caused significant safety concerns for Petitioners. Mr.
Luffman's escalating conduct, including physically coming to school property in violation of the
bar notice, is continued and escalating harassment.

Petitioners did not enclose copies of videos or email correspondence with petition due to student
confidentiality issues, but will submit if directed by the Court in order to comply with the Illinois
School Student Records Act.

<u>Relief</u>:

In addition to the relief requested in the Petition, Petitioners also request Mr. Luffman be
prohibited from submitting Freedom of Information Act requests to Collinsville CUSD based on
the above incidents given Mr. Luffman has been submitting repeated FOIA requests to harass
school employees and the District.

Petitioners also request this Court order that Respondent is prohibited from contacting Petitioners
via phone, email or other electronic communication on personal and work email addresses and
phone numbers, be prohibited from contacting District staff and legal counsel in harassing and
repeated manner, and be prohibited from submitting FOIA requests to Collinsville CUSD 10 due
to the above described harassing behavior.

Venue is appropriate in this county because: ☒ the Petitioner resides here; ☒ the Respondent resides here; ☒ one or more acts of the alleged stalking occurred here (check all that apply).

## REMEDIES SECTION (Section 80)

Pursuant to the Stalking No Contact Order Act, the Petitioner seeks the following remedies:

1. ☒ That prohibits the respondent from threatening to commit or committing stalking personally or through third party.

2. ☒ That the Respondent refrain from contact with Petitioner and/or other protected persons in any way, directly, indirectly or through third parties, including but not limited to, phone, written notes, mail, e-mail, or fax.

3. That the Respondent be ordered to stay at least _____100_____ feet away from the Petitioner and/or other protected persons, their residence, school daycare, employment and any other specified place. That Respondent be prohibited from entering or remaining at the Petitioner's and/or other protected persons':

    ☒ place of residence, located at   Not Disclosed _____

    _____

    ☒ place(s) of employment, located at   all Collinsville CUSD 10 school property

    and events wherever located _____

    ☐ school(s) and/or daycare, located at _____

    _____

    ☐ and any of the following specified places, when Petitioner and/or other protected persons are present:

    _____

    _____

4. ☐ That the Respondent be prohibited from possessing a Firearms Owners Identification Card, or possessing or buying firearms.

5. ☒ Other injunctive relief as follows:   See additional attachment for additional

    injunctive relief. _____

    _____

**WHEREFORE,** Petitioner moves the Court to grant the relief requested in this petition.

Page 3 of 5 – Petition for Stalking No Contact Order

**VERIFICATION**

UNDER THE PENALTIES OF PERJURY AS PROVIDED BY LAW PURSUANT TO SECTION 1-109 OF THE
CODE OF CIVIL PROCEDURE, THE UNDERSIGNED CERTIFIES THAT THE STATEMENTS SET FORTH IN
THIS INSTRUMENT ARE TRUE AND CORRECT, EXCEPT AS TO MATTERS HEREIN STATED TO BE ON
INFORMATION AND BELIEF AND AS TO SUCH MATTERS THE UNDERSIGNED CERTIFIES AS AFORESAID
THAT THE UNDERSIGNED VERILY BELIEVES THE SAME TO BE TRUE.

Signature of Petitioner

618 346 6350

Petitioner's Phone Number

Petitioner's Attorney or Petitioner (if not represented by an attorney)

Name: Dana B. Bond

(please print)

Telephone: 618-301-4060

Address: 310 Regency Centre

(please print)

City/State/Zip: Collinsville, IL 62234

(please print)

## DEFINITION OF TERMS USED IN THIS PETITION

1. **Stalking No Contact Order:** an emergency order or plenary order granted under the Stalking No Contact Order Act (the Act), which includes any remedy authorized by 740 ILCS 21/80.

2. **Course of Conduct:** means two or more acts, including but not limited to acts in which a respondent directly, indirectly, or through third parties, by any action, method, device, or means communicates to or about a person, engages in other contact, or interferes with or damages a person's property or pet. A course of conduct may include contact via electronic communications. The incarceration of a person in a penal institution who commits the course of conduct is not a bar to prosecution under this Section.

3. **Emotional distress:** means significant mental suffering, anxiety or alarm.

4. **Contact:** includes any contact with the victim, that is initiated or continued without the victim's consent, or that is in disregard of the victim's expressed desire that the contact be avoided or discontinued, including but not limited to being in the physical presence of the victim; appearing within the sight of the victim; appearing within the sight of the victim; approaching or confronting the victim in a public place or on private property; appearing at the workplace or residence of the victim; entering onto or remaining on property owned, leased, or occupied by the victim.

5. **Petitioner**: means any named petitioner for the stalking no contact order or any named victim of stalking on whose behalf the petition is brought.

6. **Reasonable Person:** means a person in the petitioner's circumstances with the petitioner's knowledge of the respondent and the respondent's prior acts.

7. **Stalking:** means engaging in a course of conduct directed at a specific person, and he or she knows or should know that this course of conduct would cause a reasonable person to fear for his or her safety or the safety or the safety of a third person or suffer emotional distress. Stalking does not include an exercise of the right to free speech or assembly that is otherwise lawful or picketing occurring at the workplace that is otherwise lawful and arises out of a bona fide labor dispute, including any controversy concerning wages, salaries, hours, working conditions or benefits, including health and welfare, sick leave, insurance, and pension or retirement provisions, the making or maintaining of collective bargaining agreements, and the terms to be included in those agreements.

## DEFINITION OF TERMS USED IN THIS PETITION

8. **Stalking No Contact Order:** an emergency order or plenary order granted under the Stalking No Contact Order Act (the Act), which includes any remedy authorized by 740 ILCS 21/80.

9. **Course of Conduct:** means two or more acts, including but not limited to acts in which a respondent directly, indirectly, or through third parties, by any action, method, device, or means communicates to or about a person, engages in other contact, or interferes with or damages a person's property or pet. A course of conduct may include contact via electronic communications. The incarceration of a person in a penal institution who commits the course of conduct is not a bar to prosecution under this Section.

10. **Emotional distress:** means significant mental suffering, anxiety or alarm.

11. **Contact:** includes any contact with the victim, that is initiated or continued without the victim's consent, or that is in disregard of the victim's expressed desire that the contact be avoided or discontinued, including but not limited to being in the physical presence of the victim; appearing within the sight of the victim; appearing within the sight of the victim; approaching or confronting the victim in a public place or on private property; appearing at the workplace or residence of the victim; entering onto or remaining on property owned, leased, or occupied by the victim.

12. **Petitioner:** means any named petitioner for the stalking no contact order or any named victim of stalking on whose behalf the petition is brought.

13. **Reasonable Person:** means a person in the petitioner's circumstances with the petitioner's knowledge of the respondent and the respondent's prior acts.

14. **Stalking:** means engaging in a course of conduct directed at a specific person, and he or she knows or should know that this course of conduct would cause a reasonable person to fear for his or her safety or the safety or the safety of a third person or suffer emotional distress. Stalking does not include an exercise of the right to free speech or assembly that is otherwise lawful or picketing occurring at the workplace that is otherwise lawful and arises out of a bona fide labor dispute, including any controversy concerning wages, salaries, hours, working conditions or benefits, including health and welfare, sick leave, insurance, and pension or retirement provisions, the making or maintaining of collective bargaining agreements, and the terms to be included in those agreements.