IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JEFFREY LUFFMAN,**<br><br>**Plaintiff,**<br><br>v.<br><br>**COLLINSVILLE COMMUNITY UNIT SCHOOL DISTRICT #10, et al.,**<br><br>**Defendants.** | Case No. 25-CV-00842-SPM |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

This matter is before the Court on three pending motions filed by Plaintiff Jeffrey Luffman: a Motion for Leave to Proceed *in forma pauperis* ("IFP") (Doc. 4), a Motion for Service of Process at Government Expense (Doc. 5), and a Motion for Leave to Pay Filing Fee While Maintaining In Forma Pauperis Status for US Marshal Service of Process (Doc. 10). The *pro se* Complaint names 34 Defendants in this action: Collinsville Community Unit School District #10; Brad Skertich, Laura Bauer, Bradley Hyre, Dan Porter, Susan Frechman, Sarah Gafford; School Board Members Soehlke, Peccola, Bronnbauer, Craft, Hasamear, Ruelecke, and Stutts; Collinsville Police Officers Kuelche, Hunt, Lacroy, Edwards, Owen, Moore, Severne, and Foley; School Resource Officer, FOIA Officer Wilke; Marryville Police Officer Leffler, FOIA Officer Jolene Henry; City of Collinsville FOIA Officer Kimberly Wasser; Attorneys Tony Don Santos, David Fahrenkamp, and Michel Wesley; Collinsville School District 10 Legal Counsel Dana Bond and Guin Mundorf LLC; Madison County Illinois States

Attorney Office, Illinois Attorney General's Office Civil Right [sic], Veteran Hiring, ADA Compliance, Public Access Bureau, and FOIA Compliance Officer. (Doc. 3). Luffman now seeks to proceed in this Court without prepayment of the required filing fees and for the Court to order service of process be made by a United States marshal or deputy marshal.

Under 28 U.S.C. § 1915(a)(1), an indigent party may commence a federal court action without paying required costs and fees upon submission of an affidavit asserting the inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and [the] affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Destitution is not required to proceed IFP; an affidavit demonstrating that the plaintiff cannot, because of his poverty, provide himself with the necessities of life is sufficient. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948).

Luffman asserts in his affidavit that he is not employed and has one dependent child. (Doc. 4, p. 2). He asserts that his monthly income is $12,763.29, which includes income from Social Security Disability Insurance, Veteran's Administration Benefits, Combat Related Special Compensation, and Army Retirement. (*Id.*). Luffman states that he has less than $1,000 cash in savings or bank accounts and owns a personal residence. (*Id.*). He asserts that his monthly expenses include his mortgage, utilities, medical expenses, child-related expenses, transportation, and legal fees and prior attorney costs. (*Id.*). Because Luffman did not provide how much each of these expenses cost him per month, it is not clear whether his $12,763.29 monthly income is sufficient to provide him with his necessities. Thus, Luffman has not met his

burden, and this Court is not able to determine whether he is indigent under 28 U.S.C. § 1915(a)(1).

Further, after filing his Motion to Proceed *in forma pauperis* on May 2, 2025 (Doc. 4), Luffman subsequently paid the $405.00 filing fee on May 5, 2025, yet also renews his request to proceed *in forma pauperis* so the Court direct will the U.S. Marshals Service to effectuate service of process on his behalf. (*See* Doc. 10). Upon receipt of his filing fee, it is clear that his request for *in forma pauperis* status with regard to waiver of the prepayment of the filing fee is moot. (Doc. 4). In his Motion for Leave to Pay Filing Fee While Maintaining In Forma Pauperis Status (Doc. 10), Luffman argues that his "current financial circumstances substantially limit his ability to bear additional litigation expenses beyond the initial filing fee, particularly the cost and logistics associated with serving multiple Defendants, including governmental entities." (*Id.*, p. 1). However, Plaintiff Luffman is the master of his Complaint and chose to bring suit against 34 separate Defendants. (*See* Doc. 3); *see also Boim v. Am. Muslims for Palestine*, 9 F.4th 545 (7th Cir. 2021) (citing *Bell v. Hood*, 327 U.S. 678, 681 (1946)). Put another way, permitting Plaintiff Luffman to pay the full filing fee and still obtain the benefits of IFP status would not promote the interests of justice. *See In re Sindram*, 498 U.S. 177, 179 (1991).

Accordingly, this Court **DENIES as moot** Plaintiff Jeffrey Luffman's Motion for Leave to Proceed *in forma pauperis* with respect to prepayment of the filing fees in light of his payment of the filing fee in full on May 5, 2025 (Doc. 4), **DENIES** his Motion for Service of Process at Government Expense (Doc. 5), and **DENIES** his Motion for Leave to Pay Filing Fee While Maintaining In Forma Pauperis Status for

US Marshal Service of Process (Doc. 10).

**IT IS SO ORDERED.**

**DATED:  May 6, 2025**

<u>**s/ *Stephen P. McGlynn***</u>
**STEPHEN P. McGLYNN**
**U.S. District Judge**
