## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

|  |  |
|---|---|
| JEFFREY LUFFMAN, | |
| **Plaintiff,** | |
| v. | **Case No. 25-CV-00842-SPM** |
| COLLINSVILLE COMMUNITY UNIT SCHOOL DISTRICT #10, et al., | |
| **Defendants.** | |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Before the Court is an ex parte Emergency Motion for Temporary Restraining Order and Preliminary Injunction filed by *pro se* Plaintiff Jeffrey Luffman. (Doc. 11). In his Complaint, Luffman purports to brings claims against 34 named Defendants under 42 U.S.C. §§ 1983 and 1985 based on alleged ongoing and conspiratorial civil rights violations committed by multiple public officials, agencies, and law enforcement officers. (Doc. 3, p. 2).[1] In his Emergency Motion for Temporary Restraining Order and Preliminary Injunction, Luffman seeks to restrain Defendants from "further unconstitutional retaliation infringing Plaintiff's First, Second, and

---

[1] Specifically, Luffman names the following Defendants: Collinsville Community Unit School District #10; Brad Skertich, Laura Bauer, Bradley Hyre, Dan Porter, Susan Frechman, Sarah Gafford; School Board Members Soehlke, Peccola, Bronnbauer, Craft, Hasamear, Ruelecke, and Stutts; Collinsville Police Officers Kuelche, Hunt, Lacroy, Edwards, Owen, Moore, Severne, and Foley; School Resource Officer, FOIA Officer Wilke; Marryville Police Officer Leffler, FOIA Officer Jolene Henry; City of Collinsville FOIA Officer Kimberly Wasser; Attorneys Tony Don Santos, David Fahrenkamp, and Michel Wesley; Collinsville School District 10 Legal Counsel Dana Bond and Guin Mundorf LLC; Madison County Illinois States Attorney Office, Illinois Attorney General's Office Civil Right [sic], Veteran Hiring, ADA Compliance, Public Access Bureau, and FOIA Compliance Officer. (Doc. 3).

Fourteenth Amendment rights," and requests this Court to immediately suspend the enforcement of a Madison County "Stalking No Contact Order" and to enjoin Defendants from further retaliatory actions against Plaintiff's allegedly protected activities. (Doc. 11). For the following reasons set forth, the Emergency Motion for Temporary Restraining Order and Preliminary Injunction is **DENIED** to the extent Luffman seeks a Temporary Restraining Order. This Court reserves ruling on Luffman's Motion insofar as he seeks a preliminary injunction.

## RELEVANT FACTS AND PROCEDURAL HISTORY

Luffman filed his Complaint on May 2, 2025, purporting to bring claims under 42 U.S.C. §§ 1983 and 1985. He alleges willing violations of his First, Fourth, and Fourteenth Amendment rights; a joint conspiracy by Collinsville Community Unit School District #10, local and school-based law enforcement, state legal counsel and public records officials, school board members, and private law firms to suppress, retaliate, and cause procedural and reputational harm to him; and misconduct including obstructing public records, interference with his veteran employment rights and access to public programs and educational facilities, retaliatory use of the judicial process and law enforcement against him, and collusion by Defendants to retaliate against his advocacy efforts. (Doc. 3, p. 2). He seeks damages and injunctive relief. (*Id.*).

On May 5, 2025, Luffman filed the instant Emergency Motion for Temporary Restraining Order and Preliminary Injunction. (Doc. 11). In his Motion, Luffman makes new factual assertions not presented in his Complaint, now alleging ongoing retaliation by Defendants for exercising his rights to "freedom of speech, press,

