IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEFFREY LUFFMAN, | |
| Plaintiff, | |
| v. | Case No. 25-CV-00842-SPM |
| COLLINSVILLE COMMUNITY UNIT SCHOOL DISTRICT #10, et al., | |
| Defendants. | |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

This matter is before the Court for the issue of docket management. Before the Court is a Complaint filed by *pro se* Plaintiff Jeffrey Luffman. (Doc. 3). Luffman purports to brings claims against 34 named Defendants under 42 U.S.C. §§ 1983 and 1985 based on alleged ongoing and conspiratorial civil rights violations committed by multiple public officials, agencies, and law enforcement officers. (Doc. 3, p. 2).[1] This Court now *sua sponte* raises the issue of its own subject-matter jurisdiction to hear Luffman's claims, as well as the issue of whether Luffman's Complaint sufficiently states a claim for relief. As explained below, Luffman is **ORDERED to SHOW**

---

[1] Specifically, Luffman names the following Defendants: Collinsville Community Unit School District #10; Brad Skertich, Laura Bauer, Bradley Hyre, Dan Porter, Susan Frechman, Sarah Gafford; School Board Members Soehlke, Peccola, Bronnbauer, Craft, Hasamear, Ruelecke, and Stutts; Collinsville Police Officers Kuelche, Hunt, Lacroy, Edwards, Owen, Moore, Severne, and Foley; School Resource Officer, FOIA Officer Wilke; Marryville Police Officer Leffler, FOIA Officer Jolene Henry; City of Collinsville FOIA Officer Kimberly Wasser; Attorneys Tony Don Santos, David Fahrenkamp, and Michel Wesley; Collinsville School District 10 Legal Counsel Dana Bond and Guin Mundorf LLC; Madison County Illinois States Attorney Office, Illinois Attorney General's Office Civil Right [sic], Veteran Hiring, ADA Compliance, Public Access Bureau, and FOIA Compliance Officer. (Doc. 3).

**CAUSE** why his case should not be dismissed for lack of subject-matter jurisdiction, for failure to meet the requirements of Federal Rules of Civil Procedure 8 and 10, and failure to properly state a claim upon which this Court may grant him relief.

### RELEVANT FACTS AND PROCEDURAL HISTORY

Luffman filed his Complaint on May 2, 2025, purporting to bring claims under 42 U.S.C. §§ 1983 and 1985. (*See* Doc. 3). He alleges willing violations of his First, Fourth, and Fourteenth Amendment rights; a joint conspiracy by Collinsville Community Unit School District #10, local and school-based law enforcement, state legal counsel and public records officials, school board members, and private law firms to suppress, retaliate, and cause procedural and reputational harm to him; and misconduct including obstructing public records, interference with his veteran employment rights and access to public programs and educational facilities, retaliatory use of the judicial process and law enforcement against him, and collusion by Defendants to retaliate against his advocacy efforts. (*Id.*, p. 2). He seeks damages and injunctive relief. (*Id.*).

On May 5, 2025, Luffman filed an Emergency Motion for Temporary Restraining Order and Preliminary Injunction. (Doc. 11). In this Motion, Luffman brought new factual assertions not presented in his Complaint, alleging ongoing retaliation by Defendants for exercising his rights to "freedom of speech, press, petition, and right to bare [sic] arms." (*Id.*, p. 2). This Court denied Luffman's request for an ex parte Temporary Restraining Order against Defendants, and reserved ruling on his request for a preliminary injunction. (Doc. 13).

## APPLICABLE LEGAL STANDARDS

This Court has an independent duty to ensure that it has subject matter jurisdiction to hear cases brought before it. *Hammes v. AAMCO Transmissions, Inc.*, 33 F.3d 774, 778 (7th Cir. 1994). The Supreme Court has long instructed that "federal courts, as courts of limited jurisdiction, must make their own inquiry to ensure that all statutory requirements are met before exercising jurisdiction." *Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 634 (7th Cir. 2021). Subject matter jurisdiction cannot be waived and may be "raised *sua sponte* by the court at any point in the proceedings." *Hawxhurst v. Pettibone Corp.*, 40 F.3d 175, 179 (7th Cir. 1994). In other words, this court cannot hear this action if it lacks subject matter jurisdiction. Plaintiffs have the burden to prove that subject matter jurisdiction exists. *Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir. 2003) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)).

