IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**FILED**

**MAY 07 2025**

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLLINOIS
E. ST. LOUIS OFFICE

**Jeffrey Luffman,**
*Plaintiff,*

v.

**Collinsville Community Unit School District #10, et al.,**
*Defendants.*

**Case No.: 25-CV-842-SPM**

---

**PLAINTIFF'S SUPPLEMENTAL MOTION TO INCLUDE GUIN MUNDORF, LLC SCHOOL LAW EMAIL RECORDS IN THE COURT RECORD**

COMES NOW Plaintiff, Jeffrey Luffman, pro se, pursuant to Federal Rules of Civil Procedure, Rule 15(d), respectfully requesting the Court allow Plaintiff to supplement the original record to include email communications previously sent to Guin Mundorf, LLC attorneys and staff.

**SUPPLEMENTAL STATEMENT**

1. Plaintiff has previously filed a comprehensive federal complaint alleging coordinated constitutional violations and retaliation by Defendants.

2. Plaintiff has sent numerous emails and communications to attorneys at Guin Mundorf, LLC—including but not limited to Dana Bond, Brian Mundorf, Cindy Mundorf, Stephanie Guin, and associated attorneys—explicitly informing them of ongoing constitutional violations, ethical breaches, and potential felonies involving Collinsville Community Unit School District #10 and its staff.

3. These emails clearly documented Plaintiff's good-faith attempts to obtain clarification, inform defendants' legal counsel of constitutional and statutory violations, and mitigate escalating retaliation prior to filing the federal action.

4. Emails demonstrate Plaintiff's continuous efforts to prevent harm and provide Defendants ample opportunity to cease unlawful and retaliatory actions prior to the federal complaint and TRO filing.

5. The documented email communications establish clear awareness and complicity by Guin Mundorf attorneys in the retaliatory and unconstitutional

acts against Plaintiff, supporting the claims of intentional misconduct and legal malpractice raised in the original complaint.

6. Plaintiff seeks to supplement the record with these email communications as they are critical evidence demonstrating defendants' and their counsels' prior knowledge, intent, motive, complicity, deliberate indifference, and reckless disregard for Plaintiff's constitutional and statutory rights.

## LEGAL AUTHORITY

- Federal Rule of Civil Procedure 15(d) permits supplemental pleadings setting forth events occurring after the original pleading was filed, particularly when justice requires documenting continuous or ongoing harm.

- Inclusion of these emails will serve justice, provide transparency, clarify defendants' awareness, and establish defendants' motive and pattern of retaliatory behavior.

7. Despite Plaintiff's repeated efforts to engage Guin Mundorf, LLC and other legal representatives of the District in meaningful, lawful dialogue regarding urgent constitutional violations and educational neglect, no substantive response or legal opinion has ever been provided. The only documented legal reaction has been an ex parte Order of Protection, in which Defendants explicitly cite Plaintiff's email communications as the basis for seeking protective relief—asserting that the volume of Plaintiff's correspondence constituted harassment. This filing was not only legally deficient but also retaliatory in nature, targeting Plaintiff for exercising his First Amendment rights to petition the government and advocate for his daughter's federally protected educational rights. The attempt to reframe protected advocacy as a threat, while refusing to engage or respond to valid legal questions, reflects a coordinated effort to suppress parental involvement and obstruct redress through the legal system.

## LEGAL AUTHORITY AND ETHICAL OBLIGATIONS

**Federal Law on Conspiracy to Deprive Civil Rights:**

Plaintiff's allegations against Defendants and their counsel implicate 42 U.S.C. §§ 1983 and 1985, which specifically prohibit conspiracies to interfere with civil rights. Under 42 U.S.C. § 1985(3), a conspiracy exists when two or more persons act in concert to deprive an individual of equal protection of the laws or of equal privileges and immunities under the laws. Emails to and from Guin Mundorf, LLC attorneys

demonstrate an intentional and knowing coordination of actions that have substantially infringed upon Plaintiff's constitutional rights, directly violating these federal protections.

