IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

Jeffrey Luffman,
Plaintiff,

v.

Collinsville Community Unit School District #10, Mark Skertich, Laura Bauer, Brad Hyre, Dana Bond, Madison County, Illinois, and Collinsville Police Department, et al.,
Defendants.

Case No: 25-CV-842-SPM

**FILED**
MAY 08 2025
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLLINOIS
E. ST. LOUIS OFFICE

MOTION TO SUPPLEMENT THE EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

NOW COMES the Plaintiff, Jeffrey Luffman, pro se, and respectfully submits this supplement to his Emergency Motion for Temporary Restraining Order and Preliminary Injunction to present newly identified evidence of irreparable harm, financial hardship, procedural irregularities, and institutional misconduct. These harms are ongoing, cannot be remedied by monetary compensation, and pray for immediate injunctive relief.

**Irreparable Harm and Ongoing Injury**

Plaintiff has been wrongfully banned from his daughter's school based on retaliatory and unfounded allegations. This has prevented him from attending school events, interacting with staff, and participating in daily routines—activities essential to maintaining a healthy parent-child bond. This separation has inflicted lasting emotional harm on both Plaintiff and his daughter.

In addition, Plaintiff's reputation has been significantly damaged by the issuance of a baseless criminal trespass citation and an unlawful order of protection. These actions have falsely suggested that Plaintiff poses a threat to his daughter's school community, undermining his credibility as a father and citizen. Such reputational harm cannot be undone by money and continues to affect his standing in both legal and social contexts.

These retaliatory actions constitute violations of Plaintiff's First and Fourteenth Amendment rights, including retaliation against protected speech, denial of due process, and viewpoint discrimination. The deprivation of constitutional rights—even temporarily—meets the standard for irreparable harm under federal law.

Plaintiff has also suffered serious financial harm. He is a 100% permanently and totally disabled veteran, currently enrolled full-time in graduate school, and relies on SSDI and VA

compensation. Legal retaliation has forced Plaintiff to incur attorney fees and court-related costs, which he has financed through student loans. This economic hardship is ongoing and directly caused by Defendants' misconduct.

**Harm from Educational Neglect**

Plaintiff's daughter has a documented history of hearing issues. Medical records dated April 15, 2025, confirm five recorded earaches in her left ear during the 2023 school year, with a history of ear issues extending back over two years. Despite Plaintiff's advocacy, the school district has failed to evaluate her under IDEA or Section 504. This has denied her a Free Appropriate Public Education (FAPE), and further injured Plaintiff's rights as a parent to secure his child's educational needs.

**Public Trust and Institutional Integrity**

When public officials use taxpayer-funded legal counsel to retaliate against parents, block access to public education, and defend unconstitutional conduct, it is not just unlawful—it is a fundamental breach of public trust and fraud. Every hour billed by an attorney to draft retaliatory filings, every dollar spent defending misconduct, is taken from the public's trust in schools, law enforcement, and courts. This misuse of public resources demands transparency and accountability, and judicial intervention is necessary to prevent further erosion of institutional legitimacy.

For the reasons stated herein, Plaintiff respectfully asks this Court to accept this supplement and grant his request for preliminary injunctive relief. The harms to Plaintiff's constitutional rights, financial stability, parental role, and his daughter's educational access are severe, ongoing, and irreversible without court action.

Respectfully submitted

/s/ Jeffrey Luffman

Jeffrey Luffman
Pro Se Plaintiff
212 Camelot Dr.
Collinsville, IL 62040
(636) 675-4864
jeffrey.luffman@outlook.com

Dated: May 8, 2025

**VERIFICATION**

I, Jeffrey Luffman, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the statements and information contained in this document and attached exhibits are true and correct to the best of my knowledge, information, and belief.

Executed this 8th day of May, 2025.

/s/ Jeffrey Luffman

Jeffrey Luffman
Pro Se Plaintiff
212 Camelot Dr.
Collinsville, IL 62040
(636) 675-4864
jeffrey.luffman@outlook.com

**Exhibit Index – Motion to Supplement Emergency TRO**

**Case No.: 25-cv-842-SPM**
**Plaintiff:** Jeffrey Luffman
**Defendants:** Collinsville CUSD #10, et al.

---

### Exhibit N – Financial Affidavit Summary
Plaintiff's financial affidavit submitted in Madison County Case No. 22-DC-325. Demonstrates that Plaintiff's monthly obligations exceed his income. Plaintiff is relying on student loans and financial aid to sustain legal expenses stemming from retaliatory actions by Defendants.

---

### Exhibit O – Procedural Discrepancy in Criminal Trespass Case No. 25-CM-534
The docket lists Officer Charles Mackin as the arresting officer, but Officer Connor Diecker actually issued and signed the citation. Body cam footage has been provided via FOIA for Officers Diecker, Severne, and Edwards. Officer Moore, who was present, has no body cam footage produced, raising questions of documentation and training integrity.

---

### Exhibit P – Complaint to Illinois Attorney General and Oversight Bodies
Outlines Plaintiff's complaint against Laura Bauer for record destruction, OMA and FOIA violations. Includes summary of Assistant Attorney General Matt Goodman's nonresponsive reply, the subsequent complaint filed with OEIG, and the matter now under consideration by the Executive Ethics Commission (EEC).

---

### Exhibit R – Correspondence with ParentSquare Regarding Record Deletion
Plaintiff's April 27–28, 2025 communications to ParentSquare requesting clarification on deleted educational records protected by FERPA, ISSRA, and the Illinois Local Records Act. Highlights lack of response from the company and supports Plaintiff's claims of due process interference and record suppression.

---

### Exhibit S – FOIA Response from Madison County Auditor Regarding Legal Expenditures
May 7, 2025 response from the Auditor's Office stating that no responsive records were found despite known billing between Tony Dos Santos and Dana Bond. Supports claims of

institutional concealment of public expenditures and misuse of taxpayer funds to suppress constitutional rights and support retaliatory legal actions.