petition, and right to bare [sic] arms." (*Id.*, p. 2). He first alleges that Defendant Officer Edwards appeared at his residence on December 3, 2024, and committed official misconduct and obstruction of justice in violation of Illinois and federal law. (*Id.*). Luffman next asserts that Defendants have issued citations for harassment and criminal trespass and have obtained an allegedly unconstitutional ex parte "Stalking No Contact Order" against him for what he claims are protected speech activities. (*Id.*). He asserts that he operates an independent news media outlet focusing on "government transparency, civil rights, public education accountability, and public advocacy," and that Defendants are attempting to restrict, silence, or chill his protected speech and investigative journalism. (*Id.*, pp. 4–5). Luffman attaches 13 Exhibits to his Motion spanning some 208 pages and including Madison County orders of protection, criminal citations, statements and communications from Collinsville Community Unit School District #10, the Collinsville Police Department, and the Collinsville School Board, as well as email communications between Luffman and his purported former attorney. (*See id.*, p. 7).

## APPLICABLE LEGAL STANDARDS

A preliminary injunction is "an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it." *Finch v. Treto*, 82 F.4th 572, 578 (7th Cir. 2023) (quoting *Cassell v. Snyders*, 990 F.3d 539, 544 (7th Cir. 2021)). The purpose of a preliminary injunction is "preserve the relative positions of the parties until a trial on the merits can be held." *Tully v. Okeson*, 78 F.4th 377, 381 (7th Cir. 2023) (quoting *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981)). The issuance of a preliminary injunction should also "minimize the hardship to the parties

pending final judgment." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988).

Crucially, "[t]he party seeking a preliminary injunction bears the burden of showing that it is warranted." *Finch*, 82 F.4th at 578 (quoting *Speech First, Inc. v. Killeen*, 968 F.3d 628, 637 (7th Cir. 2020)). In the Seventh Circuit, "a district court engages in an analysis that proceeds in two distinct phases to decide whether such relief is warranted: a threshold phase and a balancing phase." *Valencia v. City of Springfield,* 883 F.3d 959, 965 (7th Cir. 2018). In order to proceed beyond the "threshold phase," the party seeking a preliminary injunction must satisfy three requirements via a showing that: "(1) it will suffer irreparable harm in the period before the resolution of its claim; (2) traditional legal remedies are inadequate; and (3) there is some likelihood of success on the merits of the claim." *HH Indianapolis, LLC v. Consol. City of Indianapolis & Cnty. of Marion*, 889 F.3d 432, 437 (7th Cir. 2018); *see also Finch* at 578 (citing *Speech First*, 968 F.3d at 637); *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.").

Additionally, "[i]f it is plain that the party seeking the preliminary injunction has no case on the merits, the injunction should be refused regardless of the balance of harms." *Valencia*, 883 F.3d at 966 (quoting *Green River Bottling Co. v. Green River Corp.*, 997 F.2d 359, 361 (7th Cir. 1993)). "The two most important considerations are likelihood of success on the merits and irreparable harm." *Nken v. Holder*, 556 U.S. 418, 434 (2009). Moreover, regarding the likelihood of success on the merits, "[i]t is

not enough that the chance of success on the merits be 'better than negligible.'" *Id.*
(quoting and disapproving *Sofinet v. INS*, 188 F.3d 703, 707 (7th Cir. 1999)); *see also
Ill. Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020) ("[A]n applicant
for preliminary relief bears a significant burden, even though the Court recognizes
that, at such a preliminary stage, the applicant need not show that it definitely will
win the case. A 'strong' showing thus does not mean proof by a preponderance—once
again, that would spill too far into the ultimate merits for something designed to
protect both the parties and the process while the case is pending. But it normally
includes a demonstration of how the applicant proposes to prove the key elements of
its case.").