In addition, a district court has the authority to *sua sponte* dismiss a complaint for failure to state a claim upon which relief may be granted, so long as a sufficient basis for the court's action is apparent from the Plaintiff's pleading. *Eades v. Thompson*, 823 F.2d 1055, 1061 (7th Cir. 1987). The court has the power to dismiss a claim when it appears beyond doubt that the litigant is unable to prove any set of facts that would entitle them to relief. *Apostol v. Landau*, 957 F.2d 339, 343 (7th Cir. 1992) (citing *Ellsworth v. City of Racine*, 774 F.2d 182, 184 (7th Cir. 1985); *Benson v. Cady*, 761 F.2d 335, 338 (7th Cir. 1985)).

Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P.

8(a)(2). Additionally, Rule 8 requires that "[e]ach allegation must be simple, concise, and *direct*." FED. R. CIV. P. 8(d)(1) (emphasis added). Rule 10 further requires "each claim founded on a separate transaction or occurrence . . . be stated in a separate count or defense." FED. R. CIV. P. 10(b). These rules, while not setting a high bar at the pleading stage, do require that plaintiffs abide by them at risk of pleading themselves out of a case. That may occur "where the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct." *Stanard v. Nygren*, 658 F.3d 792, 798 (7th Cir. 2011); *see also Mohammed v. Prairie State Legal Servs., Inc.*, No. 20-2419, 2021 WL 4962988 at *1 (7th Cir. Oct. 26, 2021) ("unintelligibility justifies dismissal."). Further, these rules exist "to give defendants fair notice of the claims against them and the grounds supporting the claims." *Stanard*, 658 F.3d at 797; *see Intercom Ventures, LLC v. FasTV, Inc.*, No. 13 C 232, 2013 WL 2357621 at *5 (N.D. Ill. May 28, 2013) ("First, a complaint must describe the plaintiff's claims and the ground supporting them in 'sufficient detail to give the defendants fair notice' of the claim alleged against them.").

## ANALYSIS

This Court begins with an analysis its subject matter jurisdiction. Luffman's Complaint does not state a basis for this Court's subject matter jurisdiction on its face. While Luffman purports to bring his claims under 42 U.S.C. §§ 1983 and 1985, a provision of federal law which otherwise might invoke the Court's subject matter jurisdiction, a district court may still decline to entertain a complaint "where such a

claim is wholly insubstantial and frivolous." *Ricketts v. Midwest Nat. Bank*, 874 F.2d 1177, 1180 (7th Cir. 1989) (citing *Bell v. Hood*, 327 U.S. 678, 681–82 (1946).

Examining Luffman's Complaint in the light most favorable to him, assuming facts as true, and drawing any reasonable inferences, it is evident that his Complaint fails to state a claim, flouts Federal Rules of Civil Procedure 8 and 10, and appears to assert a host of claims against a cast of Defendants with little to no factual support. To begin, Plaintiff's Complaint fails to follow Rule 8's requirements that he make a short and plain statement for relief and simple, concise, and direct allegations. (*See* Doc. 3). Furthermore, his Complaint fails to comply with Rule 10, as he fails to state each claim in a separate count or occurrence. Luffman's Complaint has four numbered paragraphs containing various bullet points each that allege a wide range of claims, legal conclusions, and violations of various provisions of law. (*See id.*). For instance, in his first paragraph, Luffman alleges First Amendment violations including retaliation for protected speech, press activity, and public petitioning; Fourth Amendment violations for unlawful searches and welfare checks based on retaliatory narratives; and Fourteenth Amendment due process and equal protection violations. (*See id.*). His third paragraph cites violations of the Illinois Freedom of Information Act, various provisions of Illinois state records retention laws, the federal Family Educational Rights and Privacy Act, laws related to veteran's employment rights (it is unclear if these are purportedly based on state or federal law), the Americans with Disabilities Act, and other claims of retaliation, abuse of the legal system, and collusion that do not contain any citation to any provision of law. (S*ee id.*). Plaintiff has thrown together numerous allegations within his paragraphs,

making it difficult for this Court (as well as the Defendants) to ascertain the scope of the allegations being brought.