Moreover, 18 U.S.C. § 241 (Conspiracy Against Rights) makes it unlawful for two or more persons to conspire to injure, oppress, threaten, or intimidate any person in the free exercise or enjoyment of any constitutional right or privilege secured by the United States Constitution. The submitted emails establish a factual record supporting a conspiracy, coordinated with clear intent and reckless disregard for Plaintiff's constitutional protections, further evidencing violations of this statute.

**Illinois Ethical Requirements for Lawyers:**

Under the Illinois Rules of Professional Conduct (IRPC), attorneys have specific ethical duties which include, but are not limited to:

- **Rule 3.3 (Candor Toward the Tribunal):** Attorneys must not knowingly make false statements or fail to correct false statements of material fact previously made. Emails sent by Plaintiff to Guin Mundorf attorneys clearly provided factual notice of constitutional violations and misconduct. Failure to act appropriately on this notice demonstrates ethical misconduct under IRPC 3.3.

- **Rule 3.4 (Fairness to Opposing Party and Counsel):** Attorneys are required to act fairly, and must not unlawfully obstruct another party's access to evidence or knowingly assist clients in unlawful conduct. The emails substantiate that Guin Mundorf attorneys had clear knowledge and actively participated in actions obstructing Plaintiff's constitutional rights, potentially assisting in criminal or unethical conduct.

- **Rule 8.4 (Misconduct):** Attorneys are prohibited from engaging in conduct involving dishonesty, fraud, deceit, misrepresentation, or that is prejudicial to the administration of justice. Plaintiff's submitted communications demonstrate attorneys' awareness of serious violations, deliberate indifference, and willful failure to intervene, potentially constituting misconduct under Rule 8.4.

Thus, inclusion of the submitted email communications into the official court record will clearly establish Defendants' and their counsels' intent, motive, complicity, and deliberate indifference in the retaliatory conspiracy against Plaintiff, as prohibited under federal law and Illinois ethical requirements.

**RELIEF REQUESTED**

Plaintiff respectfully requests the Court issue an order granting permission to supplement the record with the following:

- **All emails Plaintiff sent to Guin Mundorf, LLC, including attorneys Brian Mundorf, Cindy Mundorf, Stephanie Guin, Dana Bond, and any other associates involved in this matter from November 2024 through May 2025.**

Plaintiff will promptly provide a detailed Exhibit Index clearly identifying each email communication for ease of reference and review by the Court.

WHEREFORE, Plaintiff respectfully requests this Court grant this Supplemental Motion and allow Plaintiff to officially submit these critical communications into the record of this case.

Respectfully submitted this 7th day of May 2025,

/s/ Jeffrey Luffman
Jeffrey Luffman, Pro Se
212 Camelot Dr.
Collinsville, IL 62234
Phone: (636) 675-4864
Email: jeffrey.luffman@outlook.com

**VERIFICATION**

I, Jeffrey Luffman, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the statements and information contained in this document and attached exhibits are true and correct to the best of my knowledge, information, and belief.

Executed this 5th day of May, 2025.

/s/ Jeffrey Luffman

Jeffrey Luffman
Pro Se Plaintiff
212 Camelot Dr.
Collinsville, IL 62040
(636) 675-4864
jeffrey.luffman@outlook.com

Case No.: 25-CV-842-SPM

## PLAINTIFF'S SUPPLEMENTAL MOTION TO INCLUDE GUIN MUNDORF, LLC SCHOOL LAW EMAIL RECORDS IN THE COURT RECORD

Exhibit Index

**Exhibit A** – Email to Guin Mundorf – Request for Legal Opinion on Evaluation Denial and Parental Exclusion

**Exhibit B** – Email to Guin Mundorf – Challenge to Pre-Hearing Ban and Due Process Violations

**Exhibit C** – Constitutional and Legal Framework Supporting Civil Rights Violations

**Exhibit D** – Investigation Findings – Bullying Complaint Conducted by Administrator Under Federal Investigation

**Exhibit E** – Request for Records and Notice Regarding Medical Evidence, Hearing Loss, and Coordinated Deprivation of Rights