If the threshold requirements are met, "the court must balance the equities,
weighing the harm to the moving party if the requested injunction is denied against
the harm to the nonmoving party and the public—including third parties—if it is
granted." *Finch* at 578 (citing *Cassell*, 990 F.3d at 545). In the second phase, "the
court weighs the harm of denying an injunction to the movant against the harm of
granting an injunction to the nonmovant." *Grubhub Inc. v. Relish Labs LLC*, 80 F.4th
835, 844 (7th Cir. 2023). This is accomplished via "a sliding scale—the greater the
movant's likelihood of success on the merits, the less the harms need be in its favor."
*Id.* (citing *Life Spine, Inc. v. Aegis Spine, Inc.*, 8 F.4th 531, 539 (7th Cir. 2021). The
court must also consider the public interest. *Id.*

Additionally, "[t]he Supreme Court has recognized that in some limited
situations, a court may properly issue ex parte orders of brief duration and limited
scope to preserve the status quo pending a hearing." *Am. Can Co. v. Mansukhani*, 742

F.2d 314, 321 (7th Cir. 1984) (citing *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 438–39 (1974); *Carroll v. President of Princess Anne*, 393 U.S. 175, 180 (1968)). That being said, "the circumstances in which an ex parte order should be granted are extremely limited" and "they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Id.* at 321; *id.* at 322 (citing *Granny Goose Foods* at 438–39).

## ANALYSIS

Federal Rule 65(b) is clear that a temporary restraining order will be issued without notice to the other party only if (1) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and (2) "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." FED. R. CIV. P. 65(b). The Seventh Circuit has recognized that "[e]x parte temporary restraining orders are most familiar to courts where notice to the adversary party is impossible either because the identity of the adverse party is unknown or because a known party cannot be located in time for a hearing." *Mansukhani* at 322; *see* FED. R. CIV. P. 65(b).

Even if notice can be provided, an exception is provided for the "very narrow band of cases in which ex parte orders are proper because notice to the defendant would render fruitless the further prosecution of the action." *Mansukhani* at 322 (citing *In re Vuitton et Fils S.A.*, 606 F.2d 1, 5 (2d Cir. 1979)). In *Vuitton*, the Second Circuit granted the plaintiff's motion for temporary restraining order because "it was

highly probable that the [defendant trademark] infringer would dispose of the infringing goods in the few hours before the hearing." *Vuitton* at 5; *see Mansukhani* at 322 (citing *Vuitton* at 5).

Regarding his Motion and request for a temporary restraining order (Doc. 11), Luffman has not met either of the requirements of Federal Rule of Civil Procedure 65(b)(1). Without addressing the question of whether Luffman has properly submitted a verified complaint or affidavit to support his sweeping claims of violations of his constitutional rights, he has failed to provide specific facts showing that "immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," nor has he provided certification as to the efforts made to provide notice and why notice should not be required in these circumstances. *See Vuitton* at 5; *see Mansukhani* at 322 (citing *Vuitton* at 5). Here, as in *Mansukhani*, the Defendants are clearly identifiable, as Plaintiff has been involved in other proceedings with Defendants or otherwise indicated in his Motion that he has contacted or is aware of the identity of the named Defendants. (*See* Doc. 11). Further, Luffman has pursued remedies from the named Defendants extemporaneously to the present suit via other channels, including those available to him by Collinsville Community Unit School District #10, thus demonstrating that his Motion does not fit the exception described in *Mansukhani* in which there is a significant concern that notice to the Defendants would render this case "fruitless." 742 F.2d at 322.

In short, the Court does not find that Luffman has provided sufficient justification for as extraordinary a remedy as an ex parte temporary restraining

order. Therefore, the Court does not reach the merits of his arguments, which will be addressed when the Court rules on his Motion to the extent it seeks preliminary injunctive relief once the Defendants are provided an opportunity to respond. (*See* Doc. 11).

CONCLUSION

For the reasons set forth above, *pro se* Plaintiff Jeffrey Luffman's ex parte Emergency Motion for Temporary Restraining Order and Preliminary Injunction is **DENIED** to the extent it seeks a Temporary Restraining Order. (Doc. 11). This Court RESERVES RULING on the Motion to the extent Luffman seeks preliminary injunctive relief.

**IT IS SO ORDERED.**

**DATED:   May 6, 2025**

*s/ Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**