Moreover, Luffman's Complaint lacks any connections between the claims he purports to bring to many of the named Defendants. For instance, in his second paragraph, he alleges that Defendants, jointly and severally, conspired to act against him, stating that Collinsville Community Unit School District #10, "[l]ocal and school-based law enforcement," "[s]tate legal counsel and public records officials," and "School Board Members and private law firms acting under public authority" all colluded together in this effort. (*See id.*, p. 2). Yet, aside from naming one Defendant by name in this paragraph, this Court, as well as the Defendants, are left to guess as to who Luffman claims is liable for this purported conduct, particularly given that his Complaint appears to name some 34 Defendants.[2] His Complaint wholly fails to mention the basis for suing Attorneys Tony Dos Santos, David Fahrenkamp, and Michael Wesley, as well as the Madison County Illinois States Attorney Office and the Illinois Attorney General's Office.

On top of this, Plaintiff's sweeping allegations lack any factual support beyond the conclusory allegations he makes that Defendants have violated his civil rights. Luffman's Complaint consists essentially entirely of legal conclusions and purported

---

[2] This Court notes that it is not entirely clear the number of named Defendants in this action, based on the drafting of the case caption and lack of clarity in the Complaint as to which Defendants are accused of what conduct. For example, Plaintiff's case caption lists various Defendants in groups of listings; one such listing reads: "Collinsville Police Officer Kuelche, Officer Hunt, Officer Lacroy, Officer Edwards, Officer Owen, Officer Moore, Officer Severne, Officer Foley, School Resource Officer; and FOIA Officer Wilke." (Doc. 3, p. 1). It is not clear, for example, whether Officer Foley is the School Resource Officer, or whether the School Resource Officer is an unnamed individual defendant distinct of Officer Foley or any other named Defendant.

legal violations with no information as to what events, conduct, transactions, or occurrences gave rise to any of these violations, much less when, where, or how they occurred. Even construing Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 11) together with his Complaint, this Court still does not find, drawing all reasonable inferences, that Plaintiff has stated any viable claims. In his Motion, Plaintiff brings new allegations, including violations of his Second Amendment rights, and attaches some 208 pages worth of emails, communications from what appears to be some of the named Defendants, and various court documents and filings. Yet it remains unclear to the Court which Defendants are liable for violations of which particular rights Plaintiff is asserting, and even construing factual allegations in his favor (of which there are few, as most of his Motion contains the same allegations in the form of legal conclusions and mere recitations of provisions of law), he has not stated claims against the Defendants in a way that puts Defendants on notice of what claims are brought nor the scope of those claims.

## Conclusion

For these reasons, the Court finds that the Complaint (Doc. 3) fails to comply with Rule 8 and 10, and, therefore, must be **DISMISSED without prejudice**. Accordingly, all other pending motions are **DENIED as moot** and the deadlines related to them are terminated. *See Venezia v. Robinson*, 16 F.3d 209, 211 (7th Cir. 1994) ("[A] preliminary injunction cannot survive the dismissal of a complaint.").

Luffman is **ORDERED to SHOW CAUSE** in a written response received no later than May 21, 2025 why his case should not be dismissed for lack of subject-

matter jurisdiction. He is also **ORDERED** to file an amended complaint no later than May 21, 2025 that meets the requirements of Federal Rules of Civil Procedure 8 and 10 and properly states a claim upon which this Court may grant him relief. Plaintiff is **WARNED** that failure to file an amended complaint by the deadline shall result in dismissal of this action with prejudice for failure to comply with a court order and for failure to prosecute their claims. *See* FED. R. CIV. P. 41(b); *see also generally James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993) (dismissal for failure to prosecute is presumptively with prejudice).

**IT IS SO ORDERED.**

**DATED: May 7, 2025**

> *s/ Stephen P. McGlynn*
> **STEPHEN P. McGLYNN**
> **U.S. District Judge**