IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

Jeffrey Luffman,

Plaintiff,

v.

Defendant List – First Amended Complaint

Luffman v. Collinsville Community Unit School District #10, et al.

Case No. 25-cv-842-SPM

1. Collinsville Community Unit School District #10 (CUSD #10)
   A public school district in Madison County, Illinois. Sued under *Monell* for implementing unlawful customs, practices, and failing to train or supervise employees, resulting in widespread constitutional and statutory violations.

2. Brad Skertich
   Superintendent of CUSD #10. Sued individually and officially for initiating unlawful welfare checks, blocking access to education, retaliation for protected speech, and abuse of legal process via a voided protective order.

3. Laura Bauer
   Principal of Renfro Elementary. Sued individually and officially for deleting protected educational records, denying IDEA evaluations, withholding parental notice, and overseeing unauthorized mental health services.

4. Sarah Gafford, LCSW
   School social worker. Sued individually and officially for providing undocumented social work services to Plaintiff's daughter without consent or legal process, in violation of FERPA, ISSRA, and IDEA.

5. Bradley Hyre
   Assistant Superintendent. Sued individually and officially for unlawfully applying a student discipline statute to ban a parent, denying evaluation rights, and helping facilitate retaliatory administrative action.

6.  Dana Bond

    Legal counsel for CUSD #10 and partner at Guin Mundorf LLC. Sued individually for
    orchestrating and filing an ex parte protective order in retaliation for Plaintiff's FOIA
    requests and speech, in violation of the First and Fourteenth Amendments.

7.  Gary Peccola

    President of the CUSD #10 Board of Education. Sued individually and officially for
    approving an illegal parental ban and signing a retaliatory letter without valid
    justification, statutory authority, or due process.

8.  Scott Soehlke, Michelle Stutts, Diane Hasamear, Jennifer Reulecke, Ann Craft, and
    Megan Bronnbauer

    Board members of CUSD #10. Sued individually and officially for voting to impose an
    unlawful and retaliatory ban on Plaintiff under false pretenses, denying public
    participation, and violating the Open Meetings Act.

9.  Michael Wesley

    Guardian ad Litem appointed in Family Case No. 22-DC-325. Sued under supplemental
    jurisdiction for biased conduct, billing abuses, and misuse of Plaintiff's protected filings
    against him during court proceedings.

10. Tony Dos Santos

    Plaintiff's former attorney. Sued under supplemental jurisdiction for professional
    misconduct, withdrawing without protective measures, and improperly billing for ex
    parte communications.

11. Mark Kuechle

    Lieutenant, Collinsville Police Department. Sued individually for initiating and
    facilitating an unlawful welfare check in cooperation with school officials based on
    retaliatory motives.

12. Officer Hunt and Officer Edwards

    Collinsville PD officers. Sued individually for conducting an unlawful welfare check and
    mishandling service of a void protective order in violation of Plaintiff's Fourth and
    Fourteenth Amendment rights.

13. Deputy Gurley

Madison County Sheriff's Deputy. Sued individually for serving a terminated protective order on May 2, 2025, in violation of Plaintiff's right to due process.

14. Guin Mundorf LLC

Law firm representing CUSD #10. Sued for participating in unconstitutional prior restraint by initiating a unilateral email ban on Plaintiff's communications to public officials, violating his First and Fourteenth Amendment rights.

15. Alison Underwood

CUSD #10 Special Education Coordinator. Sued individually and officially for predetermining denial of Plaintiff's child's IDEA/504 evaluation and participating in misleading internal communications.

16. Christy Way

CUSD #10 staff member. Sued individually and officially for issuing misleading documentation used to block an IDEA evaluation and mischaracterizing Plaintiff's formal request.

17. Latoya Berry-Coleman

Internal investigator. Sued individually for generating an investigative report confirming illegal record destruction and failing to trigger lawful referrals under Illinois law.

18. Judge Patrick McRea *(Named for injunctive relief only)*

Judge of the Madison County Circuit Court. Named in official capacity only for the purposes of injunctive relief to prevent future enforcement of improperly issued ex parte orders without due process.

19. Sheriff Jeff Connor

Madison County Sheriff. Sued in his official capacity for failing to oversee and correct procedural breakdowns in the issuance and service of unlawful court orders.

20. Frank Leffler

School Resource Officer, Maryville Police Department. Sued individually for failing to

act on Plaintiff's February 25, 2025 report of felony record destruction and for neglecting his obligation to preserve student rights under federal and state law.

21. Mark Foley

School Resource Officer, Collinsville Police Department. Sued individually for deliberate inaction and failure to investigate confirmed violations of the Local Records Act and FERPA, after being directly notified by Plaintiff.

22. Unidentified John and Jane Does 1–10

Placeholder for additional school, police, or legal personnel whose identities will be revealed during discovery and who participated in the acts described in the complaint.

Plaintiff Jeffrey Luffman, a pro se litigant and 100% permanently and totally disabled veteran, respectfully submits this First Amended Complaint against the above-named Defendants for repeated, ongoing, and coordinated violations of his constitutional, civil, parental, and disability rights. This action arises under the United States Constitution, federal statutes, and the laws of the State of Illinois, including but not limited to:

1. 42 U.S.C. §§ 1983 and 1985 (civil rights violations and conspiracy);

2. The Americans with Disabilities Act (ADA);

3. Section 504 of the Rehabilitation Act;

4. The Individuals with Disabilities Education Act (IDEA);

5. The Family Educational Rights and Privacy Act (FERPA);

6. The Illinois School Student Records Act (ISSRA);

7. The Illinois Open Meetings Act (OMA);

8. The Illinois Freedom of Information Act (FOIA); and

9. The Illinois Local Records Act.

Defendants, acting under color of state law and in conspiracy, engaged in a sustained pattern of retaliation, exclusion, unlawful surveillance, procedural abuse, and deliberate interference with

Plaintiff's fundamental rights. These violations obstructed Plaintiff's access to his child's education, suppressed his lawful advocacy, and denied his equal participation in public life.

Plaintiff seeks compensatory and punitive damages against all Defendants in their individual capacities where applicable, as well as declaratory and injunctive relief to prevent continued and future violations of law.

## I. JURISDICTION AND VENUE

This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343 for federal questions arising under the Constitution and laws of the United States.

Supplemental jurisdiction over state law claims is proper under 28 U.S.C. § 1367.

Venue is proper in this District under 28 U.S.C. § 1391(b) as the events giving rise to this Complaint occurred in Madison County, Illinois, within the Southern District of Illinois.

## II. PARTIES

Plaintiff JEFFREY LUFFMAN is a resident of Collinsville, Illinois, a 100% permanently and totally disabled U.S. Army veteran, and the biological parent of a minor child enrolled at Renfro Elementary School in Collinsville Community Unit School District #10. Plaintiff is a federally protected individual with disabilities under the Americans with Disabilities Act (ADA) and Section 504 of the Rehabilitation Act. He brings this action pro se, asserting violations of his constitutional, statutory, and parental rights under federal and state law.

Defendant COLLINSVILLE COMMUNITY UNIT SCHOOL DISTRICT #10 ("CUSD #10") is a public school district organized under the laws of the State of Illinois and operating in Madison County. At all times relevant, the district acted under color of state law through its officials, employees, board members, and contractors. CUSD #10 is sued under *Monell* liability for implementing unconstitutional policies, customs, and practices that resulted in retaliation, discrimination, suppression of public records, procedural due process violations, and deprivation of parental rights.

Defendant BRAD SKERTICH is the Superintendent of CUSD #10. He acted under color of state law in both his official and individual capacities. Plaintiff alleges that Skertich initiated an unlawful welfare check, denied evaluation services for Plaintiff's child, enforced an illegal ban

on Plaintiff's school access, and used a void protective order to silence constitutionally protected conduct.

Defendant LAURA BAUER is the Principal of Renfro Elementary School. She acted under color of state law and is alleged to have deleted protected educational records, administered undocumented social work services without consent, and obstructed Plaintiff's participation in his child's education.

Defendant SARAH GAFFORD, LCSW, is a licensed school social worker assigned to Renfro Elementary. She acted under color of state law by providing mental health interventions to Plaintiff's child without parental notice, violating FERPA, ISSRA, and IDEA.

Defendant BRADLEY HYRE is the Assistant Superintendent of CUSD #10. He acted under color of state law by issuing a legally baseless disciplinary letter to Plaintiff under a student-only statute, denying a valid IDEA/504 evaluation request, and concealing procedural violations related to special education.

Defendant DANA BOND is legal counsel to CUSD #10 and a partner at Guin Mundorf LLC. Acting under color of state law, Bond filed an ex parte protective order against Plaintiff based on protected speech and later implemented a district-wide email block, violating Plaintiff's First and Fourteenth Amendment rights.

Defendant GUIN MUNDORF LLC is a law firm contracting with CUSD #10. It acted under color of law by facilitating unconstitutional censorship, abuse of process, and denial of public record access, and is jointly liable for the actions of its attorneys including Dana Bond.

Defendant MICHAEL WESLEY is a court-appointed Guardian ad Litem in Madison County Family Court Case No. 22-DC-325. Acting under color of state law, Wesley engaged in billing misconduct, improperly used Plaintiff's legal filings against him, and failed to maintain neutrality, violating Plaintiff's due process rights.

Defendant TONY DOS SANTOS is a private attorney formerly retained by Plaintiff. Dos Santos acted jointly with state actors under color of law by withdrawing on the same day Plaintiff was banned, failing to take protective steps, and billing for coordination with district counsel involved in the unconstitutional school ban.

Defendant DAVID FAHRENKAMP is an attorney who entered an appearance for Plaintiff in Madison County Family Court after Dos Santos withdrew. Acting in concert with state actors under color of law, Fahrenkamp submitted billing statements that reflected failure to challenge the retaliatory actions of the school district, including the protective order and exclusion from IDEA processes. He is alleged to have contributed to the suppression of legal redress by failing to act on known procedural violations.

Defendant MARK KUECHLE is a Lieutenant with the Collinsville Police Department. Acting under color of state law, Kuechle initiated and forwarded an unlawful welfare check at the request of Superintendent Skertich, without any articulable facts or lawful justification, resulting in the violation of Plaintiff's Fourth and First Amendment rights.

Defendant MARK FOLEY is a School Resource Officer affiliated with the Collinsville Police Department. Foley acted under color of state law by failing to investigate Plaintiff's formal report of felony-level student record destruction, despite having direct notice and a duty to respond under FERPA and Illinois law.

Defendant FRANK LEFFLER is a School Resource Officer with the Maryville Police Department. Leffler acted under color of state law by refusing to take any enforcement action on Plaintiff's February 25, 2025 report regarding educational record destruction and misconduct by district officials.

Defendant OFFICER HUNT is a police officer with the Collinsville Police Department. Hunt acted under color of state law by participating in the improper service of a void protective order after its termination, further depriving Plaintiff of due process.

Defendant OFFICER EDWARDS is a police officer with the Collinsville Police Department. Edwards acted under color of law by conducting an unauthorized welfare check at Plaintiff's residence on December 3, 2024, without probable cause, warrant, or legal basis.

Defendant DEPUTY GURLEY is a Madison County Sheriff's Deputy. Gurley acted under color of state law when he effectuated service of a terminated court order on May 2, 2025—one day after it was vacated—thereby violating Plaintiff's right to due process and contributing to retaliatory misuse of court process.

Defendant ALISON UNDERWOOD is the Special Education Coordinator for CUSD #10. Underwood acted under color of state law when she participated in the denial of Plaintiff's February 27, 2025 request for an IDEA/504 evaluation by coordinating a procedurally improper file review without parental involvement, thereby violating federal special education law and contributing to the deprivation of Plaintiff's parental rights.

Defendant CHRISTY WAY is a staff member employed by CUSD #10. Way acted under color of state law when she issued internal memoranda mischaracterizing Plaintiff's formal evaluation request as a non-evaluative "file review," contributing to the denial of services for Plaintiff's child in violation of the IDEA and Section 504.

Defendant LATOYA BERRY-COLEMAN is an internal investigator for CUSD #10. Berry-Coleman acted under color of state law when she authored an investigative report confirming the unlawful deletion of educational records by Principal Laura Bauer but failed to notify law enforcement or the State Archives, as required by the Illinois Local Records Act, thereby enabling continued retaliation and misconduct.

Defendant JUDGE PATRICK McREA is a judge of the Madison County Circuit Court. Judge McRea is named in his official capacity for injunctive relief only under *Ex parte Young*, as he signed an ex parte protective order on May 1, 2025, without due process, which was used to chill Plaintiff's protected speech and restrict access to public institutions.

III. NATURE OF THE CASE

This case arises from a coordinated and unlawful campaign of retaliation by Collinsville Community Unit School District #10 ("CUSD #10") and its agents to silence, exclude, and punish Plaintiff for engaging in constitutionally protected speech, advocating for his child's educational rights, submitting FOIA requests, and lawfully demanding due process.

The retaliatory actions at issue include, but are not limited to: unlawful destruction of student and public records; denial of IDEA and Section 504 evaluations; unauthorized social work interventions; misuse of law enforcement to initiate an unfounded welfare check; issuance and service of a void ex parte protective order; denial of ADA accommodations; interference with ongoing family court proceedings; a retaliatory trespass citation; and suppression of public participation in school governance.

Plaintiff seeks declaratory and injunctive relief to halt ongoing violations, as well as compensatory and punitive damages against all Defendants responsible for these unlawful acts carried out under color of state law.

IV. FACTUAL ALLEGATIONS (INCORPORATED BY REFERENCE)

Plaintiff hereby incorporates by reference Appendix A – Timeline of Events, which sets forth in chronological order the material facts relevant to this action, spanning the period from November 2024 through May 2025.

Each Count in this Complaint specifically identifies the Defendant(s) involved, the relevant date(s) of conduct, corresponding Exhibits, and the statutory or constitutional provisions violated, as detailed in Appendix A.

V. CLAIMS FOR RELIEF

The following Counts are set forth in modular format by Defendant or action. Each Count incorporates by reference the facts described in Section IV and Appendix A and identifies specific conduct, supporting exhibits, and violations of constitutional, statutory, or regulatory law. Defendants acted under color of state law and, in many instances, in coordination or conspiracy with one another. Plaintiff seeks compensatory, punitive, declaratory, and injunctive relief as appropriate under each Count.

COUNT 1: FIRST AND FOURTEENTH AMENDMENT RETALIATION (Failure to Hire)
Defendant: Laura Bauer
Date(s): November 14, 2024
Conduct: Bauer ignored Plaintiff's application for a Relief Aide position despite his status as a qualified veteran and parent, following protected speech activity.
Exhibits: A1–A2, B–C
Violations: First Amendment (retaliation for protected speech); Fourteenth Amendment (equal protection/veteran and disability discrimination)

COUNT 2: DESTRUCTION OF STUDENT RECORDS IN VIOLATION OF FERPA AND ISSRA
Defendant: Laura Bauer

Date(s): November 20, 2024

Conduct: Bauer admitted deletion of ParentSquare messages constituting protected student records.

Exhibit: D

Violations: FERPA; ISSRA; Illinois Local Records Act; and Fourteenth Amendment (informational due process)

COUNT 3: FAILURE TO REPORT FELONY RECORD DESTRUCTION

Defendants: Brad Skertich, Laura Bauer, Latoya Berry-Coleman

Date(s): January 6, 2025

Conduct: Internal report confirmed illegal record deletion, but no report was made to law enforcement or state authorities.

Exhibit: M

Violations: Illinois Local Records Act; Fourteenth Amendment (due process); 42 U.S.C. § 1983 (deliberate indifference)

COUNT 4: RETALIATORY WELFARE CHECK AND ABUSE OF POLICE AUTHORITY

Defendants: Brad Skertich, Lt. Mark Kuechle, Officers Hunt and Edwards

Date(s): December 3, 2024

Conduct: Skertich initiated an unlawful welfare check based solely on Plaintiff's protected speech.

Exhibits: F, G

Violations: First Amendment (retaliation); Fourth Amendment (unlawful search/seizure); 42 U.S.C. § 1983

COUNT 5: UNLAWFUL SCHOOL BAN WITHOUT DUE PROCESS

Defendants: Brad Skertich, Bradley Hyre, Gary Peccola, CUSD #10 Board Members

Date(s): December 6, 2024 and December 16, 2024

Conduct: Plaintiff banned from school property under a statute meant for student discipline; denied hearing, ADA accommodations, and notice.

Exhibits: H1–H2, J1–J3, K

Violations: Fourteenth Amendment (due process); ADA Title II; 42 U.S.C. § 1983

COUNT 6: ABUSE OF PROCESS VIA EX PARTE ORDER OF PROTECTION

Defendants: Brad Skertich, Dana Bond, , Laura Bauer, Bradley Hyre, Judge Patrick McRea

Date(s): May 1–2, 2025

Conduct: Order of protection filed and served after termination; based on protected speech; misused court process.

Exhibits: V1–V10

Violations: First, Second, and Fourteenth Amendments; Abuse of process (state law claim)

COUNT 7: IDEA/504 VIOLATIONS AND DENIAL OF EVALUATION

Defendants: Brad Skertich, Laura Bauer, Bradley Hyre, Alison Underwood, Christy Way, Sarah Gafford

Date(s): February 27–March 5, 2025

Conduct: Denied Plaintiff's request for evaluation; conducted improper "file review" without parental input.

Exhibits: P, Q1–Q4, R1–R5, S

Violations: IDEA; Section 504; Fourteenth Amendment (procedural due process)

COUNT 8: UNAUTHORIZED MENTAL HEALTH SERVICES WITHOUT PARENTAL CONSENT

Defendants: Laura Bauer, Sarah Gafford

Date(s): December 18, 2024–February 6, 2025

Conduct: Delivered undocumented services to child without parental knowledge or records.

Exhibit: L

Violations: FERPA; ISSRA; IDEA; Fourteenth Amendment (parental rights)

COUNT 9: PRIOR RESTRAINT AND EMAIL CENSORSHIP

Defendants: Dana Bond, Guin Mundorf LLC

Date(s): May 9, 2025

Conduct: Unilateral block of Plaintiff's email access to district officials.

Exhibits: W1–W2

Violations: First Amendment (prior restraint); Fourteenth Amendment (access to government)

COUNT 10: MALPRACTICE AND COLLUSION BY PLAINTIFF'S ATTORNEYS

Defendants: Tony Dos Santos, David Fahrenkamp

Date(s): December 6, 2024–May 2025

Conduct: Withdrawal without protection; failure to challenge unlawful district conduct; collusion with state actors.

Exhibits: H1–H2, U1–U3

Violations: Legal malpractice; 42 U.S.C. § 1983 (joint action doctrine; supplemental jurisdiction)

COUNT 11: BIAS AND BILLING ABUSE BY GUARDIAN AD LITEM

Defendant: Michael Wesley

Date(s): March–April 2025

Conduct: Issued bills to Plaintiff only; used privileged filings to support adverse court actions.

Exhibits: U1–U3

Violations: Fourteenth Amendment (due process); Equal Protection; Illinois ethical obligations

Legal malpractice; 42 U.S.C. § 1983 (joint action doctrine; supplemental jurisdiction)

COUNT 12: FAILURE TO INVESTIGATE AND PROTECT

Defendants: Deputy Gurley, Officer Edwards, Officer Hunt,

Date(s): February–May 2025

Conduct: Ignored Plaintiff's report of criminal record destruction; improperly served void court order.

Exhibits: O, V1–V10

Violations: Fourteenth Amendment (access to law enforcement); 42 U.S.C. § 1983

COUNT 13: MONELL LIABILITY FOR CUSTOM, POLICY, AND FAILURE TO TRAIN

Defendant: Collinsville CUSD #10

Conduct: Maintained unlawful policies and customs that allowed record destruction, retaliation, censorship, denial of special education rights, and misuse of disciplinary and court procedures.

Violations: Monell v. Dept. of Soc. Servs., 436 U.S. 658 (1978); 42 U.S.C. § 1983

COUNT 14: CIVIL CONSPIRACY UNDER 42 U.S.C. § 1985

Defendants: Skertich, Bauer, Hyre, Bond, Kuechle, Hunt, Edwards, Guin Mundorf, Wesley

Conduct: Engaged in a coordinated effort to suppress Plaintiff's speech, deny access to education and courts, and obstruct federal and state protections.

Violations: 42 U.S.C. § 1985(3); First and Fourteenth Amendments

COUNT 15: SUPPRESSION AND DESTRUCTION OF PUBLIC RECORDS

Defendants: Laura Bauer, Brad Skertich, Dana Bond

Conduct: Deletion of ParentSquare threads; failure to preserve records

Exhibits: D, E, M, O, V1–V10

Violations: Illinois FOIA; Illinois Local Records Act; First and Fourteenth Amendments

VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Enter judgment declaring that the conduct of the Defendants violated Plaintiff's rights, his child's rights, and the rights of the public under the United States Constitution, federal statutes, and applicable Illinois law.

2. Grant preliminary and permanent injunctive relief requiring Defendants to restore Plaintiff's access to school property, official communications, and public records, and to enjoin all further acts of retaliation, exclusion, and procedural obstruction.

3. Award compensatory and punitive damages in an amount to be determined at trial for the following harms:

   a. Physical and emotional harm to Plaintiff's child as a result of the denial of special education evaluations and services, undocumented mental health interventions, and failures by school officials to ensure her safety and well-being;

   b. Emotional distress, reputational damage, and financial loss suffered by Plaintiff due to unlawful exclusion from school property, retaliatory legal filings, obstruction of parental rights, and burdens caused by attorney misconduct and state actor collusion;

   c. Broader damage to the public trust, including misuse of taxpayer funds for unconstitutional actions, suppression of public accountability, and systemic failure in the administration of educational and legal duties by Defendants.

4. Order the full restoration, preservation, and disclosure of all public and educational records that were unlawfully deleted, altered, withheld, or suppressed in violation of FERPA, ISSRA, FOIA, and the Illinois Local Records Act.

5.  Appoint pro bono legal counsel to Plaintiff under the Court's authority and pursuant to ADA-related hardship accommodations, considering Plaintiff's 100% permanent and total disability, financial hardship, and the legal and procedural complexity of this case involving multiple agencies, public officials, and overlapping federal claims.

6.  Direct that service of the summons and First Amended Complaint be effectuated by the United States Marshals Service pursuant to Rule 4(c)(3) of the Federal Rules of Civil Procedure, in light of Plaintiff's pro se status, limited resources, the number of Defendants named, and the case's public interest significance and complexity.

7.  Grant such other and further relief as the Court deems just, proper, and equitable under the circumstances.

Respectfully submitted,

Jeffrey Luffman

Plaintiff, Pro Se

jeffrey.luffman@outlook.com

636-675-4864

Date: May 21, 2025

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

Jeffrey Luffman,
Plaintiff,

v.

Collinsville Community Unit School District #10, et al.,
Defendants.

Case No: 25-CV-842-SPM

**APPENDIX A – TIMELINE OF EVENTS**

**Exhibit A: Luffman Relief Aide Application and Cover Letter**

**Event Date:** November 14, 2024
**Description:**
On November 14, 2024, Plaintiff submitted an online application and cover letter for the posted
**Relief Aide – Renfro Elementary** position via Collinsville CUSD #10's AppliTrack portal.
Despite his qualifications as a disabled veteran, paraprofessional training, and status as a parent
of a Renfro student, Plaintiff received no acknowledgment or confirmation from the district. This
unexplained silence later evidences discriminatory and retaliatory motives by school officials.

**Attached as Exhibit A to Appendix A:**

1. **Exhibit A-1:** PDF of the AppliTrack "Online Applicant Summary" page, showing:

   o   Date & time stamp: November 14, 2024

   o   Position title: "Relief Aide – Renfro Elementary"

   o   Applicant name: Jeffrey Luffman

   o   Confirmation number/Application ID

2. **Exhibit A-2:** Plaintiff's cover letter addressed to Collinsville CUSD #10 for the Relief
   Aide position.

Executed this 21th day of May, 2025.

Respectfully submitted

/s/ Jeffrey Luffman

Jeffrey Luffman
Pro Se Plaintiff
212 Camelot Dr.

Collinsville, IL 62040
(636) 675-4864
jeffrey.luffman@outlook.com

*Appedly A Exhibit A1*

## Collinsville Community Unit School District - Employment Application

Home | Employment Application Luffman, Jeffrey | Log Off

# Welcome, Jeffrey Luffman!

 Your Application was submitted on 3/31/2025 5:09:00 AM Central Standard Time.

Your submission history is below.

| Submission History | Date Submitted |
|---|---|
| Support Staff<br>• JobID: 2162 - Special Education Summer School<br><br>Elementary School Teaching<br>• Physical Education<br><br>Support Staff<br>• Educational Assistant<br>• Health Clerk<br>• Relief Aide | 3/31/2025 5:08:54 AM |
| Support Staff<br>• JobID: 2109 - Relief Aide<br><br>Elementary School Teaching<br>• Physical Education | 11/14/2024 2:07:42 PM |

**Activities for you:**


### EDIT
edit your materials


### IMPORT
from another account

If you completed an application with another organization that uses the Frontline Applicant Tracking System, you may import most of your data to Collinsville Community Unit School District.


### PRINT
print your materials

This software or document includes material copied from or derived from Date Picker Dialog Example. Copyright © 2015 W3C® (MIT, ERCIM, Keio, Beihang).

Applicant Tracking
Formerly AppliTrack Recruit & Fit

APPENDIX A EXHIBIT A2

# Jeffrey S Luffman

212 Camelot Dr

Collinsville, IL 62234

Jeffrey.luffman@outlook.com - (636) 6754864

## Contents:

1. Attachment: Cover Letter
2. Attachment: Resume

Prepared for: Lisa Garcia
Collinsville Community Unit School District
Mar 5, 2025 9:53 AM

These documents were assembled by Frontline Education for the exclusive use of the user listed above. Any unauthorized disclosure, distribution or reproduction is prohibited.

Jeff Luffman
212 Camelot Dr.
Collinsville, IL 62234
jeffrey.luffman@outlook.com
11-14-2024

**Hiring Committee**
Collinsville Community Unit School District
313 Camelot Dr
Collinsville, IL 62234

Dear Hiring Committee,

I am writing to express my interest in the [Position Title] at Collinsville Community Unit School District. As a retired Army veteran, Brazilian Jiu-Jitsu instructor, and dedicated father, I bring a unique combination of leadership, resilience, and commitment to community service. Throughout my life, both personally and professionally, I have developed the skills and strength needed to perform with excellence under the most challenging circumstances, making me well-prepared to contribute positively to your school community.

My military background has instilled in me the ability to remain focused and effective under pressure. Leading and mentoring others through high-stakes situations, I learned the value of clear communication, empathy, and the importance of cultivating a positive environment. These qualities, coupled with my experience as a Brazilian Jiu-Jitsu instructor, allow me to connect meaningfully with others, foster discipline, and support growth in students.

My role as a veteran mentor reflects my commitment to service, guiding individuals with respect, patience, and encouragement. These values drive my desire to contribute to my daughter's school community, helping students reach their potential in a supportive and inclusive atmosphere. This position would allow me to prioritize my daughter's educational journey while serving as a positive role model within her school.

Thank you for considering my application. I am excited about the opportunity to bring my dedication, focus, and experience to this role, and I look forward to the chance to discuss how I can contribute to your school district's mission.

Warm regards,
Jeff Luffman

**Jeffrey Luffman**
Administrator | Brazilian Jiu-Jitsu Instructor & Competitor | Veteran Mentor
212 Camelot Dr., Collinsville, IL 62234
Cell: 636-675-4864
Email: jeffrey.luffman@outlook.com
LinkedIn: linkedin.com/in/jefffreetv
Website: jeffreyluffman.com

## Objective

To secure a Relief Aide position at Collinsville Community Unit School District, where I can utilize my extensive experience in mentorship, community service, and educational guidance to support students' well-being and success. My background in health systems leadership, martial arts training, and public service uniquely positions me to foster a positive, disciplined, and supportive learning environment.

## Professional Experience
### Brazilian Jiu-Jitsu Instructor
North Broadway Jiu-Jitsu – St. Louis, MO
*Responsibilities:*
- Led group and individual training sessions, focusing on discipline, respect, and perseverance.
- Developed personalized training programs for students of all ages, creating a supportive and inclusive atmosphere.
- Emphasized safety protocols to maintain a secure environment for all participants.

*Achievements:*
- Coached students for competitive success, contributing to several wins in regional tournaments.
- Recognized as a Grand Slam Champion at the St. Louis Fuji Classic and achieved 3rd place in the 2024 IBJJF World Masters competition.

### Veteran Mentor
Madison County Illinois Veterans Treatment Court
- Provided mentorship to veterans, emphasizing accountability, personal growth, and discipline.
- Supported veterans in navigating the court system and adjusting to civilian life, using personal experience to inspire resilience and positive change.

### United States Army – Various Leadership Roles
April 2007 – June 2016
- Directed emergency management operations, coordinated with multi-agency teams, and mentored over 900 personnel as Chief Operating Officer.
- Oversaw day-to-day administrative functions, training, and welfare of personnel, achieving high retention and graduation rates.
- Served as a Medical Operations Officer, leading a team of combat medics and coordinating disaster response with FEMA.

## Education
- **Master of Public Administration** – University of Missouri-St. Louis

1

- **Bachelor of Public Administration** – University of Missouri-St. Louis, Cum Laude
- **Bachelor of Science in Health and Physical Education** – Cameron University
- **Master of Science in Artificial Intelligence in Business (In Progress)** – Maryville University

**Awards**
- **Bronze Star Medal**
- **Meritorious Service Medal**
- **Army Commendation Medal** (7th award)
- **Army Achievement Medal** (3rd award)
- **Good Conduct Medal** (2nd award)
- **NCO Professional Development Ribbon** (2nd award)
- **Global War on Terrorism Expeditionary Medal**
- **Global War on Terrorism Service Medal**
- **Iraq Campaign Medal** with three campaign stars
- **Superior Unit Award**
- **Kosovo Campaign Medal** with Bronze Star
- **NATO Medal**
- **Expert Field Medical Badge**
- **Parachutist Badge**
- **University of Missouri-St. Louis Martin Luther King Scholarship for Academic Excellence and Community Service (2022)**
- **University of Missouri-St. Louis Dean's List** (Summer 2022 through Summer 2024)

**Skills**
- Strong mentorship and guidance skills, with a focus on personal development and resilience.
- Comprehensive understanding of health and wellness, incorporating physical discipline through martial arts.
- Veteran advocacy and community engagement experience, emphasizing accountability and positive reinforcement.

2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

Jeffrey Luffman,
Plaintiff,

v.

Collinsville Community Unit School District #10, et al.,
Defendants.

Case No: 25-CV-842-SPM

APPENDIX A – TIMELINE OF EVENTS
EXHIBIT B – HIRING DOCUMENTS PRODUCED BY FOIA REQUEST FOR RELIEF AIDE
POSTION

On August 8, 2024, an internal Renfro Elementary memorandum records that the selection for the Relief Aide position had already been made due to a recommendation by Renfro Elementary School Principal Laura Bauer. No public posting preceded that decision, and the memo makes clear that no veteran preference was applied.

On November 14, 2024, Plaintiff submitted his online application and accompanying cover letter for the Relief Aide position via the district's AppliTrack portal. As a 100% disabled veteran, trained paraprofessional, and parent of a Renfro student, he nonetheless received no acknowledgement or confirmation from Collinsville CUSD #10.

On November 25, 2024, the same day the application period closed, Plaintiff filed his original complaint with CUSD #10 setting forth violations of FERPA, ISSRA, the Illinois Open Meetings Act, and the ADA.

The August 8 memorandum proves the hiring decision preceded any genuine vacancy announcement, rendering the public posting a mere formality. No structured application review, interview panel, scoring matrix, or documented ranking ever took place. Under federal law (38 U.S.C. §§ 4301 et seq.) and Illinois law (330 ILCS 55/0.01 et seq.), qualified veterans must receive hiring preference in public-sector employment. Collinsville CUSD #10 applied neither USERRA's reemployment protections nor the State's veteran preference points to Plaintiff's candidacy.

That failure to consider Plaintiff's application, combined with the timing of his advocacy and the sham hiring process, supports an inference of both disparate treatment based on veteran status and retaliatory motive.

Executed this 21th day of May, 2025.

Respectfully submitted

/s/ Jeffrey Luffman

Jeffrey Luffman
Pro Se Plaintiff
212 Camelot Dr.
Collinsville, IL 62040
(636) 675-4864
jeffrey.luffman@outlook.com

*Jazmyn Rivera*

## COLLINSVILLE COMMUNITY UNIT DISTRICT NO. 10

November 14, 2024                                                      Job #2109

---

### NON-CERTIFIED EMPLOYEE
### VACANCY FOR RELIEF AIDE
### RENFRO ELEMENTARY SCHOOL
### 2024-2025

---

| | |
|---|---|
| Work Day: | 4.75 hours per day |
| Work Year: | When students are in attendance |
| Rate of Pay: | $15.25 per hour |

Requirements:
1. Must be high school graduate or equivalent

Job Duties:
1. Supervise students during recess periods in the morning, noon, and afternoon.
2. May supervise students in the library. May check out books to students and generally straighten up the library so that it is organized. This does not include record keeping and ordering books.
3. May run off materials and do copy work for PTA functions and activities.
4. May cut out materials/lettering and put up work in the hallways and on bulletin boards but not in the classrooms.
5. May answer the phone when secretaries are called away from their office responsibilities for a short period of time because of some unexpected emergency.
6. May help with students' supervision in the cafeterias, bathroom and hallways of the building.

Candidates should apply online before 4:00 P.M.,
November 21, 2024, or until filled

http://www.applitrack.com/ccusd10/onlineapp/

Collinsville Community Unit 10
201 West Clay Street
Collinsville, IL  62234

lg

*Jazmyn Rivera*
*Transferred to*
*2.5*

← →

*Concepsion*
*Transferred to*
*4.75*

*(Jazmyn withdrew Resignation)*



**COLLINSVILLE COMMUNITY UNIT DISTRICT #10**
201 WEST CLAY STREET • COLLINSVILLE, IL • 62234
WWW.KAHOKS.ORG • PHONE: 618.346.6350 • FAX: 618.346.6357

TO:        Dr. Brad Skertich, Superintendent

FROM:      Laura Bauer, Principal

DATE:      November 18, 2024

RE:        RECOMMENDATION FOR EMPLOYMENT

Jazmyn Rivera is currently a 4.75 hour relief aide. She is working another job for more money. She would like to transfer to the 2.5 hour relief aide position so that she can get more sleep. .

Jazmyn is a hard worker who connects really well with the students. She works well with her colleagues and is punctual.

Consequently, I recommend the transfer of Jazmyn Rivera to the position of **2.5 hour relief aide** at **Renfro** Elementary effective on **November 25, 2024** of the 2024-2025 school year.  Jazmyn is replacing Concepcion who is taking the 4.75  hour position.



**COLLINSVILLE COMMUNITY UNIT DISTRICT #10**
201 WEST CLAY STREET • COLLINSVILLE, IL • 62234
WWW.KAHOKS.ORG • PHONE: 618.346.6350 • FAX: 618.346.6357

TO:        Dr. Brad Skertich, Superintendent

FROM:      Laura Bauer, Principal

DATE:      August 8, 2024

RE:        RECOMMENDATION FOR EMPLOYMENT

Concepcion Oseguera Cuevas is currently a 2.5 hour relief aide. She expressed interest in becoming a 4.75 hour relief aide when she learned of Jazmyn Rivera's resignation.

Concepcion is reliable and has a strong work ethic. She has a calm demeanor and works with the students well. She is able to de-escalate students with her quiet and still personality. She gets along well with her colleagues and is a team player.

Consequently, I recommend the transfer of **Concepcion Oseguera-Cuevas** to the position of **4.75 hour relief aide** at **Renfro** Elementary effective on **November 25, 2024** of the 2024-2025 school year. Conception is replacing Jazymn Rivera who is resigning.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

Jeffrey Luffman,
Plaintiff,

v.

Collinsville Community Unit School District #10, et al.,
Defendants.

Case No: 25-CV-842-SPM

APPENDIX A – TIMELINE OF EVENTS
EXHIBIT C – Email from Principal Laura Bauer to Human Resources Regarding Jasmin Rivera

On December 9, 2024, Principal Bauer emailed Kevin Robinson to report on her repeated, unsuccessful efforts to contact Jazmyn Rivera, the internal candidate the August 8 hiring memo had recommended for the Relief Aide position. Bauer explained that she had reached out to Rivera at least five times by email, text, and phone and even notified Rivera's mother, Kim Vasquez, yet Rivera never provided a resignation letter or any confirmation of her intent to accept the transfer. Rivera had not shown up for work in over a week.

This email directly undercuts the district's claim—embodied in the August 8 memo—that Rivera was a ready and willing internal hire. No formal resignation or acceptance was ever tendered, and Rivera's lack of response left the position effectively vacant. At the same time, qualified external applicants (including Plaintiff) received no consideration. The mismatch between the district's internal recommendation and Rivera's actual failure to report demonstrates that the "internal" appointment was never consummated, confirming that the subsequent public posting was a mere formality.

For these reasons, this correspondence is attached as **Exhibit C to Appendix A**, and it further evidences the non-existent veteran preference process, the absence of a bona fide internal hire, and the retaliatory discrimination underlying Plaintiff's excluded application with public records manipulation.

Executed this 21th day of May, 2025.

Respectfully submitted

/s/ Jeffrey Luffman

Jeffrey Luffman
Pro Se Plaintiff
212 Camelot Dr.
Collinsville, IL 62040

(636) 675-4864
jeffrey.luffman@outlook.com

*Appendix A* — Exhibit C

Exhibit #2

 Google

Kevin Robinson <krobinso@cusd.kahoks.org>

## Jazmyn Rivera
1 message

**Laura Bauer** <lbauer@cusd.kahoks.org>                                    Mon, Dec 9, 2024 at 11:31 AM
To: Kevin Robinson <krobinso@cusd.kahoks.org>

I have reached out to Jazmyn Rivera on at least five separate occasions through email, text and/or phone call.
I emailed her mom, Kim Vasquez who said she'd let her her know that I'm trying to reach her.

She has not shown up for work in over a week.


--
Laura Bauer
Principal
John A. Renfro Elementary School
311 Camelot Dr.
Collinsville, IL 62234

618 346 6265


This transmission is intended and restricted for use by the above addressee only. It may contain confidential and/or
privileged information exempt from disclosure under federal or state law. In the event some other person or entity receives
this transmission, said recipient is hereby notified that any dissemination, distribution, or duplication of this transmission or
its contents is prohibited. If you received this transmission in error, please call us immediately at 618-346-6350. Delete the
file from your system and destroy any hard copies of this transmission. Thank you.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

Jeffrey Luffman,
Plaintiff,

v.

Collinsville Community Unit School District #10, et al.,
Defendants.

Case No: 25-CV-842-SPM

APPENDIX A – TIMELINE OF EVENTS

Exhibit D – Principal Bauer Email on Deleted Education Records

Document Title: "Re: Health Information" (November 20, 2024)
From: Laura Bauer lbauer@cusd.kahoks.org
To: Jeffrey Luffman jeffrey.luffman@outlook.com

APPENDIX A – TIMELINE OF EVENTS
Exhibit D – Principal Bauer Email on Deleted Health Records

Document Title: "Re: Health Information" (November 20, 2024)
From: Laura Bauer lbauer@cusd.kahoks.org
To: Jeffrey Luffman jeffrey.luffman@outlook.com

Summary of Content:
Principal Bauer acknowledges in writing that the ParentSquare communication thread reported deleted by Plaintiff cannot be recovered by the district or by ParentSquare technical support. She further states that going forward, any nurse-initiated notifications concerning Plaintiff's child will be made to both parents via phone.

Legal Significance:
This communication is direct evidence of the permanent destruction of student-related records that were required by law to be preserved. Plaintiff had previously informed district officials that he was using these communications to document his involvement for use in an ongoing custody proceeding in Madison County, Illinois (Case No. 22-DC-325). The district had a legal duty to preserve these records and failed to do so after receiving actual notice of their relevance to pending and foreseeable litigation.

Under Federal Rule of Civil Procedure 37(e), the destruction of electronically stored information (ESI) that should have been preserved constitutes spoliation. Where a party fails to take reasonable steps to preserve such data and it cannot be restored or replaced, the Court may order

remedies to cure the prejudice. If the deletion was intentional, the Court may presume the lost information was unfavorable, strike defenses, or enter judgment.

Illinois also recognizes a cause of action for intentional spoliation. In Upchurch v. Kovacs, 215 Ill. 2d 48, 828 N.E.2d 42 (2005), the Illinois Supreme Court held that a party who has a duty to preserve evidence and willfully destroys it may be liable for resulting damages. That duty arises when litigation is pending or reasonably foreseeable, as it clearly was here.

The Illinois Local Records Act (50 ILCS 205/4) prohibits the unauthorized destruction of public records, including digital communications by public school employees. Violations may constitute a felony offense. Additionally, both FERPA (20 U.S.C. § 1232g) and the Illinois School Student Records Act (ISSRA, 105 ILCS 10/6) impose binding requirements to retain, preserve, and provide access to education records. The Illinois School Code (105 ILCS 5/10-20.12) mandates prompt parental notification in health-related matters, and the Illinois Administrative Code (23 Ill. Admin. Code Part 1) implements these obligations at the agency level, including minimum retention periods and access protocols.

By deleting records after Plaintiff informed the district of their evidentiary use in both civil rights and family court proceedings, the district not only violated its legal obligations but also triggered spoliation sanctions and potential civil liability under federal and state law.

Legal Significance:
This email constitutes direct evidence of willful destruction and permanent loss of educational records that the district was required to retain and provide under multiple laws:

- Illinois Local Records Act (50 ILCS 205/1 et seq.) mandates preservation of all public records—including school emails and digital communications—under penalty of felony for unauthorized destruction.

- Family Educational Rights and Privacy Act (FERPA, 20 U.S.C. § 1232g; 34 C.F.R. Part 99) guarantees parents the right to inspect and review "education records" and prohibits district-initiated destruction of those records without proper notice, consent, and a documented record-retention schedule.

- Illinois School Student Records Act (ISSRA, 105 ILCS 10/1 et seq.) imposes parallel state obligations to maintain, preserve, and grant parental access to student records; any deletion is actionable under state law.

- Illinois School Code (105 ILCS 5/10-20.12) requires schools to notify parents promptly of health and medical incidents affecting their child; failure to do so and subsequent loss of documentation both violate mandatory notification duties.

- Illinois Administrative Code (23 Ill. Adm. Code Part 1: Student Records) implements ISSRA and FERPA at the state level, prescribing specific retention schedules, access procedures, and parental-notification requirements.

Attached as Exhibit D to Appendix A:

The November 20, 2024 email from Principal Bauer, tabbed and labeled "Exhibit D to Appendix A."

Executed this 21th day of May, 2025.

Respectfully submitted

/s/ Jeffrey Luffman

Jeffrey Luffman
Pro Se Plaintiff
212 Camelot Dr.
Collinsville, IL 62040
(636) 675-4864
jeffrey.luffman@outlook.com

**From:** Jeffrey Luffman <jeffrey.luffman@outlook.com>
**Sent:** Wednesday, November 20, 2024 3:15:53 PM
**To:** Laura Bauer <lbauer@cusd.kahoks.org>
**Subject:** Re: Health Information

Mrs Bauer. Can you please explain what happened? Who made the decision to delete the public records and why?

Jeff Luffman
9123187505
6366754864
jeffrey.luffman@outlook.com

---

**From:** Laura Bauer <lbauer@cusd.kahoks.org>
**Sent:** Wednesday, November 20, 2024 3:04:30 PM
**To:** Jeffrey Luffman <jeffrey.luffman@outlook.com>
**Subject:** Re: Health Information

Mr. Luffman,

Futuristically, if ▉▉▉ requires notification to a parent from the nurse, we will call both parents.

As far as the Parent Square thread that was deleted, we do not have access to that information any longer. I called to speak with tech support today at Parent Square, as well, and they no longer have a record of the messages either.

Laura Bauer

On Wed, Nov 20, 2024 at 11:34 AM Jeffrey Luffman <jeffrey.luffman@outlook.com> wrote:
> Mrs. Bauer. That's helpful.  Thank you for answering that question. I also asked about reporting Daisey health information to me in a timely manner.
>
> I'm asking that if ▉▉▉ is sick or injured at school and requires notification by the nurse to a parent that you notify both parents. Is that acceptable?
> I understand that that answer might take longer. Could you please acknowledge that I asked?
> Thank you
>
> Jeff Luffman
> 9123187505
> 6366754864
> jeffrey.luffman@outlook.com

1 of 2

 Outlook

---

## Re: Health Information

**From** Jeffrey Luffman <jeffrey.luffman@outlook.com>
**Date** Sat 11/23/2024 4:30 AM
**To** Laura Bauer <lbauer@cusd.kahoks.org>

Mrs Bauer. This is a follow up to our phone conversation. Even though we talked, I am still not completely clear what you decided to delete the group chat between me mom and Mrs Rader.

If you remember at our last parent meeting I specifically said I would use the app to document my interactions with my child.

I'm also certain you've known about our court case since my initial email with you last July.

Could you help me understand in your opinion in this email your specific reason for deleting the chat?

What parent Square app terms and conditions or school policy did you go by to make your decision?

Did mom ask you to delete the group chat?

I appreciate you willingness to discuss these issues. Can we please document this in this email as well?

Thank you

Jeffrey Luffman
9123187505
6366754864

---

**From:** Jeffrey Luffman <jeffrey.luffman@outlook.com>
**Sent:** Thursday, November 21, 2024 1:55:14 PM
**To:** Laura Bauer <lbauer@cusd.kahoks.org>
**Subject:** Re: Health Information

This is a follow up.

Can you please explain what happened? Who made the decision to delete the public records and why?

Jeff Luffman
9123187505
6366754864
jeffrey.luffman@outlook.com

2 of 2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

Jeffrey Luffman,
Plaintiff,

v.

Collinsville Community Unit School District #10, et al.,
Defendants.

Case No: 25-CV-842-SPM

APPENDIX A – TIMELINE OF EVENTS
Exhibit E – Plaintiff's Written Complaint Submitted via ParentSquare

Event Date: November 25, 2024

Summary of Content:
On November 25, 2024, Plaintiff submitted an official written complaint to Collinsville CUSD #10 through the district's ParentSquare platform. The complaint was addressed to Superintendent Brad Skertich and identified serious legal and procedural violations occurring at Renfro Elementary. Plaintiff identified himself as the father of a child at Renfro Elementary, a current student at Renfro, and outlined four primary allegations:

1. Deletion of Group Chat Records
   Plaintiff reported that school officials had deleted a group chat on ParentSquare between himself, the child's teacher, and the child's mother. This deletion violated public records retention laws and the platform's own terms of use, which require proper management and archiving of communications.

Laws Cited by Plaintiff:

- Local Records Act (50 ILCS 205/3)

- Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232g

- Illinois School Student Records Act (ISSRA), 105 ILCS 10/1 et seq.

- ParentSquare platform's terms of use regarding communication retention

2. Lack of Timely Health Communication
   Plaintiff stated he was not informed in a timely manner regarding health-related issues concerning his daughter, including incidents of injury and illness, which impeded his parental decision-making and right to be involved in her care.

3. Improper Handling of Vomiting Incident (November 21, 2024)
   Plaintiff documented that although the school's public health policy was posted by Mrs.

Rader on November 20, stating that vomiting students should remain home, his daughter
vomited the next day (November 21) yet was permitted to remain in school and attend
aftercare—apparently at the direction of the child's mother. Plaintiff questioned the
school's failure to follow its own health policies.

4.  Unequal Parent Communication
    Plaintiff alleged that the school routinely provided critical information to the child's
    mother while excluding him, violating his right to equal access and involvement as a
    legal parent.

Legal Significance:
This complaint, submitted prior to the district's retaliatory ban, directly placed the school on
notice of multiple statutory violations. The complaint triggered the district's duty to investigate,
preserve related communications, and comply with laws requiring equal parental access and
student record retention. The complaint also becomes a foundational record for establishing the
timeline of events, legal notice, and the retaliatory context in which the district's later actions
occurred.

Attached as Exhibit E to Appendix A:
Email transcript of the ParentSquare message submitted by Plaintiff on November 25, 2024,
titled "Official Complaint – Renfro Elementary," addressed to Superintendent Brad Skertich and
transmitted from jeffrey.luffman@outlook.com via the ParentSquare platform.

Executed this 21th day of May, 2025.

Respectfully submitted

/s/ Jeffrey Luffman

Jeffrey Luffman
Pro Se Plaintiff
212 Camelot Dr.
Collinsville, IL 62040
(636) 675-4864
jeffrey.luffman@outlook.com

*Appendix A Exhibit E*

## Complaint

**noreply@smartsites.parentsquare.com Jeffrey Luffman**

To: jeffrey.luffman@outlook.com
To: bskertich@cusd.kahoks.org

Monday, November 25, 2024 at 7:09:31 AM Central
Standard Time

### *ATTENTION:*

*The following message was sent via a form on the Collinsville Community Unit School District #10 website, which is hosted by ParentSquare. ParentSquare is not responsible for its contents and assumes no liability for this message.*

From: Jeffrey Luffman (jeffrey.luffman@outlook.com)
Phone: 6366754864
Message:
Mr. Skertich,

I am ███████ Luffman's father who is a student at Renfro Elementary. I am filing an official complaint. Here is a list of my issues.

1. Deletion of Group Chat Records

The principal or school staff deleted records of a group chat between myself, my child's teacher, and the other parent. This group chat contained critical communication about my child's education and health. The deletion of these records was not only a violation of public records laws but also against the terms and conditions of the ParentSquare app, which requires proper retention of communications conducted through the platform.

Laws Violated:

Local Records Act (50 ILCS 205/3): Prohibits the destruction of public records without proper authorization.

FERPA (20 U.S.C. § 1232g): Grants parents the right to access their child's educational records, including relevant communications.

Illinois School Student Records Act (ISSRA, 105 ILCS 10/1): Requires schools to maintain and provide parental access to educational records.

ParentSquare App Terms and Conditions: Records and communications conducted through the platform must be appropriately managed and retained.

2. Lack of Timely Communication About Health Issues

I was not informed in a timely manner about my child's health issues while at school, including injuries and sickness, which interfered with my ability to make informed decisions about her care.

3. Mishandling of Vomiting Incident on Friday, November 21, 2024

On November 20, 2024, Mrs. Rader posted the school's policy on the ParentSquare app, which stated that children who are vomiting should not be at school. Despite this, my daughter vomited on November 21, 2024, but completed the school day and attended aftercare at the request of her mother. This violated the school's health policy and potentially exposed others to illness. I request a review of the school's handling of this incident and why the policy was not followed at the mother's request.

4. Unequal Communication with Parents

The school has consistently shared information about my child with the other parent but failed to provide the same information to me.

Laws Violated:

1 of 3

FERPA (20 U.S.C. § 1232g): Ensures equal access to educational records for both parents unless restricted by a court order.

ISSRA (105 ILCS 10/1): Prohibits withholding records from a parent without explicit court authorization.

5. Principal Asking Me Not to Contact Teacher

The principal instructed me not to contact my child's teacher, limiting my ability to stay informed about my child's academic progress and well-being.

Laws Violated:

FERPA (20 U.S.C. § 1232g): Prevents schools from limiting a parent's access to their child's education-related information without a legal basis.

ISSRA (105 ILCS 10/1): Parents must have access to communications relevant to their child's education.

6. Public Records Transparency

The school failed to comply with the Illinois Freedom of Information Act (FOIA) and related public records requirements by:

Deleting public records (the group chat).
Failing to provide clear documentation regarding communications related to my child.
Laws Violated:

Freedom of Information Act (5 ILCS 140): Requires schools and other public entities to retain and provide access to public records upon request.

Local Records Act (50 ILCS 205/3): Mandates that public records cannot be destroyed without proper authorization.

7. Unfair Treatment Regarding Field Trip Participation

I submitted a completed field trip form in a timely manner, but I was told the teacher would draw names to determine which parents could chaperone. Despite this process, the other parent was allowed to attend the field trip.

Laws Violated:

FERPA (20 U.S.C. § 1232g): Requires transparency and equal treatment in educational activities involving parental participation.
Illinois Equal Access Laws: Mandate equal opportunities for both parents unless restricted by a court order.

8. Unsafe Emergency Drill Procedures for Stranger Entry

During a safety drill conducted by the YMCA Aftercare in the school cafeteria, my child reported that she was instructed to hide in the bathroom in the event of a stranger entering the building. I am concerned about the appropriateness of this protocol, particularly whether all children, including my daughter, were directed to hide in the bathroom. Were all children at the aftercare required to hide in the bathroom together? I request a review of these procedures to ensure they meet safety standards and that my daughter specifically was not given instructions that unnecessarily heightened her risk or anxiety.

Policies Violated:

Illinois School Safety Drill Act (105 ILCS 128/15): Requires schools and aftercare programs to implement safe and practical emergency response drills.

Duty of Care: Schools and aftercare programs must ensure student safety during emergencies.

9. Atmosphere of Bias or Discrimination

The school has demonstrated a pattern of bias by favoring the other parent in communications and decisions while restricting my access to information and involvement in my child's education.

Laws Violated:

2 of 3

FERPA (20 U.S.C. § 1232g): Requires equal treatment of both parents in providing access to educational records.

Illinois Equal Access Laws: Guarantee equal rights to both parents under custody agreements unless restricted by a court.

Thanks for your acknowledgment of this message.

Jeff

---------------------SUBMITTED FROM---------------------

IP address: 38.132.106.130, 10.0.10.193

--------------------------------------------------------------

3 of 3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

Jeffrey Luffman,
Plaintiff,

v.

Collinsville Community Unit School District #10, et al.,
Defendants.

Case No: 25-CV-842-SPM

**APPENDIX A – TIMELINE OF EVENTS**
**Exhibit F – December 3, 2024 Unauthorized Emergency Welfare Check Coordination**

**Event Date:** December 3, 2024

**Summary of Content:**
On December 3, 2024, Superintendent Brad Skertich forwarded a message from Plaintiff to school district counsel Dana Bond and Collinsville Police Lt. Mark Kuechle, stating: "I have no idea what this means... but it is not normal... I think we need to bar him." Despite never attempting to contact Plaintiff, Skertich falsely claimed he had done so. He asked Lt. Kuechle to "take a call on this," prompting an informal and undocumented police action.

Lt. Kuechle forwarded Skertich's message to Officers Joshua Hunt and Jay Edwards of the Collinsville Police Department. Officer Edwards subsequently conducted an in-person welfare check at Plaintiff's residence. This action occurred entirely outside normal police dispatch protocol and was based solely on Skertich's vague and retaliatory suggestion, without a legal predicate, articulable suspicion, or documented threat.

**Legal Significance:**

**CUSD #10 Superintendent Brad Skertich:**
Skertich's conduct constitutes an abuse of his public authority and a violation of the Fourth Amendment. Acting under color of state law, he triggered an unwarranted police intrusion based on nothing more than Plaintiff's protected expression. His actions support civil liability under 42 U.S.C. § 1983. *Terry v. Ohio*, *Florida v. Jardines*, and *Nieves v. Bartlett* all make clear that school officials cannot initiate police action absent lawful justification.

**CUSD #10 Attorney Dana Bond:**
As district counsel, Bond received Skertich's message, including the express suggestion to "bar" the Plaintiff. She had a legal and ethical obligation to advise against retaliatory or extralegal action. Her failure to act, particularly given her professional knowledge of constitutional limits, renders her complicit in the deprivation of rights under § 1983.

**Lt. Mark Kuechle:**
Kuechle facilitated the unconstitutional welfare check by bypassing standard dispatch procedures and forwarding Skertich's personal opinion directly to patrol officers. In doing so, he failed to establish any objective criteria for police response and failed to document the basis of the contact. This coordination constitutes unlawful conduct by a supervisory officer and exposes both himself and the department to liability under federal and state law.

**Officer Joshua Hunt and Officer Jay Edwards:**
Officer Hunt received the forwarded request and failed to raise concerns about its legality or seek supervisory review. Officer Jay Edwards, acting on that email alone, initiated an in-person welfare check at Plaintiff's residence without a dispatch record, without articulable suspicion, and without exigent circumstances. Under the Fourth Amendment and Illinois Constitution Article I, Section 6, any non-consensual encounter with a citizen in their home requires a warrant, consent, or true emergency. In this case, none existed. As established in *Florida v. Jardines*, 569 U.S. 1 (2013), and *City of Los Angeles v. Patel*, 576 U.S. 409 (2015), even administrative or welfare-based actions by law enforcement must comply with constitutional safeguards. By failing to establish a lawful basis for the encounter and conducting the check solely on the recommendation of a school administrator, Officer Edwards violated Plaintiff's right to be secure in his home and is liable for unconstitutional conduct under § 1983.

**Applicable Authority:**
U.S. Constitution, Amendments I and IV
42 U.S.C. § 1983
*Florida v. Jardines*, 569 U.S. 1 (2013)
*Terry v. Ohio*, 392 U.S. 1 (1968)
*Nieves v. Bartlett*, 139 S. Ct. 1715 (2019)
*City of Los Angeles v. Patel*, 576 U.S. 409 (2015)
Illinois Constitution, Article I, Section 6
Illinois Police Training Act (50 ILCS 705/)

**Attached as Exhibit F to Appendix A:**
Full email chain dated December 3, 2024, including Plaintiff's protected communication, Skertich's message to Bond and Kuechle, Kuechle's internal forwarding to Officers Hunt and Edwards, and the resulting unauthorized welfare check executed at Plaintiff's home.

Executed this 21th day of May, 2025.

Respectfully submitted

/s/ Jeffrey Luffman

Jeffrey Luffman
Pro Se Plaintiff
212 Camelot Dr.

Collinsville, IL 62040
(636) 675-4864
jeffrey.luffman@outlook.com

## Mark Kuechle

| | |
|---|---|
| **From:** | Mark Kuechle |
| **Sent:** | Tuesday, December 3, 2024 8:53 AM |
| **To:** | Jay Edwards; Joshua Hunt |
| **Subject:** | FW: [External Sender] Health Information |

Lt. Mark Kuechle 138
Collinsville Police Department
200 W. Clay St.
Collinsville, IL 62234
618-344-2131, ext. 5138

**From:** Brad Skertich <bskertich@cusd.kahoks.org>
**Sent:** Tuesday, December 3, 2024 8:39 AM
**To:** Mark Kuechle <mkuechle@collinsvilleil.org>
**Subject:** Fwd: [External Sender] Health Information

Can you take a call on this?
Sent from my iPhone

Begin forwarded message:

> **From:** Brad Skertich <bskertich@cusd.kahoks.org>
> **Date:** December 3, 2024 at 8:29:37 AM CST
> **To:** Dana Bond <██████@ngmschoollaw.com>
> **Subject: Fwd: Health Information**
>
> I have no idea what this means...but it is not normal.  He has refused to meet with me.  I will attempt again.  But I think we need to bar him...
>
> Thoughts
> Sent from my iPhone
>
> Begin forwarded message:
>
>> **From:** Jeffrey Luffman <jeffrey.luffman@outlook.com>
>> **Date:** December 3, 2024 at 8:18:30 AM CST
>> **To:** Brad Skertich <bskertich@cusd.kahoks.org>
>> **Cc:** Laura Bauer <lbauer@cusd.kahoks.org>
>> **Subject: Re: Health Information**
>>
>> I'm so hopeful someone was recording my visit with ██████ yesterday. It was very clear the energy was off.

1

**And said**

**Can I finish?**

**You sure can honey.**

**I feel like me visiting makes the situation completely passive aggressively hostile.**

**Take great care of my daughter please** 🙏

Jeff Luffman
9123187505
6366754864
jeffrey.luffman@outlook.com

---

**From:** Jeffrey Luffman <jeffrey.luffman@outlook.com>
**Sent:** Tuesday, December 3, 2024 7:19:23 AM
**To:** Brad Skertich <bskertich@cusd.kahoks.org>
**Cc:** Laura Bauer <lbauer@cusd.kahoks.org>
**Subject:** Re: Health Information

From a leadership perspective  what does it indicate that yall would provide a statement from the nurse but fail to provide me statement that addresses the public records partial destruction and Brads phone call to intimidate me?

yall threw her right under the bus?

Any thoughts on how a disinterested party will view the partial records destruction?

Jeffrey Luffman
9123187505
6366754864

---

**From:** Jeffrey Luffman <jeffrey.luffman@outlook.com>
**Sent:** Monday, December 2, 2024 1:07:46 PM
**To:** Brad Skertich <bskertich@cusd.kahoks.org>
**Cc:** Laura Bauer <lbauer@cusd.kahoks.org>
**Subject:** Re: Health Information

██████ wasn't excited to see me after 10 days of no contact.  She said her mom was acting "sus" and that she's an imposter. I have no idea what that means but I want you to know.

2

2 of 7

She also said she's been staying with her grandparents

You have no idea how my heart hurts.

She wanted to get back to class early

Jeff Luffman
9123187505
6366754864
jeffrey.luffman@outlook.com

---

**From:** Jeffrey Luffman <jeffrey.luffman@outlook.com>
**Sent:** Monday, December 2, 2024 12:57:10 PM
**To:** Brad Skertich <bskertich@cusd.kahoks.org>
**Cc:** Laura Bauer <lbauer@cusd.kahoks.org>
**Subject:** Re: Health Information

How completely horrible that little girl came to the people trusted to look out for her and told her she was wrong.

How about that. No wonder ████ doesn't know who to trust.

She can't even tell the nurse she puked and be right.

Shame

Jeff Luffman
9123187505
6366754864
jeffrey.luffman@outlook.com

---

**From:** Jeffrey Luffman <jeffrey.luffman@outlook.com>
**Sent:** Monday, December 2, 2024 12:31:22 PM
**To:** Brad Skertich <bskertich@cusd.kahoks.org>
**Cc:** Laura Bauer <lbauer@cusd.kahoks.org>
**Subject:** Re: Health Information

Brad, ████ knows what vomit is. She's got a sensitive stomach and I have to hold her hair back often because she vomits often.
If she said she vomited , then that's what happened.
She told the doctor that afternoon she puked at school.

The nurse told me she vomitted when she called me.  Trust me, I would of remembered her "coughing up"

3 of 9

I'm curious who saw the productive cough on the play ground because it wasn't the nurse.

Did mom consider picking her up because she vomitted?

Coughing until she puked is not coughing up phlegm.

Yall are still lying

I'm not interested in talking

Jeff Luffman
9123187505
6366754864
jeffrey.luffman@outlook.com

---

**From:** Brad Skertich <bskertich@cusd.kahoks.org>
**Sent:** Monday, December 2, 2024 12:20 PM
**To:** Jeffrey Luffman <jeffrey.luffman@outlook.com>
**Cc:** Laura Bauer <lbauer@cusd.kahoks.org>
**Subject:** Re: Health Information

Mr. Luffman,

Here is a summary from the nurse regarding your questions around vomit/spit up.

"██████ was playing at recess after being inside for several days. While running and playing, she had a productive cough of mucus. Sometimes students report that as "vomiting." In this case, Daisey reported to the nurse that she vomited. After clarifying questions, it was determined that it was not vomit from the stomach but rather a productive cough of mucus."

Additionally, I would like to schedule a meeting with you to discuss communication, the frequency, and next steps.  This will not involve the complaints you have formally made as the complaint manager is handling that situation.  Our focus is to ensure we have appropriate communication now and moving forward.  I will offer Thursday morning at 9:00 AM or 11:00 AM.

If this doesn't work, please let me know.

Brad

4 of 9

On Fri, Nov 29, 2024 at 3:28 PM Jeffrey Luffman <jeffrey.luffman@outlook.com> wrote:

Greetings, the nurse told me that ████ vomited when she called me on 22 November. She did not say "cough up" I'm concerned the nurse went from providing me a medical term we all understand to documenting the events with a non medical description of coughing up.

Can she please provide a statement on what she told me on the phone and explaining her note?

One obvious distinction with those terms is the non medical term would allow ████ to be at school and not violate the school's policy published the day prior.

Can I please also get physical copies of the notes on ████?

It hard to believe what was best for my child wasn't to go get checked be the doctor and rest at home.

Why would you put coughed up on a note to prevent that?

Doesn't make any sense to me

Jeff Luffman
9123187505
6366754864
jeffrey.luffman@outlook.com

---

**From:** Laura Bauer <lbauer@cusd.kahoks.org>
**Sent:** Monday, November 25, 2024 2:04:23 PM
**To:** Jeffrey Luffman <jeffrey.luffman@outlook.com>
**Subject:** Re: Health Information

On Sun, Nov 24, 2024 at 6:09 AM Jeffrey Luffman <jeffrey.luffman@outlook.com> wrote:

Mrs Bauer. This is a follow up for the parent notification process.

1. Please explain what the note on skyward that states in event of emergency "Text first please, then call" under Maegens information.

I did not write that note. Maegen did.
What is the time frame for text and then call?

5

5. of 9

We do not text parents.
How does the text message notification process work?
We do not text parents. Our school phones do not have that capability.
Can I please be on the text message notification in the future?
Please see above.


Thank you


Jeff Luffman

Cell 6366754864


**From:** Laura Bauer <lbauer@cusd.kahoks.org>
**Date:** Wednesday, November 20, 2024 at 15:05
**To:** Jeffrey Luffman <jeffrey.luffman@outlook.com>
**Subject:** Re: Health Information

Mr. Luffman,


Futuristically, if ▮▮▮▮ requires notification to a parent from the nurse, we will call both parents.


As far as the Parent Square thread that was deleted, we do not have access to that information any longer. I called to speak with tech support today at Parent Square, as well, and they no longer have a record of the messages either.


Laura Bauer

6 of 9

On Wed, Nov 20, 2024 at 11:34 AM Jeffrey Luffman
<jeffrey.luffman@outlook.com> wrote:

Mrs. Bauer. That's helpful. Thank you for answering that question. I also
asked about reporting ████ health information to me in a timely
manner.

I'm asking that if Daisy is sick or injured at school and requires notification
by the nurse to a parent that you notify both parents. Is that acceptable?

I understand that that answer might take longer. Could you please
acknowledge that I asked?

Thank you

Jeff Luffman

9123187505

6366754864

jeffrey.luffman@outlook.com

---

**From:** Laura Bauer <lbauer@cusd.kahoks.org>
**Sent:** Wednesday, November 20, 2024 11:17:11 AM
**To:** Jeffrey Luffman <jeffrey.luffman@outlook.com>
**Subject:** Re: Health Information

Mr. Luffman,

As you know from your lunch visit today ████ s feeling well enough to
be at school.

I took her temperature this morning and it was a normal reading of 97.6.
We also received the doctor's note releasing her back to school today.

*7 of 9*

Laura Bauer


On Wed, Nov 20, 2024 at 7:36 AM Jeffrey Luffman <jeffrey.luffman@outlook.com> wrote:


Dear Mrs. Bauer,


I hope this email finds you well. I am writing to express my concern about recent health-related matters involving my daughter, ▮▮▮▮▮ and the school's communication with parents.


On the afternoon of November 8, 2024, the school nurse contacted ▮▮▮▮▮ mother regarding her health, as she had a fever and wasn't feeling well. I was not notified of this incident, despite having made it clear to both her mother and Mrs. Rader that ▮▮▮▮▮ had been unwell that day and the day prior.


According to our parenting plan, I am entitled to receive information about ▮▮▮▮▮ health and direct non-invasive care. It's a basic parent right in Illinois.


Can you please clarify why I was not informed about ▮▮▮▮▮ condition that day? Additionally, I would appreciate it if you could cite the portion of the parenting plan you believe supports the current communication protocol regarding her health status.


I also want to raise an issue regarding ▮▮▮▮▮ current attendance. On Monday, ▮▮▮▮▮ was diagnosed with bacterial pneumonia and prescribed two antibiotics. While her mother has decided to send her to school since she has been fever-free, I am concerned about her readiness to return, particularly as she continues to recover. I'd be glad to provide the paperwork for doctor's diagnosis and visit information at your request.

8 of 9

Although I understand decisions about school attendance are not directly your responsibility, I believe it is essential to consider the broader implications of allowing a student diagnosed with bacterial pneumonia to attend school.

I kindly request that the school nurse evaluate ▓▓▓▓ this morning, including taking her temperature, to assess whether she is feeling well enough to remain at school.

Thank you for your time and attention to this matter. I look forward to your response and any steps the school can take to ensure better communication and support for ▓▓▓▓ health.

Best regards,
Jeff Luffman

Cell 6366754864

--

Laura Bauer

Principal

John A. Renfro Elementary School

311 Camelot Dr.

Collinsville, IL 62234

9

9 of 9

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

Jeffrey Luffman,
Plaintiff,

v.

Collinsville Community Unit School District #10, et al.,
Defendants.

Case No: 25-CV-842-SPM

APPENDIX A – TIMELINE OF EVENTS
Exhibit G – NAD Narrative and CAD Dispatch Record: December 3, 2024 Welfare Check
Involving Officers Malavolti and Edwards (Missing Caller and Admin Data)

Event Date: December 3, 2024

Summary of Content:
The NAD (Narrative Administrative Data) and CAD (Computer-Aided Dispatch) records related
to the Collinsville Police Department's welfare check at Plaintiff's residence on December 3,
2024, identify Supervisor Officer Malovatto and Jay Edwards as the responding officers.
However, the dispatch file lacks key administrative data, including:

1. No name or agency listed as the complainant or initiating party.

2. No dispatch notes documenting exigency, threat level, or legal basis.

3. The CAD narrative includes a vague behavioral health code with no context or
   corroborating facts.

The absence of this foundational information supports Plaintiff's claim that the welfare check
was initiated through informal, extralegal channels rather than a properly recorded law
enforcement process. The dispatch entry appears to have been manually entered without
adherence to standard intake or clearance procedures. This omission of identifying data further
corroborates that Superintendent Skertich's referral—relayed privately to Lt. Kuechle and then
forwarded to officers—was unauthorized, retaliatory, and executed outside formal protocols.

Legal Significance:
This document confirms that law enforcement intervened at Plaintiff's home based on a
subjective referral, without articulable suspicion or warrant, violating the Fourth Amendment. In
*Florida v. Jardines*, 569 U.S. 1 (2013), the Court held that a physical entry onto the curtilage of a
home by law enforcement without a warrant or emergency is a search subject to constitutional
limits. Under *Terry v. Ohio*, 392 U.S. 1 (1968), investigatory stops require specific, articulable
facts—not vague characterizations or third-party opinions. The lack of administrative

documentation or a named complainant reinforces that the search was unlawful and retaliatory under *Nieves v. Bartlett*, 139 S. Ct. 1715 (2019).

The missing metadata and the informal coordination of this check also implicate municipal and supervisory liability under 42 U.S.C. § 1983 for failure to train and supervise, as well as deprivation of rights under color of law.

Applicable Authority:
U.S. Constitution, Amendments I and IV
42 U.S.C. § 1983
*Terry v. Ohio*, 392 U.S. 1 (1968)
*Florida v. Jardines*, 569 U.S. 1 (2013)
*City of Los Angeles v. Patel*, 576 U.S. 409 (2015)
*Nieves v. Bartlett*, 139 S. Ct. 1715 (2019)
Illinois Constitution, Article I, Section 6
Illinois FOIA (5 ILCS 140/1)

Attached as Exhibit G to Appendix A:
NAD narrative and CAD dispatch record dated December 3, 2024, documenting the welfare check involving Officers Malavolti and Edwards, showing no listed caller, no administrative authorization, and no legal justification for the home visit.

Executed this 21th day of May, 2025.

Respectfully submitted

/s/ Jeffrey Luffman

Jeffrey Luffman
Pro Se Plaintiff
212 Camelot Dr.
Collinsville, IL 62040
(636) 675-4864
jeffrey.luffman@outlook.com

# Incident Report

Appendix 1
Exhibit G

| | | | |
|---|---|---|---|
| Print Date/Time: | 02/20/2025 08:14 | | Collinsville PD |
| Login ID: | kcwilke | | |
| | | Incident: 2024-00027472 | ORI Number: IL0600300 |

| | | | | |
|---|---|---|---|---|
| Incident Date/Time: | 12/3/2024 8:53:20 AM | | Incident Type: | Welfare Check |
| Location: | 212 CAMELOT DR | | Venue: | Collinsville |
| | Collinsville IL 62234 | | | |
| Phone Number: | | | Source: | On View |
| Report Required: | No | | Priority: | Medium |
| Prior Hazards: | No | | Status: | In Progress |
| LE Case Number: | | | Nature of Call: | CHECK ON JEFFREY LUFFMAN |

Unit/Personnel

| Unit | Personnel |
|---|---|
| C290 | 149-Edwards |

Person(s)

| No. | Role | Name | Address | Phone | Race | Sex | DOB |
|---|---|---|---|---|---|---|---|
| 1 | Contacted | LUFFMAN, JEFFREY SCOTT | 212 CAMELOT DR Collinsville IL 62234 | | White | Gender X | 01/08/1975 |

Vehicle(s)

| Role | Type | Year | Make | Model | Color | License | State |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

Disposition(s)

| Disposition | Count | Date/Time |
|---|---|---|
| | | |

Property

| Date | Code | Type | Make | Model | Description | Tag No. | Item No. |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

12/03/2024 : 09:11:29 jredwards Narrative: BRIEFLY SPOKE TO LUFFMAN WHO SEEMED AGITATED AT THE SCHOOL AND INDICATED THE SCHOOL WAS IMPEDING ON HIS PARENTAL RIGHTS. WHEN I ATTEMPTED TO SPEAK TO LUFFMAN HE ASKED IF I HAD PROOF AND I INDICATED THERE HAD BEEN NO CRIME COMMITTED TO MY KNOWLEDGE AT WHICH POINT HE WALKED BACK IN HIS RESIDENCE AND LOCKED THE DOOR. NRN
12/03/2024 : 09:07:54 malovatto Narrative: c9
12/03/2024 : 08:54:00 malovatto Narrative: SUBJ IS FATHER OF STUDENT WHO SEEMS TO BE HAVING 1096 ISSUES

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

Jeffrey Luffman,
Plaintiff,

v.

Collinsville Community Unit School District #10, et al.,
Defendants.

Case No: 25-CV-842-SPM

APPENDIX A – TIMELINE OF EVENTS
Exhibit H – December 6, 2024: Retaliatory School Ban and Attorney Withdrawal Without Cause

Event Date: December 6, 2024

Summary of Content:
On December 6, 2024, Collinsville CUSD #10 imposed an ex parte ban prohibiting Plaintiff from entering school property—ten days prior to the scheduled December 16, 2024 school board meeting that was allegedly set to review the matter. No hearing was provided, no formal process was followed, and Plaintiff received no opportunity to contest the decision in advance. The ban constituted a clear violation of procedural due process and Plaintiff's parental rights.

That same day, Plaintiff's attorney, Anthony Dos Santos of MillerKing LLC, informally withdrew representation in a single-sentence email, stating: "All I am done with this." This occurred after Dos Santos admitted the district was threatening to bar Plaintiff, acknowledged the involvement of school legal counsel, and provided no defense or formal withdrawal notice.

In one critical message, Dos Santos wrote:

> "Your ex has asked the school for all your communications. No we are going to have problems. The school is threatening to bar you from school property. Not one more email, they are going to bar you and they will win. This is not about involvement this is about harassment about side issues that are hurting us."

Despite this admission, Dos Santos made no effort to contest the anticipated deprivation of rights, request a hearing, or assert any legal defense on behalf of his client. Instead, he aligned himself with the school district's retaliatory narrative and concluded the day by abruptly withdrawing representation via email at 3:42 PM, stating only: "All I am done with this." This occurred contemporaneously with ex parte communication between Dos Santos and school district legal counsel Dana Bond, which was billed that same day

Legal Significance:
The December 6 ban, issued without notice or hearing, is unconstitutional. As held in *Mathews v. Eldridge*, 424 U.S. 319 (1976), and *Goss v. Lopez*, 419 U.S. 565 (1975), public institutions must afford procedural safeguards before depriving individuals of constitutionally protected interests. The ban interfered with Plaintiff's right to access his child's school and participate in her education, violating both the U.S. and Illinois Constitutions and parental access provisions under 105 ILCS 5/10-20.12.

Additionally, Dos Santos's abandonment of representation during an unfolding constitutional deprivation violates Illinois Rule of Professional Conduct 1.16(d), which requires lawyers to protect clients from foreseeable prejudice upon withdrawal. His failure to respond, file a withdrawal with the court, or take steps to preserve Plaintiff's rights compounded the harm caused by the district.

Dos Santos's acknowledgment of the impending ban and his statement that "they will win" demonstrates a knowing failure to act on behalf of his client during a critical due process moment. His inaction, coupled with his acceptance of the district's framing of Plaintiff's protected communications as "harassment," represents a constructive abandonment of representation under Illinois Rule of Professional Conduct 1.16(d). This rule requires attorneys to take reasonable steps to avoid foreseeable prejudice to the client when terminating representation—something Dos Santos indisputably failed to do.

Additionally, his failure to respond or intervene in the face of a constitutional deprivation violates duties of competence (Rule 1.1) and diligence (Rule 1.3), while his passive acceptance of opposing counsel's position without client consultation reflects a conflict of interest under Rule 1.7.

Further, the ban itself was imposed without hearing, advance notice, or lawful justification, constituting a procedural due process violation under the Fourteenth Amendment and actionable under 42 U.S.C. § 1983. As established in *Mathews v. Eldridge*, 424 U.S. 319 (1976) and *Goss v. Lopez*, 419 U.S. 565 (1975), state actors must afford a meaningful opportunity to be heard before depriving a person of a protected liberty or property interest—in this case, Plaintiff's parental right to access his child's school and participate in her education under 105 ILCS 5/10-20.12.

On December 6, 2024, Collinsville CUSD #10 imposed an ex parte ban against the Plaintiff, without hearing, notice, or lawful process. Simultaneously, Plaintiff's then-attorney, Anthony Dos Santos, billed for direct communication with district counsel Dana Bond—the same day the ban was implemented. These communications were not disclosed to Plaintiff and occurred while Dos Santos was still serving as legal counsel of record.

1. Violation of Professional Conduct Rules (Ex Parte Communication)
Under the Illinois Rules of Professional Conduct Rule 4.2, "a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by

another lawyer in the matter, unless the lawyer has the consent of the other lawyer."
At the time of the December 6 communication, both Dana Bond and Anthony Dos Santos were
acting as legal counsel in matters directly involving Plaintiff's education access and civil rights.
The ex parte nature of their contact—without the Plaintiff's knowledge, consent, or
participation—violated Plaintiff's right to fair representation and transparency. If Dana Bond
initiated or accepted a substantive legal discussion knowing Dos Santos was no longer actively
defending Plaintiff's interests, she violated her ethical obligation to avoid ex parte influence or
manipulation.

2. Due Process and Retaliatory Collusion Concerns
The timing of the communication is particularly significant. The ex parte contact occurred
concurrently with the issuance of a retaliatory ban against the Plaintiff, and immediately before
Dos Santos's informal and unprofessional withdrawal ("All I am done with this."). Bond's failure
to ensure Plaintiff was included or represented in discussions regarding disciplinary action that
materially affected his access and rights supports the inference of deliberate misconduct. As legal
counsel to a public school district, Bond had a duty not only to her client but to the public trust.
The unilateral nature of her communication with Dos Santos—culminating in Plaintiff's ban—
raises serious concerns of collusion and intentional deprivation of rights under color of law.

3. Exposure Under 42 U.S.C. § 1983
Because Bond participated in or facilitated the ban without affording Plaintiff constitutionally
required procedural protections, her actions may constitute a civil rights violation under 42
U.S.C. § 1983. Courts have recognized that attorneys working for public entities can be held
liable when they use their position to support unlawful deprivation of rights (*Tower v. Glover*,
467 U.S. 914 (1984)).

4. Pattern of Retaliatory Legal Strategy
This ex parte communication is not isolated. It is consistent with a broader pattern of
administrative retaliation, improper use of protective orders, suppression of speech, and
coordination with law enforcement absent legal justification. Bond's role in these decisions—
including the ex parte order of protection filed later that month—illustrates an intent to
marginalize and silence the Plaintiff without legal process.

Conclusion
Attorney Dana Bond's undocumented and concealed communication with Plaintiff's counsel on
December 6, 2024, while disciplinary action was actively being imposed on the Plaintiff,
represents a serious breach of professional conduct and constitutional fairness. Her participation
in this communication directly contributed to Plaintiff being denied legal representation,
excluded from his daughter's school, and subjected to retaliatory government action without due
process. This conduct should be subject to scrutiny by the Court, professional disciplinary
boards, and federal civil rights review.

Attached Exhibits:

Exhibit H1 to Appendix A: Complete email thread between Plaintiff and Anthony Dos Santos dated December 6, 2024, including Dos Santos's abrupt email withdrawal.

Exhibit H2 to Appendix A: Dos Santos's final billing statement dated December 6, 2024, documenting a same-day entry for ex parte communication with school district counsel Dana Bond.

Executed this 21th day of May, 2025.

Respectfully submitted

/s/ Jeffrey Luffman

Jeffrey Luffman
Pro Se Plaintiff
212 Camelot Dr.
Collinsville, IL 62040
(636) 675-4864
jeffrey.luffman@outlook.com

 Outlook

---

## RE: School

---

**From** tony@millerkinglaw.com <tony@millerkinglaw.com>
**Date** Fri 12/06/2024 3:42 PM
**To** 'Jeffrey Luffman' <jeffrey.luffman@outlook.com>

All I am done with this

Anthony Dos Santos
MillerKing LLC
Mailing address for Anthony E. Dos Santos and Rebecca Bonham:
2410 State Street
Alton, IL 62002
(618) 462-8405 (Phone)
(618) 258-7208 (Facsimile)
*tony@millerkinglawcom*

Website: www.MillerKingLaw.com

The information contained in this electronic message may be confidential and may be subject to the attorney-client privilege and/or the attorney work product doctrine. It is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, you are hereby notified that any use, dissemination or copying of this communication is strictly prohibited. If you have received this electronic message in error, please delete the original message from your e-mail system. Thank you.

This e-mail communication and any attachments hereto is intended only for use by the addressee(s) named herein and may contain legally privileged, confidential information and may be protected from disclosure. If you are not the intended recipient of this e-mail, any dissemination, distribution, printing, disclosure or copying of this e-mail (and any attachments hereto) is strictly prohibited and may subject you to legal restriction or sanction. If you have received this e-mail communication in error, please immediately notify me by e-mail at Office3@MillerKingLaw.com or telephone at 618-462-8405 and permanently delete all copies of this e-mail. The Missouri Bar Disciplinary Counsel requires all Missouri lawyers to notify all recipients of email that: E-mail communication is not a secure method of communication; any email that is sent to you or by you may be copied and held by various computers it passes through as it goes from me to you, or vice versa; persons not participating in our communication may intercept our communications by improperly accessing your computer or my computer or even some computer unconnected to either of us which the email is passed through. I am communicating to you via email because you have consented to receive communications via this medium. If you change your mind and want future communications to be sent in a different fashion, PLEASE NOTIFY ME AT ONCE.

---

**From:** Jeffrey Luffman <jeffrey.luffman@outlook.com>
**Sent:** Friday, December 6, 2024 3:38 PM
**To:** tony@millerkinglaw.com
**Subject:** Re: School

You haven't read none of my fucking emails

Jeffrey Luffman
9123187505
6366754864

---

**From:** Jeffrey Luffman <jeffrey.luffman@outlook.com>
**Sent:** Friday, December 6, 2024 3:36:48 PM
**To:** tony@millerkinglaw.com <tony@millerkinglaw.com>
**Subject:** Re: School

Do you realize they were living in pre-World War II Germany if a superintendent can bar a citizen from accessing a government building concerning their child without a court order breaking several laws Tony then I even gotta tell you this shows that I feel like you're incompetent

Jeffrey Luffman
9123187505
6366754864

---

**From:** tony@millerkinglaw.com <tony@millerkinglaw.com>
**Sent:** Friday, December 6, 2024 2:54:43 PM
**To:** 'Jeffrey Luffman' <jeffrey.luffman@outlook.com>
**Subject:** RE: School

Yor ex has asked the school for all your communications.  No we are going to have problems.  The school is threatening to bar you from school property.  Not one more email, they are going to bar you and they will win.  This is not about involvement this is about harassment about side issues that are hurting us

Anthony Dos Santos
MillerKing LLC
Mailing address for Anthony E. Dos Santos and Rebecca Bonham:
2410 State Street
Alton, IL 62002
(618) 462-8405 (Phone)
(618) 258-7208 (Facsimile)
tony@millerkinglawcom

Website: www.MillerKingLaw.com
The information contained in this electronic message may be confidential and may be subject to the attorney-client privilege and/or the attorney work product doctrine. It is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, you are hereby notified that any use, dissemination or copying of this communication is strictly prohibited. If you have received this electronic message in error, please delete the original message from your e-mail system. Thank you.
This e-mail communication and any attachments hereto is intended only for use by the addressee(s) named herein and may contain legally privileged, confidential information and may be protected from disclosure. If you are not the intended recipient of this e-mail, any dissemination, distribution, printing, disclosure or copying of this e-mail (and any attachments hereto) is strictly prohibited and may subject you to legal restriction or sanction. If you have

received this e-mail communication in error, please immediately notify me by e-mail at Office3@MillerKingLaw.com or telephone at 618-462-8405 and permanently delete all copies of this e-mail. The Missouri Bar Disciplinary Counsel requires all Missouri lawyers to notify all recipients of email that: E-mail communication is not a secure method of communication; any email that is sent to you or by you may be copied and held by various computers it passes through as it goes from me to you, or vice versa; persons not participating in our communication may intercept our communications by improperly accessing your computer or my computer or even some computer unconnected to either of us which the email is passed through. I am communicating to you via email because you have consented to receive communications via this medium. If you change your mind and want future communications to be sent in a different fashion, PLEASE NOTIFY ME AT ONCE.

**From:** Jeffrey Luffman <jeffrey.luffman@outlook.com>
**Sent:** Friday, December 6, 2024 2:45 PM
**To:** tony@millerkinglaw.com
**Subject:** Re: School

Thanks for that ruining Judge. Hey would you mind answering all the questions that I've asked you since July 22?

Jeff Luffman
9123187505
6366754864
jeffrey.luffman@outlook.com

**From:** tony@millerkinglaw.com <tony@millerkinglaw.com>
**Sent:** Friday, December 6, 2024 9:26:44 AM
**To:** 'Jeffrey Luffman' <jeffrey.luffman@outlook.com>
**Subject:** RE: School

I do not need to research this Jeff these are not records you can obtain this way. I will not spend a weekend on this, they are not covered. My kids and every kids records are confidential and not subject to disclosure I can not say this in any other manner. `

Anthony Dos Santos
MillerKing LLC
Mailing address for Anthony E. Dos Santos and Rebecca Bonham:
2410 State Street
Alton, IL 62002
(618) 462-8405 (Phone)
(618) 258-7208 (Facsimile)
*tony@millerkinglaw.com*

Website: www.MillerKingLaw.com

The information contained in this electronic message may be confidential and may be subject to the attorney-client privilege and/or the attorney work product doctrine. It is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, you are hereby notified that any use, dissemination or copying of this communication is strictly prohibited. If you have received this electronic message in error, please delete the original message from your e-mail system. Thank you.

This e-mail communication and any attachments hereto is intended only for use by the addressee(s) named herein and may contain legally privileged, confidential information and may be protected from disclosure. If you are not the intended recipient of this e-mail, any dissemination, distribution, printing, disclosure or copying of this e-mail (and any attachments hereto) is strictly prohibited and may subject you to legal restriction or sanction. If you have received this e-mail communication in error, please immediately notify me by e-mail at Office3@MillerKingLaw.com or telephone at 618-462-8405 and permanently delete all copies of this e-mail.

The Missouri Bar Disciplinary Counsel requires all Missouri lawyers to notify all recipients of email that: E-mail communication is not a secure method of communication; any email that is sent to you or by you may be copied and held by various computers it passes through as it goes from me to you, or vice versa; persons not participating in our communication may intercept our communications by improperly accessing your computer or my computer or even some computer unconnected to either of us which the email is passed through. I am communicating to you via email because you have consented to receive communications via this medium. If you change your mind and want future communications to be sent in a different fashion, PLEASE NOTIFY ME AT ONCE.

**From:** Jeffrey Luffman <jeffrey.luffman@outlook.com>
**Sent:** Friday, December 6, 2024 9:23 AM
**To:** tony@millerkinglaw.com
**Subject:** Re: School

Please, Tony, take until Monday afternoon to research and provide an answer to every question in every email that I've sent you since July 22 asking if you could help me with the school

Jeffrey Luffman
9123187505
6366754864

---

**From:** tony@millerkinglaw.com <tony@millerkinglaw.com>
**Sent:** Friday, December 6, 2024 9:21:52 AM
**To:** 'Jeffrey Luffman' <jeffrey.luffman@outlook.com>
**Subject:** RE: School

I keep telling you these aren't covered records and you argue with me. I answer your emails but when there are 14 an evening it is difficult to respond to each. I am going to call the schools lawyer and let you know what she says but I am out if there is any more.

Anthony Dos Santos
MillerKing LLC
Mailing address for Anthony E. Dos Santos and Rebecca Bonham:
2410 State Street
Alton, IL 62002
(618) 462-8405 (Phone)

(618) 258-7208 (Facsimile)
tony@millerkinglaw.com

Website: www.MillerKingLaw.com

The information contained in this electronic message may be confidential and may be subject to the attorney-client privilege and/or the attorney work product doctrine. It is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, you are hereby notified that any use, dissemination or copying of this communication is strictly prohibited. If you have received this electronic message in error, please delete the original message from your e-mail system. Thank you.

This e-mail communication and any attachments hereto is intended only for use by the addressee(s) named herein and may contain legally privileged, confidential information and may be protected from disclosure. If you are not the intended recipient of this e-mail, any dissemination, distribution, printing, disclosure or copying of this e-mail (and any attachments hereto) is strictly prohibited and may subject you to legal restriction or sanction. If you have received this e-mail communication in error, please immediately notify me by e-mail at Office3@MillerKingLaw.com or telephone at 618-462-8405 and permanently delete all copies of this e-mail.

The Missouri Bar Disciplinary Counsel requires all Missouri lawyers to notify all recipients of email that: E-mail communication is not a secure method of communication; any email that is sent to you or by you may be copied and held by various computers it passes through as it goes from me to you, or vice versa; persons not participating in our communication may intercept our communications by improperly accessing your computer or my computer or even some computer unconnected to either of us which the email is passed through. I am communicating to you via email because you have consented to receive communications via this medium. If you change your mind and want future communications to be sent in a different fashion, PLEASE NOTIFY ME AT ONCE.

---

**From:** Jeffrey Luffman <jeffrey.luffman@outlook.com>
**Sent:** Friday, December 6, 2024 9:06 AM
**To:** tony@millerkinglaw.com
**Subject:** Re: School

Go back and check every email and see how many times I asked you questions that you didn't respond to please

Jeff Luffman
9123187505
6366754864
jeffrey.luffman@outlook.com

---

**From:** tony@millerkinglaw.com <tony@millerkinglaw.com>
**Sent:** Friday, December 6, 2024 9:05:22 AM
**To:** Jeff Luffman <jeffrey.luffman@outlook.com>
**Subject:** School

I asked you to stop, you seemed like you understood.  However, I am seeing 14 more emails to the school this morning between our conversation and this morning at 9:00 am..  I am also getting emails now directly from the school's legal counsel.  I am not sure how to get you to stop, but every email you

send is like pouring gas on the fire of your case which when we started was very strong. Other than just getting out and letting you ruin your own case, what can I do to get you to stop!

Anthony Dos Santos
MillerKing LLC
Mailing address for Anthony E. Dos Santos and Rebecca Bonham:
2410 State Street
Alton, IL 62002
(618) 462-8405 (Phone)
(618) 258-7208 (Facsimile)
*tony@millerkinglawcom*

Website: www.MillerKingLaw.com

The information contained in this electronic message may be confidential and may be subject to the attorney-client privilege and/or the attorney work product doctrine. It is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, you are hereby notified that any use, dissemination or copying of this communication is strictly prohibited. If you have received this electronic message in error, please delete the original message from your e-mail system. Thank you.

This e-mail communication and any attachments hereto is intended only for use by the addressee(s) named herein and may contain legally privileged, confidential information and may be protected from disclosure. If you are not the intended recipient of this e-mail, any dissemination, distribution, printing, disclosure or copying of this e-mail (and any attachments hereto) is strictly prohibited and may subject you to legal restriction or sanction. If you have received this e-mail communication in error, please immediately notify me by e-mail at Office3@MillerKingLaw.com or telephone at 618-462-8405 and permanently delete all copies of this e-mail. The Missouri Bar Disciplinary Counsel requires all Missouri lawyers to notify all recipients of email that: E-mail communication is not a secure method of communication; any email that is sent to you or by you may be copied and held by various computers it passes through as it goes from me to you, or vice versa; persons not participating in our communication may intercept our communications by improperly accessing your computer or my computer or even some computer unconnected to either of us which the email is passed through. I am communicating to you via email because you have consented to receive communications via this medium. If you change your mind and want future communications to be sent in a different fashion, PLEASE NOTIFY ME AT ONCE.



Appendix #_____  EXHIBIT #12

2410 State Street
Alton, Illinois 62002
Phone: 618-462-8405
Fax: 618-433-9918
www.MillerKingLaw.com

# STATEMENT FOR LEGAL SERVICES

Invoice # 18280
Date: 12/22/2024

Jeffrey Luffman
212 Camelot Dr.
Collinsville, IL 62234

**Client Reference Number:**

| Date | Description | Hours | Amount |
|------|-------------|-------|--------|
| 11/26/2024 | Draft M-Counseling. | 0.50 | $150.00 |
| 11/27/2024 | Draft Motion to Strike Order for Mediation & Appoint GAL. | 0.50 | $150.00 |
| 12/03/2024 | Email Correspondence : to client again saying that the records of the students are not subject to foia | 0.20 | $60.00 |
| 12/04/2024 | Corresp. to client attaching file-marked copy of Motion to Strike. | 0.10 | $30.00 |
| 12/05/2024 | Corresp. to client attaching a file-marked copy of the Motion for Counseling. | 0.10 | $30.00 |
| 12/06/2024 | Email Correspondence : school board, foia and requests and emails between me and client to get him to stop | 1.20 | $360.00 |
| 12/06/2024 | Telephone Call: from Bond attorney for school board | 0.30 | $90.00 |
| 12/09/2024 | Draft Motion to Withdraw, Consent to Withdraw and proposed order for 22-DC-325 | 0.50 | $150.00 |
| 12/09/2024 | multiple from client to school, and to client about stopping | 1.40 | $420.00 |
| 12/10/2024 | Email Correspondence : to and from BUCKLEY | 0.20 | $60.00 |
| 12/18/2024 | Court Appearance: mtw | 0.40 | $120.00 |
| 12/19/2024 | Correspondence to client with Order granting MillerKing's Motion to Withdraw | 0.10 | $30.00 |

| | Subtotal | $1,650.00 |
|---|---|---|
| | Amount | $1,650.00 |

| | |
|---|---|
| **Payment (12/22/2024)** | -$1,650.00 |
| **Balance Owing** | $0.00 |

## Statement of Account

| Outstanding Balance | | New Charges | | Amount in Trust | | Payments Received | | Total Credit |
|---|---|---|---|---|---|---|---|---|
| ( $0.00 | + | $1,650.00 | ) - ( | $335.00 | + | $1,650.00 | ) = | $335.00 |

Please make all amounts payable to: MillerKing, LLC

## Detailed Statement of Account

### Current Invoice

| Invoice Number | Due On | Amount Due | Payments Received | Balance Due |
|---|---|---|---|---|
| 18280 | 12/29/2024 | $1,650.00 | $1,650.00 | $0.00 |

Please make all amounts payable to: MillerKing, LLC and mail to 2410 State Street, Alton, IL 62002

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

Jeffrey Luffman,
Plaintiff,

v.

Collinsville Community Unit School District #10, et al.,
Defendants.

Case No: 25-CV-842-SPM

APPENDIX A – TIMELINE OF EVENTS
Exhibit I – December 9, 2024: Bradley Hyre Email Acknowledging Plaintiff's Defense and
Declaring Protected Speech as Misconduct

Event Date: December 9, 2024

Summary of Content:
In an email sent at 4:42 PM on December 9, 2024, Assistant Superintendent Bradley Hyre
acknowledged receipt of Plaintiff's responses to the district's December 6 "Notice of Charges
and Hearing." While thanking Plaintiff for submitting those responses, Hyre explicitly stated that
the district intended to use Plaintiff's emails—dated between December 6 and December 9—as
additional evidence of misconduct. He further noted that the district would forward Plaintiff's
written responses to the Board of Education in advance of the scheduled December 16, 2024
hearing.

Hyre's email also confirmed that Plaintiff's formal complaints were being investigated under the
district's internal policy (Board Policy 2:260) by Ms. Latoya Berry-Coleman. However, despite
this acknowledgment of an open investigation, the district continued to frame Plaintiff's
protected communications as further grounds for disciplinary action, rather than as good-faith
expressions of concern, defense, and advocacy.

Legal Significance:
Hyre's statement—that Plaintiff's emails will be used against him as "evidence of ongoing
misconduct"—has serious constitutional implications. The emails in question were sent to school
officials in response to a pending disciplinary action and in defense of Plaintiff's legal rights.
Such communications are protected under the First Amendment, which guarantees citizens the
right to freedom of speech and the right to petition the government for a redress of grievances.

As held in *City of Houston v. Hill*, 482 U.S. 451 (1987), and *Borough of Duryea v. Guarnieri*,
564 U.S. 379 (2011), government officials may not retaliate against individuals for engaging in
constitutionally protected speech—even if that speech is critical, repetitive, or confrontational—
particularly when it is directed at public officials concerning public matters.

In *Surita v. Hyde*, 665 F.3d 860 (7th Cir. 2011), the U.S. Court of Appeals for the Seventh Circuit expressly held that email communications with school officials addressing grievances are protected activity under the First Amendment. Plaintiff's emails, sent to public employees in their official capacities, fall squarely within this protected category.

Moreover, the district's attempt to characterize this protected speech as "misconduct" while a disciplinary process is pending may itself constitute First Amendment retaliation. Under *Nieves v. Bartlett*, 139 S. Ct. 1715 (2019), public entities may not penalize individuals for lawful speech merely because that speech is disfavored, inconvenient, or repetitive—particularly when made in connection with a complaint or defense.

Due Process Implications:
The email also confirms that Plaintiff's defense submissions—submitted in good faith—were not being reviewed impartially, but instead pre-judged and recast as evidence of guilt. This violates the principles established in *Mathews v. Eldridge*, 424 U.S. 319 (1976), and *Goss v. Lopez*, 419 U.S. 565 (1975), which require a neutral decisionmaker and meaningful opportunity to be heard prior to a deprivation of rights.

Attached as Exhibit I to Appendix A:
Email dated December 9, 2024, from Assistant Superintendent Bradley Hyre to Plaintiff, confirming receipt of Plaintiff's defense responses and explicitly stating that those responses—and any future emails—will be used as further evidence of misconduct, despite their constitutionally protected nature.

Executed this 21th day of May, 2025.

Respectfully submitted

/s/ Jeffrey Luffman

Jeffrey Luffman
Pro Se Plaintiff
212 Camelot Dr.
Collinsville, IL 62040
(636) 675-4864
jeffrey.luffman@outlook.com

 Outlook

## Notice of Charges and Hearing Response

**From** Bradley Hyre <bhyre@cusd.kahoks.org>

**Date** Mon 12/09/2024 4:43 PM

**To** jeffrey.luffman@outlook.com <jeffrey.luffman@outlook.com>

*Dear Mr. Luffman.*

*Thank you for your Email responses to my Email of December 6, 2024 (Notice of Charges and Hearing).*

*Please know that we will forward your responses to the Board of Education prior to the scheduled Special Board Meeting scheduled for December 16, 2024 at 5:30PM at the Administrative Annex located at 123 West Clay Street, Collinsville, Illinois.*

*In addition, please know that your complaints are currently being investigated by Ms. Latoya Berry-Coleman, CUSD10 Director of Curriculum and Instruction and CUSD10 Complaint Manager in compliance with Board Policy 2:260.*

*The hearing will be conducted at the Special Board Meeting on December 16, 2024.  Please note that the link that you included in your Email response is for the Collinsville Independent School District, located in Collinsville, Texas (noted at the bottom of the website link).  The agenda for the Special Meeting of the Collinsville CUSD10 in Collinsville, Illinois will be posted to the District's website under the Board of Education tab.*

*Within the notice of hearing sent to you via Email, Regular Mail and Certified Mail, return receipt requested, CUSD10 Board of Education Policy 8:30 was included for your reference.*

*Lastly, please note, the District intends to use the emails you sent on December 6, 2024 (4:41PM), December 7 (5:58AM, 7:34AM, 4:31PM, and 6:42PM); December 8 (4:48AM, 4:5AM, 5:07AM, 5:16AM, 5:19AAM, 5:22AM, 5:27AM, 5:34AM, 5:39AM, 5:48AM, 5:52AM, 6:01AM, 6:18AM, 6:41AM, 7:16AM, 7:18AM); December 9, 2024 (4:37AM, 5:56AM, 6:28AM, 7:58AM, and 9:12AM, 11:35AM) and any additional emails you may send between now and the hearing, as further evidence of your ongoing misconduct.*

*Sincerely,*

*Brad Hyre*

--

Brad Hyre
Assistant Superintendent - Student Services

Collinsville Community Schools
123 West Clay Avenue
Collinsville, Illinois 62234
PH: 618-346-6350 x4235
Email: bhyre@cusd.kahoks.org

*"Do something today that your future self will thank you for."*

SPAM Alert: If you are expecting, but do not receive, a reply to this email within 72 hours, please contact me using one of the alternative methods below (phone or fax). Due to SPAM blocking on our email server, your message may be inadvertently blocked. Thank you.

This transmission is intended and restricted for use by the above addressee only. It may contain confidential and/or privileged information exempt from disclosure under federal or state law. In the event some other person or entity receives this transmission, said recipient is hereby notified that any dissemination, distribution, or duplication of this transmission or its contents is prohibited. If you should receive this transmission in error, please call us immediately at 618-346-6350. Delete the file from your system and destroy any hard copies of this transmission. Thank you.

This transmission is intended and restricted for use by the above addressee only. It may contain confidential and/or privileged information exempt from disclosure under federal or state law. In the event some other person or entity receives this transmission, said recipient is hereby notified that any dissemination, distribution, or duplication of this transmission or its contents is prohibited. If you received this transmission in error, please call us immediately at 618-346-6350. Delete the file from your system and destroy any hard copies of this transmission. Thank you.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

Jeffrey Luffman,
Plaintiff,

v.

Collinsville Community Unit School District #10, et al.,
Defendants.

Case No: 25-CV-842-SPM

APPENDIX A – TIMELINE OF EVENTS
Exhibit J – December 16, 2024: Improper Closed Session Hearing, ADA Violations, and Retaliatory Board Ban Vote

Event Date: December 16, 2024

Summary of Content:
On December 16, 2024, Collinsville CUSD #10 conducted a disciplinary hearing during a closed session of a Special Board Meeting to consider a ban against the Plaintiff. Despite Plaintiff's repeated requests for access, including ADA accommodations and a formal written request for the meeting to be held openly under the Illinois Open Meetings Act (OMA), the district denied his in-person attendance and refused to provide clear, accessible links to both the open and closed sessions.

In an email titled "Special Meeting of the Board of Education (12.16.2024 – 5:30 PM)", Superintendent Brad Skertich explicitly informed Plaintiff that he would not be allowed to attend the Board meeting, citing "the bar implemented by the Board." Skertich also reiterated that Plaintiff could only communicate through the superintendent's office and was barred from reaching out to other district staff. This restriction violates Plaintiff's First Amendment rights to petition and freedom of speech, as well as due process rights under the Fourteenth Amendment.

Assistant Superintendent Bradley Hyre issued multiple emails confirming the meeting would begin at 5:30 PM with an open session, followed by a 5:35 PM closed session, during which the hearing would take place. Despite Plaintiff's requests to record, submit evidence, call witnesses, and attend the hearing in full, the district failed to provide the protections guaranteed under federal and state law.

During the closed session, the Board voted unanimously to uphold the ban against Plaintiff based on 105 ILCS 5/24-24, a statute that governs *student* discipline—not parental or public exclusion. This misuse of statutory authority, coupled with the lack of proper notice or exemption cited in the agenda, renders the hearing procedurally invalid and constitutionally defective.

Board Members Who Voted to Uphold the Ban (as per Official Minutes):

1. Gary Peccola – Board President

2. Scott Soehlke

3. Michelle Stutts

4. Diane Hasamear

5. Jennifer Reulecke

6. Ann Craft

7. Megan Bronnbauer

Legal Significance:

The Board's decision to hold a disciplinary hearing affecting a parent in closed session—without citing a valid OMA exemption—violates 5 ILCS 120/2(a). Under the Illinois Attorney General's PAC Binding Opinion 12-016, agendas must clearly identify the statutory basis for entering closed session and cannot rely on vague or inapplicable statutes. The cited basis (Section 24-24 of the Illinois School Code) does not apply to members of the public and was misused to justify the exclusion of a citizen advocating for his child's educational rights.

The denial of ADA accommodations (after previously offering them), failure to provide meaningful access, and refusal to permit participation or defense also violate Title II of the Americans with Disabilities Act (42 U.S.C. § 12132) and due process requirements under *Mathews v. Eldridge*, 424 U.S. 319 (1976) and *Goss v. Lopez*, 419 U.S. 565 (1975). Finally, blocking Plaintiff's participation and speech based on his prior protected advocacy constitutes First Amendment retaliation and is actionable under 42 U.S.C. § 1983.

Applicable Authority:

- 5 ILCS 120/2(a) – OMA exemptions for closed session

- 5 ILCS 120/2.02(a) – Public notice and agenda requirements

- PAC Binding Opinion 12-016 – Public body's closed session compliance

- 105 ILCS 5/24-24 – (Student discipline statute misapplied here)

- 105 ILCS 5/10-20.12 – Parental rights to participate in education

- U.S. Constitution, Amendments I and XIV

- 42 U.S.C. § 1983 – Civil rights violations

- 42 U.S.C. § 12132 – ADA Title II access guarantees

- Mathews v. Eldridge, 424 U.S. 319 (1976)

- Goss v. Lopez, 419 U.S. 565 (1975)

Attached as Exhibit J to Appendix A:

Exhibit J1 – Email from Superintendent Bradley Hyre denying Plaintiff access to the Board
Meeting and enforcing communication restrictions.

Exhibit J2 – Special Board Meeting agenda showing the hearing was held in closed session with
no lawful exemption cited.

Exhibit J3 – Official meeting minutes documenting the unanimous Board vote to ban Plaintiff
under 105 ILCS 5/24-24 and naming all voting members with no lawful exemption cited.

Executed this 21th day of May, 2025.

Respectfully submitted

/s/ Jeffrey Luffman

Jeffrey Luffman
Pro Se Plaintiff
212 Camelot Dr.
Collinsville, IL 62040
(636) 675-4864
jeffrey.luffman@outlook.com

**Outlook**

---

## Re: Special Meeting of the Board of Education (12.16.2024-5:30PM)

---

**From** Bradley Hyre <bhyre@cusd.kahoks.org>

**Date** Mon 12/16/2024 2:46 PM

**To**    Jeffrey Luffman <jeffrey.luffman@outlook.com>

📎 1 attachment (93 KB)
December 16, 2024 at 5_30 PM - Special Meeting.pdf;

*Mr. Luffman.*

*The Hearing will be conducted during the Closed Session of the Special Meeting of the Board of Education. At that time you may attend either in person or virtually and submit, at that time, any evidence you have in oral or written form to refute the charges.*

*The Agenda for the Special Board Meeting is listed below (and attached).*

*The Special Meeting will start with Open Session at 5:30PM. The Hearing will be conducted during Closed Session at 5:35PM.*
*New Business will be conducted during the Open Session following the Closed Session.*

*Please note that there are separate Google Meet links for Open Session and Closed Session.*

1. Call to Order - President Peccola
2. Roll Call
3. Pledge of Allegiance
4. Public Forum
    1. Audience Input

5. Closed Session
    1. Conduct Hearing to Bar Individual from School Property and Activities

6. New Business
    1. Consider Resolution to Bar Individual from School Property and Activities

7. Adjourn

Monday, December 16, 2024 - 5:30PM
**Special Board Meeting - OPEN SESSION**
Meeting ID
**meet.google.com/jib-dkkn-tzs**
or join by Phone Number
(US)+1 615-348-5276
PIN: 479 159 729#

Monday, December 16, 2024 - 5:35PM
**Special Board Meeting - CLOSED SESSION**
Meeting ID
**meet.google.com/enr-zmzv-pmf**

or join by Phone Number
(US)+1 402-282-0257
PIN: 587 499 456#

Monday, December 16, 2024 - Following Closed Session
**Special Board Meeting - OPEN SESSION**
Meeting ID
**meet.google.com/jib-dkkn-tzs**

or join by Phone Number
(US)+1 615-348-5276
PIN: 479 159 729#

*Sincerely,*

*Brad Hyre*

On Mon, Dec 16, 2024 at 1:33 PM Jeffrey Luffman <jeffrey.luffman@outlook.com> wrote:

I am writing to formally request that the upcoming disciplinary meeting  be held as an open meeting. The matter to be discussed concerns only myself, and as such, I believe it should be conducted transparently in accordance with the Illinois Open Meetings Act.

Given that the issue directly involves me, I would like to be present and ensure that the proceedings are open to the public. If the meeting is planned to be held in closed session, I respectfully ask that it be reconsidered and conducted openly.

I'd like to have people speak on my behalf

Please confirm whether the meeting will be open to the public or if any accommodations can be made to allow for my attendance and participation. I appreciate your attention to this request and look forward to your response.

2 of 8

Thank you for your time and consideration.


Sincerely,


Jeff Luffman
9123187505
6366754864
jeffrey.luffman@outlook.com

---

**From:** Jeffrey Luffman <jeffrey.luffman@outlook.com>
**Sent:** Monday, December 16, 2024 1:27:07 PM
**To:** Bradley Hyre <bhyre@cusd.kahoks.org>; Public Access <Public.Access@ilag.gov>; Senator Tammy Duckworth <correspondence@duckworth.senate.gov>
**Subject:** Re: Special Meeting of the Board of Education (12.16.2024-5:30PM)

Not sure if you could read email. This is from the Illinois OMA

## Section 2.02 (a)

"A public body shall give notice of the time, date, and location of all its regular and special meetings… The notice shall also include an agenda… The notice shall include a statement of the nature of the business to be transacted at the meeting and, if the meeting is to be held in closed session, a statement of the specific exemption under Section 2(c) of this Act that authorizes the public body to close the meeting."


This part of the law makes it clear that:

- Notices must specify if the meeting is open or closed.


Jeff Luffman

*3 of 8*

9123187505
6366754864
jeffrey.luffman@outlook.com

---

**From:** Jeffrey Luffman <jeffrey.luffman@outlook.com>
**Sent:** Monday, December 16, 2024 1:24:21 PM
**To:** Bradley Hyre <bhyre@cusd.kahoks.org>; Public Access <Public.Access@ilag.gov>; Senator Tammy Duckworth <correspondence@duckworth.senate.gov>
**Subject:** Re: Special Meeting of the Board of Education (12.16.2024-5:30PM)

Section 2.02 (a)
"A public body shall give notice of the time, date, and location of all its regular and special meetings… The notice shall also include an agenda… The notice shall include a statement of the nature of the business to be transacted at the meeting and, if the meeting is to be held in closed session, a statement of the specific exemption under Section 2(c) of this Act that authorizes the public body to close the meeting."

This part of the law makes it clear that:
• Notices must specify if the meeting is open or closed.

Jeff Luffman
9123187505
6366754864
jeffrey.luffman@outlook.com

---

**From:** Jeffrey Luffman <jeffrey.luffman@outlook.com>
**Sent:** Monday, December 16, 2024 11:51:28 AM
**To:** Bradley Hyre <bhyre@cusd.kahoks.org>; Public Access <Public.Access@ilag.gov>; Senator Tammy Duckworth <correspondence@duckworth.senate.gov>
**Subject:** Re: Special Meeting of the Board of Education (12.16.2024-5:30PM)

Sir, please direct me to the notice of the closed meeting at 5:35pm

Jeff Luffman
9123187505
6366754864
jeffrey.luffman@outlook.com

4 of 8

**From:** Jeffrey Luffman <jeffrey.luffman@outlook.com>
**Sent:** Monday, December 16, 2024 10:59:01 AM
**To:** Bradley Hyre <bhyre@cusd.kahoks.org>; Public Access <Public.Access@ilag.gov>; Senator Tammy
Duckworth <correspondence@duckworth.senate.gov>
**Subject:** Re: Special Meeting of the Board of Education (12.16.2024-5:30PM)

I'm also not seeing the closed meeting announcement. Is mine the 5:30 pm open meeting planned
for 5 minutes? My meeting is scheduled for 5:30pm correct?

Jeff Luffman
9123187505
6366754864
jeffrey.luffman@outlook.com

---

**From:** Jeffrey Luffman <jeffrey.luffman@outlook.com>
**Sent:** Monday, December 16, 2024 10:46:55 AM
**To:** Bradley Hyre <bhyre@cusd.kahoks.org>; Public Access <Public.Access@ilag.gov>; Senator Tammy
Duckworth <correspondence@duckworth.senate.gov>
**Subject:** Re: Special Meeting of the Board of Education (12.16.2024-5:30PM)

Thank you. I assume all of my emails up to now will be a part of my defense.

I assume I can record both meetings

Jeff Luffman
9123187505
6366754864
jeffrey.luffman@outlook.com

---

**From:** Bradley Hyre <bhyre@cusd.kahoks.org>
**Sent:** Monday, December 16, 2024 10:40:49 AM
**To:** Jeffrey Luffman <jeffrey.luffman@outlook.com>
**Subject:** Special Meeting of the Board of Education (12.16.2024-5:30PM)

*Mr. Luffman,*

*Please note that the scheduled Hearing on Monday, December 16, 2024 at 5:30PM has **not** been
cancelled nor has the agenda changed. As stated in the District's correspondence of December 6,
2024, the Board of Education will conduct a hearing during a Special Meeting of the Board of
Education on the charges on December 16, 2024 at 5:30 p.m. at the Collinsville CUSD10
Administrative Annex, 123 West Clay Street, Collinsville, Illinois. You may attend the hearing and
submit, at that time, any evidence you have in oral or written form to refute the charges.*

*5 of 8*

*Please see the agenda (attached) which is posted on the CUSD10 website.*

*We have arranged for a virtual option for you to attend tonight's meetings via Google Meet. Below, please see the links for the Open and Closed Meetings of the Board of Education.*

Monday, December 16, 2024 - 5:30PM
**Special Board Meeting - OPEN SESSION**
Meeting ID
**meet.google.com/jib-dkkn-tzs**
or join by Phone Number
(US)+1 615-348-5276
PIN: 479 159 729#

Monday, December 16, 2024 - 5:35PM
**Special Board Meeting - CLOSED SESSION**
Meeting ID
**meet.google.com/enr-zmzv-pmf**
or join by Phone Number
(US)+1 402-282-0257
PIN: 587 499 456#

*Please note that you will* need a Google account to use Google Meet.

For Meet meetings, you'll need:

The Meet mobile app or the Gmail mobile app or a supported web browser.

A compatible device with minimum system requirements.

A supported operating system.

A broadband connection to the internet. Learn how to prepare your network.

A built-in web camera or external USB camera.

*Sincerely,*

*Brad Hyre*

On Mon, Dec 16, 2024 at 7:29 AM Jeffrey Luffman <jeffrey.luffman@outlook.com> wrote:If my meeting is canceled can I have permission to join the scheduled meetings by zoom or whatever communication platform the school board has used in the past to conduct remote meetings please

Jeffrey Luffman
9123187505
6366754864

--

6 of 8

Brad Hyre
Assistant Superintendent - Student Services
Collinsville Community Schools
123 West Clay Avenue
Collinsville, Illinois 62234
PH: 618-346-6350 x4235
Email: bhyre@cusd.kahoks.org

*"Do something today that your future self will thank you for."*

SPAM Alert: If you are expecting, but do not receive, a reply to this email within 72 hours, please contact me using one of the alternative methods below (phone or fax). Due to SPAM blocking on our email server, your message may be inadvertently blocked. Thank you.

This transmission is intended and restricted for use by the above addressee only. It may contain confidential and/or privileged information exempt from disclosure under federal or state law. In the event some other person or entity receives this transmission, said recipient is hereby notified that any dissemination, distribution, or duplication of this transmission or its contents is prohibited. If you should receive this transmission in error, please call us immediately at 618-346-6350. Delete the file from your system and destroy any hard copies of this transmission. Thank you.

This transmission is intended and restricted for use by the above addressee only. It may contain confidential and/or privileged information exempt from disclosure under federal or state law. In the event some other person or entity receives this transmission, said recipient is hereby notified that any dissemination, distribution, or duplication of this transmission or its contents is prohibited. If you received this transmission in error, please call us immediately at 618-346-6350. Delete the file from your system and destroy any hard copies of this transmission. Thank you.

--

Brad Hyre
Assistant Superintendent - Student Services
Collinsville Community Schools
123 West Clay Avenue
Collinsville, Illinois 62234
PH: 618-346-6350 x4235
Email: bhyre@cusd.kahoks.org

*"Do something today that your future self will thank you for."*

SPAM Alert: If you are expecting, but do not receive, a reply to this email within 72 hours, please contact me using one of the alternative methods below (phone or fax). Due to SPAM blocking on our email server, your message may be inadvertently blocked. Thank you.

This transmission is intended and restricted for use by the above addressee only. It may contain confidential and/or privileged information exempt from disclosure under federal or state law. In the event some other person or entity receives this transmission, said recipient is hereby notified that any dissemination, distribution, or duplication of this transmission or its contents is prohibited. If you should receive this transmission in error, please call us immediately at 618-346-6350. Delete the file from your system and destroy any hard copies of this transmission. Thank you.

This transmission is intended and restricted for use by the above addressee only. It may contain confidential and/or privileged information exempt from disclosure under federal or state law. In the event some other person or entity receives this transmission, said recipient is hereby notified that any

dissemination, distribution, or duplication of this transmission or its contents is prohibited. If you received this transmission in error, please call us immediately at 618-346-6350. Delete the file from your system and destroy any hard copies of this transmission. Thank you.

8 of 8

*Appendix A  Exhibit J2*



## Collinsville Community Unit School District 10

201 West Clay Street  •  Collinsville, IL 62234  •  618-346-6350  •  *fax* 618-343-3673

**NOTICE OF**

**SPECIAL MEETING - BOARD OF EDUCATION**
**Unit #10 Administrative Annex**
**123 W. Clay, Collinsville, IL 62234**
**Monday, December 16, 2024**
**5:30 PM**

### AGENDA

1. **Call to Order - President Peccola**

2. **Roll Call**

3. **Pledge of Allegiance**

4. **Public Forum**
   1. Audience Input

5. **Closed Session**
   1. Conduct Hearing to Bar Individual from School Property and Activities

6. **New Business**
   1. Consider Resolution to Bar Individual from School Property and Activities

7. **Adjourn**

1

Appendix A Exhibit J3

**COLLINSVILLE COMMUNITY UNIT SCHOOL DISTRICT NO. 10**
**COLLINSVILLE, ILLINOIS**
**Special Meeting, Monday, December 16, 2024**

## SUMMARY

1. Call to Order
2. Roll Call
3. Audience Input
4. Closed Session
5. Return to Open Session
6. Report on Closed Session Discussion
7. Approval of Resolution to Bar Individual from School Property and Activities
8. Adjournment

Page 1 of 3

Minutes - Special Meeting, December 16, 2024                                    Page 2

**COLLINSVILLE COMMUNITY UNIT SCHOOL DISTRICT NO. 10
COLLINSVILLE, ILLINOIS
Special Meeting, Monday, December 16, 2024
5:30 p.m.**

| | | |
|---|---|---|
| **Call to Order** | 1. | A Special Meeting was held by the Board of Education of Collinsville Community Unit School District No. 10 on Monday, December 16, 2024 at 5:30 p.m., at the Unit #10 Administrative Annex, 123 W. Clay Street, Collinsville, Illinois. |
| **Roll Call** | 2. | Those members present were: Jane Soehlke, Secretary; Gary Peccola, President; Jeree Bronnbauer; Dennis Craft, Treasurer; Vicki Reulecke, Vice President; and Michele Stutts. Absent was Jennifer Hasamear. |
| **Audience Input** | 3. | Mr. Peccola provided an opportunity for public input, and no one sought to be recognized. |
| **Closed Session (Motion Passed)** | 4. | A motion was made by Soehlke and seconded by Reulecke that the Board adjourn to Closed Session to hear evidence or testimony presented regarding denial of admission to school events or property pursuant to Section 24-24 of the School Code, provided that the school board prepares and makes available for public inspection a written decision setting forth its determinative reasoning, pursuant to 5 ILCS 120/2(c)(4.5).  Motion passed on roll call vote as follows: Soehlke, yes; Peccola, yes; Bronnbauer, yes; Craft, yes; Hasamear, absent; Reulecke, yes; Stutts, yes. (5:32 p.m.) |
| **Return to Open Session** | 5. | The Special Meeting returned to Open Session at 5:53 p.m. Those members present on roll call were: Soehlke, Peccola, Bronnbauer, Craft, Reulecke and Stutts. Absent was Hasamear. |
| **Report on Closed Session Discussion** | 6. | Mrs. Soehlke reported that during Closed Session the Board discussed the following: |
| | | 1. Evidence or testimony presented regarding denial of admission to school events or property pursuant to Section 24-24 of the School Code, provided that the school board prepares and makes available for public inspection a written decision setting forth its determinative reasoning, pursuant to 5 ILCS 120/2(c)(4.5). |
| **Approval of Resolution to Bar Individual from School Property and Activities** | 7. | A motion was made by Soehlke and seconded by Reulecke that the Board of Education approve a resolution to bar Jeffrey Luffman from entering onto the Collinsville Community Unit School District No. 10 property, from attending all school related activities and events, whether home or away, for a period of one year from December 6, 2024 through and including December 5, |

2 of 3

Minutes - Special Meeting, December 16, 2024                              Page 3

| | |
|---|---|
| **(Motion Passed)** | 2025, unless he receives prior written permission from the Superintendent of Schools or his designee.  Motion passed on roll call vote as follows: Soehlke, yes; Peccola, yes; Bronnbauer, yes; Craft, yes; Hasamear, absent; Reulecke, yes; Stutts, yes. |
| **Adjournment** | 8.  There being no further business, Mr. Peccola declared the meeting adjourned at 5:55 p.m. |

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

Jeffrey Luffman,
Plaintiff,

v.

Collinsville Community Unit School District #10, et al.,
Defendants.

Case No: 25-CV-842-SPM

APPENDIX A – TIMELINE OF EVENTS
Expanded Legal Discussion for Exhibit K – December 17, 2024: Retaliatory Ban Notice and Suppression of Protected Speech

The December 17, 2024 letter from School Board President Gary Peccola, issued following the Collinsville CUSD #10 Board of Education's vote to bar the Plaintiff from school property, reflects a direct institutional endorsement of actions taken in retaliation for constitutionally protected activity. Every act referenced in the lead-up to this ban—from email communications to school officials, to the formal complaint submitted through ParentSquare, to public meeting requests and ADA accommodation inquiries—constitutes core First Amendment expression and lawful petitioning of government officials.

1. Protected Expression Under the First Amendment

All of Plaintiff's communications to Superintendent Brad Skertich, Assistant Superintendent Brad Hyre, Principal Laura Bauer, and the Board of Education were directed at government employees in their official capacities. These messages concerned matters of public importance—specifically, the education, health, and safety of Plaintiff's daughter, and the conduct of public officials in the administration of school duties.

Such speech is protected under the First Amendment's right to freedom of speech and to petition the government for redress of grievances. As the U.S. Supreme Court held in *City of Houston v. Hill*, 482 U.S. 451 (1987), speech directed at public officials—even if critical or repetitive—is protected unless it incites immediate unlawful action. In *Borough of Duryea v. Guarnieri*, 564 U.S. 379 (2011), the Court confirmed that the Petition Clause protects individuals from government retaliation when they speak out in grievance processes, such as complaints or advocacy.

Likewise, the Seventh Circuit in *Surita v. Hyde*, 665 F.3d 860 (7th Cir. 2011), specifically affirmed that emails to public school officials expressing parental concerns constitute protected speech. Retaliating against such communications—by banning the speaker, restricting their

access, or using those emails as "evidence of misconduct"—violates the First Amendment and is
actionable under 42 U.S.C. § 1983.

2. Misuse of Disciplinary Authority and Omission of Required Reporting

Collinsville CUSD #10 officials have cited 105 ILCS 5/24-24 of the Illinois School Code as the
basis for the Plaintiff's ban. That provision authorizes school personnel to manage student
discipline and use reasonable force to protect students and staff from physical threats.

However, this statute does not apply to parents or members of the public. Furthermore, it
includes mandatory reporting obligations: if a parent or other person engages in "intimidation,
harassment, or threats" on school property, administrators are required to report such incidents
immediately to local law enforcement or appropriate authorities.

Despite imposing a severe sanction on the Plaintiff based on vague claims of inappropriate
emails or tone, no incident report, safety alert, or police report was ever filed by any
administrator. This absence of documentation confirms that Plaintiff's conduct did not rise to any
threshold of unlawful, threatening, or disruptive behavior, and that his actions were limited to
nonviolent, constitutionally protected speech.

By contrast, Principal Laura Bauer admitted to a felony: the unauthorized deletion of
ParentSquare educational records, which constituted violations of the Illinois Local Records Act
(50 ILCS 205/1 et seq.), FERPA (20 U.S.C. § 1232g), and the Illinois School Student Records
Act (ISSRA, 105 ILCS 10/6). Yet this admitted felony was omitted from the Board's notice,
omitted from the hearing process, and never reported to law enforcement, demonstrating clear
retaliatory and selective enforcement by district officials.

3. Institutional Retaliation and Viewpoint Discrimination

The December 17 letter demonstrates viewpoint discrimination and retaliation by the Board,
codifying a disciplinary outcome rooted not in public safety, but in silencing dissent and
suppressing the Plaintiff's exercise of parental and civic rights. The Board acknowledged no
threats, no safety violations, and no factual justification that would satisfy the standard in *Tinker
v. Des Moines*, 393 U.S. 503 (1969), or *Nieves v. Bartlett*, 139 S. Ct. 1715 (2019), which prohibit
penalizing speech absent a true disruption or unlawful conduct.

Further, by omitting any mention of the admitted record destruction by Principal Bauer—while
simultaneously punishing Plaintiff for objecting to it—the district engaged in selective
enforcement, punishing the messenger while protecting institutional misconduct. This form of
retaliation is not only unlawful under federal law but evidences willful indifference to civil rights
violations under *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

Conclusion

The December 17, 2024 letter from Board President Peccola is not a neutral administrative document—it is the final act in a coordinated sequence of unlawful retaliation. It confirms the district's refusal to address due process violations, the illegal welfare check, felony-level records destruction, and constitutionally protected parental advocacy. Its omissions are as telling as its contents, and its legal implications reach far beyond administrative discipline into clear violations of the U.S. Constitution and Illinois law.

Attached as Exhibit K to Appendix A:
Letter from Board President Gary Peccola dated December 17, 2024, confirming the ban without reference to protected First Amendment activity, the illegal welfare check, ADA violations, or Bauer's admitted felony records destruction.

Executed this 21th day of May, 2025.

Respectfully submitted

/s/ Jeffrey Luffman

Jeffrey Luffman
Pro Se Plaintiff
212 Camelot Dr.
Collinsville, IL 62040
(636) 675-4864
jeffrey.luffman@outlook.com



## Collinsville Community Unit School District 10

201 West Clay Street  •  Collinsville, IL 62234  •  618-346-6350  •  *fax* 618-343-3673

December 17, 2024

*Via Regular and Certified Mail Return Receipt Requested*

# MR. JEFFREY LUFFMAN
# 212 CAMELOT DR
# COLLINSVILLE IL 62234

**Re:    Notice of Bar**

Dear Mr. Luffman:

You are hereby notified that at the special meeting of the Board of Education of the Collinsville Community Unit School District Number Ten (10) ("Board"), held on December 16, 2024, a resolution was duly adopted by a majority of the Board of Education to bar you from entering onto Collinsville School District property and from attending all school events, whether home or away, without the prior written permission from the Superintendent of Schools or his designee, for a period of one year from December 6, 2024 through and including December 5, 2025.

This bar letter applies to Collinsville School District property, and any location in which home or away events are conducted. You may request permission to attend legally required meetings for your child and the District will process your attendance request.

The bar letter is being imposed because it was determined that you engaged in the following conduct in violation of Board Policy:

During multiple electronic mail communication with Collinsville CUSD10 District employees, you engaged in aggressive, intimidating and harassing behavior, which included vulgar and obscene language. Your behavior was disruptive to the school environment in violation of Board Policy 8:30. Specifically, you engaged in the following aggressive, intimidating, inappropriate, and harassing behavior:

**1.** On Saturday, November 14, 2024 at 7:29AM, you posted a message on a Parent Square message thread to Meagen Rozycki and Mrs. Rader (your child's teacher) which referenced your previous drug and alcohol use.

**2.** On the morning of Friday, November 22, 2024 during a telephone call with Mrs. Laura Bauer, Principal at Renfro Elementary School, you stated that female employees at the school were having an implied negative impact on your daughter, referencing female employees as "you women", and that given the chance you could do more than all of "*you girls*".

**3.** On Tuesday, November 26, 2024 at 4:36PM, Dr. Skertich (CUSD10 Superintendent of Schools) sent you an Email (cc to Mrs. Bauer) entitled "Nurse's Notes" which provided requested health notes from

1

Mrs. Lisa Sabatino (Renfro Elementary School Nurse) regarding your daughter's visit to the school health office on October 31, 2024, November 1, 2024 and November 22, 2024. You responded with correspondence to his Email in nineteen (19) separate messages including: November 26, 2024 (5:31PM, 5:43PM, 6:02PM, and 6:50PM), November 30, 2024 (9:21PM, 10:17PM, 10:30PM, 10:32PM, 10:40PM, 10:42PM, 11:16PM, 11:25PM, 11:29PM, 11:32PM, 11:39PM, 11:44PM and 11:53PM) and December 1, 2024 (12:12AM and 12:23AM). Your responses were threatening and concerning. You used vulgar language, called yourself a warrior, warned staff about "how serious this all is", and included the following comments:

> *"I'm curious at this point if any of you still have any integrity. I'm sorry if you don't like my tone when I deliver this message. How many people will you take with you at this point. Shane on you all. You deserve to be held accountable for all of this. You have taken all this unnecessary action to a great man and father."*

> *"The truth will set you free. How's it feel?"*

> *"I hope y'all fucking go to prison where you belong."*

> *"Is this all starting sink into you all how serious this all is? Wow. Why?"*

> *"I know mom has a thing for police officers. Id hate to think anything of this happened because an officer was having a relationship with my childs mom."*

> *"Wouldnt be awesome if for some reason the police were monitoring our conversations?"*

**4.** On Monday, December 2, 2024 at 12:20PM, Dr. Skertich sent an Email to you (cc to Mrs. Bauer) in response to health information regarding your daughter. In his Email to you, he responded to your questions and concerns and asked to schedule a meeting with you to discuss communication, the frequency of communication and next steps in partnership in working for educational success for your daughter. You sent responses to his Email that same day (December 2, 2024) at 12:31PM, 12:57PM, 1:07PM and on December 3, 2024 at 7:19AM and 8:18AM. In your responses, you claimed that Dr. Skertich was lying and stated you were not interested in talking. You then sent additional email correspondence which were concerning regarding your mental state and included the comment "*Take great care of my daughter please*  ' '" which prompted a wellness check.

**5.** On Monday, December 2, 2024 at 4:16PM, you responded to an Email from Mrs. Latoya Berry-Coleman (CUSD10 Director of Curriculum and Instruction/Complaint Manager) in request to assist in her investigation regarding your complaints. You ended your Email response by stating "*Why go down with these people.*"

**6.** On Tuesday, December 3, 2024 at 3:32PM in an Email thread entitled "Parenting Plan and Future Communication", you responded with correspondence in twenty two (22) separate messages including December 3, 2024 (3:34PM, 3:41PM, 3:43PM, 3:50PM, 4:04PM, and 4:34PM); December 4, 2024 (3:51AM, 8:22AM, 5:59PM, 6:46PM, 7:01PM, and 7:26PM); December 5, 2024 (5:28AM, 6:45AM, 7:30AM, and 4:23PM); December 6, 2024 (5:40AM, 7:29AM, 7:39AM, 7:55AM and 8:11AM) and December 12, 2024 (4:13AM). Your responses included: telling the Collinsville Police Department to check on Dr. Skertich because you were concerned for him; stating that this situation is less than favorable for all involved; repeatedly referencing an investigation into Dr. Skertich; asking if "a stranger emergency response" would be initiated if you visited school and referencing a location where your child was instructed to take shelter during safety drills; referencing your mental health and questioning why Maryville University contacted you regarding behavioral health support; stating "imagine a world" where you volunteer at the elementary school to keep it safe; referencing a school lesson on light and darkness, your conversation at lunch with your daughter about light and darkness and questioning the

2

school's communication with you related to light and darkness; and stating that you are concerned about your daughter's maternal grandmother's alcohol use and its impact on your daughter and the family. Your repeated aggressive and inappropriate emails are a significant concern to staff.

**7.** On Friday, December  6, 2024 at 4:34PM in an Email thread entitled "Notice of Charges and Hearing", you responded with correspondence in twenty eight (28) separate responses including: December 6, 2024 (4:51PM); December 7, 2024 (5:58AM, 7:34AM, 4:31PM, and 6:42PM); December 8, 2024 (4:28AM, 4:55AM, 5:07AM, 5:16AM, 5:19AM, 5:22AM, 5:27AM, 5:34AM, 5:39AM, 5:46AM, 5:52AM, 6:01AM, 6:18AM, 6:41AM, 7:16AM, and 7:18AM); December 9, 2024 (4:37AM, 5:56AM, 6:28AM, 7:58AM, 9:12AM and 11:34AM); and December 12, 2024 (7:02AM).  Response topics included but were not limited to: repeatedly restating the same concerns including concerns with District Email signatures, multiple emails which included copied and pasted content from other sources (presumably AI generated content) with legal references, claims of violations of board policies and multiple state and federal laws (which were not discussed with you or at issue related to your complaints), allegations regarding the District's employment practices, calling yourself as a "peaceful warrior" and referring to this being a "cannabis use and testing issue." Your emails were repeated and harassing resulting in hundreds of pages of information sent to staff.

**8.** On Monday, December 9, 2024 at 4:34PM in an Email thread entitled "Notice of Charges and Hearing Response", you responded through multiple messages on December 9 (4:55PM) and December 11, 2024 (3:02AM, 3:43AM, and 9:55AM) which included questions about evidence to defend yourself, repeatedly asking questions multiple times, questioning the investigation of your complaints and bar procedures, and claiming the loss of impartiality of the School Board.

**9.** You sent additional Email correspondence on Sunday, December 15, 2024 (3:45AM, 6:03AM, 6:08AM, 6:19AM, 6:24AM, 6:52AM and 9:39AM) and on Monday, December 16, 2024 (4:37AM, 5:55AM, 7:29AM, 10:46AM, 10:59AM, 11:17AM, 11:51AM, 1:24PM, 1:27PM, 1:33PM and 2:48PM) regarding topics included but not limited to: questioning the Special Board Meeting agenda and public notice, asking if you have committed a crime, and if so, can you turn yourself in.

Your behavior has been aggressive and harassing. You have continued to send harassing and concerning email correspondence to multiple District staff members. As a result of the sequence of events, the Collinsville Police Department has been given all information regarding your behavior during the telephone calls and Email communication with District officials.

Your conduct and behavior violated Board Policy 8:30, created an intimidating, harassing, and hostile, educational environment which has caused staff members to fear for their safety.

If you enter upon Collinsville School District property or a school sponsored event in violation of this directive, we will immediately contact law enforcement officials to remove you and we will file criminal trespass charges against you.

Board of Education of
Collinsville Community Unit School District No. 10
Counties of Madison and St. Clair
State of Illinois

President, Board of Education

3

**RESOLUTION AUTHORIZING NOTICE TO BAR FROM SCHOOL DISTRICT PROPERTY**

**WHEREAS,** the Board of Education of Collinsville Community Unit School District No. 10, Counties of Madison and St. Clair, State of Illinois, has the responsibility to manage and operate the schools of said district; and

**WHEREAS,** the Board of Education has the power to make and enforce reasonable rules of conduct while on school property and at school activities, and to exclude persons who violate such rules from property and from attending such events for a period not to exceed one year, pursuant to its authority under <u>The School Code</u>; and

**WHEREAS,** the Board of Education has received information, reports and recommendations from its administrative staff regarding the conduct of Mr. Jeffrey Luffman, which indicate that he engaged in behavior disruptive to the school environment, harassing towards school staff, and that jeopardized the safety and welfare of staff and students in violation of Board Policy; and

**WHEREAS,** in a closed session hearing before the Board of Education on December 16, 2024, the Board of Education offered Mr. Jeffrey Luffman an opportunity to respond to the allegations regarding his harassing conduct; and

**WHEREAS,** the Board of Education has determined that sufficient reasons and causes exist to bar Mr. Jeffrey Luffman from entering onto the Collinsville School District property and from attending all District events, whether home or away, without the prior written permission from the Superintendent of Schools or his designee, for a period of one year from December 6, 2024 through and including December 5, 2025 and that such reasons and causes have a detrimental effect on students, school district employees and the Board of Education; and

**WHEREAS,** the Board of Education hereby finds and determines that the best interests of the School District requires the immediate exclusion of Mr. Jeffrey Luffman from the Collinsville School District property and attendance at all District events, whether home or away, without the prior written permission from the Superintendent of Schools or his designee, for a period of one year, based upon the charges set forth in the Notice of Charges and Hearing dated December 6, 2024 and Notice of Bar in the attached Exhibit;

**NOW, THEREFORE**, Be It Resolved by the Board of Education of Collinsville Community Unit School District Number Ten (10), Counties of Madison and St. Clair, State of Illinois, as follows:

<u>**Section 1**</u>.  The Board of Education hereby finds that all of the recitals contained in the preambles to this Resolution are full, true and correct and incorporates them into this Resolution by this reference.

<u>**Section 2.**</u>  Based on substantial evidence, the Board of Education finds that Mr. Jeffrey Luffman committed the violations as set forth in the Notice of Bar, attached hereto and incorporated herein as the Exhibit.

4

**Section 3.** The Board of Education has determined that sufficient reasons and causes exist to bar Mr. Jeffrey Luffman from the Collinsville School District property and from attending all District events, whether home or away, without the prior written permission from the Superintendent of Schools or his designee, for a period of one year from December 6, 2024 through and including December 5, 2025.

**Section 4.** That Mr. Jeffrey Luffman be barred from the Collinsville School District property and from attending all District events, whether home or away, without the prior written permission of the Superintendent of Schools or his designee, for a period of one year from December 6, 2024 through and including December 5, 2025, and that he be issued a Notice of Bar, substantially in the form of and for the causes and reasons set forth in the Exhibit, attached hereto and made a part hereof.

**Section 5.** That the President and Secretary of the Board of Education are hereby authorized and directed to send said Notice to Bar to Mr. Jeffrey Luffman by regular and certified mail, return receipt requested.

**Section 6.** That the Superintendent or his designee shall also deliver a copy of said Notice of Bar to the local law enforcement authorities.

**Section 7.** That this Resolution shall be in full force and effect immediately upon its passage.

**ADOPTED** this 16th day of December 2024 by the following vote;

AYES:     6
NAYS:     0
ABSENT:  1

Board of Education of Collinsville Community Unit School District No. 10, Counties of Madison and St. Clair State of Illinois

_____
President, Board of Education

ATTEST:

_____
Secretary, Board of Education

5

**8:30 Visitors to and Conduct on School Property**

The following definitions apply to this policy:

**School property** - District and school buildings, grounds, and parking areas; vehicles used for school purposes; and any location used for a School Board meeting, school athletic event, or other school-sponsored event.

**Visitor** - Any person other than an enrolled student or District employee.

All visitors to school property are required to report to the Building Principal's office and receive permission to remain on school property. All visitors must sign a visitors' log, show identification, and wear a visitor's badge. When leaving the school, visitors must return their badge. On those occasions when large groups of parents and friends are invited onto school property, visitors are not required to sign in but must follow school officials' instructions. Persons on school property without permission will be directed to leave and may be subject to criminal prosecution.

Except as provided in the next paragraph, any person wishing to confer with a staff member should contact that staff member by telephone or email to make an appointment. Conferences with teachers are held, to the extent possible, outside school hours or during the teacher's conference/preparation period.

Requests to access a school building, facility, and/or educational program, or to interview personnel or a student for purposes of assessing the student's special education needs, should be made at the appropriate building. Access shall be facilitated according to guidelines from the Superintendent or designee.

The School District expects mutual respect, civility, and orderly conduct among all people on school property or at a school event. No person on school property or at a school event (including visitors, students, and employees) shall perform any of the following acts:

1. Strike, injure, threaten, harass, or intimidate a staff member, a Board member, sports official or coach, or any other person.
2. Behave in an unsportsmanlike manner, or use vulgar or obscene language.
3. Unless specifically permitted by State law, possess a weapon, any object that can reasonably be considered a weapon or looks like a weapon, or any dangerous device.
4. Damage or threaten to damage another's property.
5. Damage or deface school property.
6. Violate any Illinois law, or town or county ordinance.
7. Smoke or otherwise use tobacco products.
8. Distribute, consume, use, possess, or be under the influence of an alcoholic beverage or illegal drug; be present when the person's alcohol or illegal drug consumption is detectible, regardless of when and/ or where the use occurred.
9. Use or possess medical cannabis.
10. Impede, delay, disrupt, or otherwise interfere with any school activity or function (including using cellular phones in a disruptive manner).
11. Enter upon any portion of school premises at any time for purposes other than those that are lawful and authorized by the Board.
12. Operate a motor vehicle: (a) in a risky manner, (b) in excess of 20 miles per hour, or (c) in violation of an authorized District employee's directive.
13. Engage in any risky behavior, including roller-blading, roller-skating, or skateboarding.
14. Violate other District policies or regulations, or a directive from an authorized security officer or District employee.
15. Engage in any conduct that interferes with, disrupts, or adversely affects the District or a School function.

Convicted Child Sex Offender

State law prohibits a child sex offender from being present on school property or loitering within 500 feet of school property when persons under the age of 18 are present, unless the offender is:

1. A parent/guardian of a student attending the school and has notified the Building Principal of his or her presence at the school for the purpose of: (i) attending a conference at the school with school personnel to discuss the progress of his or her child academically or socially, (ii) participating in child review conferences in which evaluation and placement decisions may be made with respect to his or her child regarding special education services, or (iii) attending conferences to discuss other student issues concerning his or her child such as retention and promotion; or
2. Has permission to be present from the Board, Superintendent, or Superintendent's designee. If permission is granted, the Superintendent or Board President shall provide the details of the offender's upcoming visit to the Building Principal.

In all cases, the Superintendent, or designee who is a certified employee, shall supervise a child sex offender whenever the offender is in a child's vicinity.

Authorized agents of an exclusive bargaining representative, upon notifying the Building Principal's office, may meet with a school employee (or group of employees) in the school building during duty-free times of such employees.

**Also, please refer to the following current agreement:**

**Agreement between Collinsville Community Unit District No. 10 and Collinsville Education Association**

Enforcement

Any staff member may request identification from any person on school property; refusal to provide such information is a criminal act. The Building Principal or designee shall seek the immediate removal of any person who refuses to provide requested identification.

Any person who engages in conduct prohibited by this policy may be ejected from school property. The person is also subject to being denied admission to school events or meetings for up to one calendar year.

Procedures to Deny Future Admission to School Events or Meetings

Before any person may be denied admission to school events or meetings as provided in this policy, the person has a right to a hearing before the Board. The Superintendent may refuse the person admission pending such hearing. The Superintendent or designee must provide the person with a hearing notice, delivered or sent by certified mail with return receipt requested, at least 10 days before the Board hearing date. The hearing notice must contain:

1. The date, time, and place of the Board hearing;
2. A description of the prohibited conduct;
3. The proposed time period that admission to school events will be denied; and
4. Instructions on how to waive a hearing.

LEGAL REF.:

Nuding v. Cerro Gordo Community Unit School Dist., 730 N.E.2d 96 (Ill.App.4, 2000).

Pro-Children Act of 1994, 20 U.S.C. §7181 et seq.

105 ILCS 5/10-20.5b, 5/24-24, and 5/24-25.

410 ILCS 130/, Compassionate Use of Medical Cannabis Pilot Program.

430 ILCS 66/, Firearm Concealed Carry Act.

720 ILCS 5/11-9.3.

CROSS REF.: 4:170 (Safety), 5:50 (Drug and Alcohol-Free Workplace; Tobacco Prohibition), 6:120 (Education of Children with Disabilities), 6:250 (Community Resource Persons and Volunteers), 7:190 (Student Behavior), 8:20 (Community Use of School Facilities)

ADOPTED: January 23, 2017

Collinsville Community Unit School District 10

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

Jeffrey Luffman,
Plaintiff,

v.

Collinsville Community Unit School District #10, et al.,
Defendants.

Case No: 25-CV-842-SPM

Exhibit L – December 18, 2024 through February 6, 2025: Unauthorized and Undocumented Social Work Services Administered to Plaintiff's Child Without Parental Consent in Violation of State and Federal Law

Event Range: December 18, 2024 – February 6, 2025

Summary of Content:
Beginning December 18, 2024, Plaintiff engaged in a series of email communications with Collinsville CUSD #10 personnel objecting to school-based social work services being delivered to his child, D.L., without his informed written consent. The plaintiff explicitly referenced a pending court-ordered psychiatric evaluation in Madison County Family Court (Case No. 22-DC-325) and informed the district that any overlapping school-based behavioral intervention—especially those involving diagnosis, counseling, or emotional regulation services—must be halted pending judicial review.

Despite this clear notice, records later confirmed that Sarah Gafford, LCSW, a licensed school social worker employed by the district and also a Medicaid biller, continued to administer care to Plaintiff's child without proper documentation, parental authorization, or legal authority. At no point did Gafford issue or share the required progress notes, assessment data, consent forms, intervention plans, or discharge documentation in accordance with FERPA, ISSRA, and professional standards.

Superintendent Brad Skertich responded by defending the continuation of services and demonstrated willful ignorance of state and federal consent laws. He made no effort to confirm whether services had been paused or documented properly, and failed to produce a legal basis for Gafford's involvement in mental health-related care.

Legal Violations and Standards Implicated:

1. FERPA (20 U.S.C. § 1232g)
– Requires parental consent prior to disclosure or access to a student's educational records, including behavioral and psychological service data.

– Failure to document or share the nature of care provided violates FERPA access and privacy rules.

2. Illinois School Student Records Act (ISSRA, 105 ILCS 10/6)
– Requires parental consent for psychological evaluations, counseling services, and the maintenance of temporary student records.
– Failure to include care notes or consent forms in the child's educational record constitutes a statutory violation.

3. Illinois Local Records Act (50 ILCS 205/1 et seq.)
– Mandates retention of public records, including social work communications and care documentation, for specific timeframes.
– The failure to document care delivered by a public employee constitutes felony-level misconduct under this statute.

4. Illinois School Code (105 ILCS 5/14-1.09)
– Defines "related services" to include social work and counseling, which require compliance with parental consent standards under both state and federal law.

5. Illinois Administrative Code (23 Ill. Admin. Code § 226.840)
– Requires that school-based mental health interventions include written parental consent, individualized plans, and documented service notes.

6. NASW Code of Ethics
– Mandates informed consent, transparency, accurate recordkeeping, and respect for family decision-making in all aspects of social work care involving minors.

7. Illinois Medicaid Handbook (School-Based Health Services Program)
– Requires that any Medicaid-reimbursed school-based services include written parental consent, individualized service documentation, and compliance with federal Medicaid billing standards.
– Gafford's failure to produce service logs, progress notes, treatment goals, or informed consent documents may constitute Medicaid fraud, reportable to the Illinois Department of Healthcare and Family Services (HFS) and the Office of Inspector General (OIG).

8. Illinois Clinical Social Work and Social Work Practice Act (225 ILCS 20/)
– Requires that all licensed social workers adhere to professional standards for care, recordkeeping, and confidentiality.
– Gafford's conduct—providing undocumented and unauthorized care during a court-monitored custody matter—may be grounds for professional discipline or license review.

Legal Significance:
The district knowingly administered behavioral services to a child in an active family court matter without the consent of a legal parent and without documentation. These acts constitute violations of the child's and Plaintiff's rights under federal privacy law, state student record laws,

social work ethics, and professional licensing rules. These emails also document Brad Skertich's willful indifference to the district's legal obligations, and Sarah Gafford's direct violations of ethical, administrative, and Medicaid regulations.

Attached as Exhibit L to Appendix A:
A complete chain of emails between Plaintiff, Superintendent Skertich, and others from December 18, 2024 through February 6, 2025, documenting:

1. Plaintiff's formal objection and non-consent to social work services

2. Plaintiff's reference to the pending Madison County court order for a psychiatric evaluation

3. The district's continuation of undocumented behavioral services despite that objection

4. Gafford's failure to provide notes, plans, or consent forms required under state and federal law.

Executed this 21th day of May, 2025.

Respectfully submitted

/s/ Jeffrey Luffman

Jeffrey Luffman
Pro Se Plaintiff
212 Camelot Dr.
Collinsville, IL 62040
(636) 675-4864
jeffrey.luffman@outlook.com

 Outlook

---

## Re: Records Request

---

**From** Brad Skertich <bskertich@cusd.kahoks.org>

**Date** Thu 02/06/2025 3:30 PM

**To** Jeffrey Luffman <jeffrey.luffman@outlook.com>; Laura Bauer <lbauer@cusd.kahoks.org>

Mr. Luffman,

You can find all district policies at www.kahoks.org.  There is no specific policy regarding social worker notes.  However, the social worker would be required to document and take notes if a student was a harm to themselves and/or others and take appropriate action.  Obviously that is not the case, as the purpose of this was to allow Daisy to have positive social interactions and express herself.  The feedback Mrs. Bauer has shared, is this has been good for Daisy and she is doing really well.

Brad

On Thu, Feb 6, 2025 at 9:32 AM Jeffrey Luffman <jeffrey.luffman@outlook.com> wrote:
> Brad, what is the district policy for documentation with the social worker?
>
> Jeff Luffman
> 9123187505
> 6366754864
> jeffrey.luffman@outlook.com
>
>
> ---
> **From:** Brad Skertich <bskertich@cusd.kahoks.org>
> **Sent:** Thursday, February 6, 2025 9:30:44 AM
> **To:** Jeffrey Luffman <jeffrey.luffman@outlook.com>
> **Cc:** Laura Bauer <lbauer@cusd.kahoks.org>
> **Subject:** Re: Records Request
>
> Mr. Luffman,
>
> Mom and Mrs. Bauer had a conversation as Daisy was coming to the nurse multiple times a day and both were concerned.  Mrs. Bauer suggested that seeing the social worker may help give her someone to interact with, socialize and divert some of the stress she was experiencing by simply having a positive interaction at school with another adult.  Mom thought it was a good idea and signed consent.
>
> The social worker spends time with Daisy playing games, possibly coloring and talking about whatever comes up.  This is not a therapy session, it is positive social interaction.
>
> Please call to discuss if you have further questions.

Brad

On Wed, Feb 5, 2025 at 8:52 PM Jeffrey Luffman <jeffrey.luffman@outlook.com> wrote:
I think if we look back on what is considered excessive communication on my part in my opinion is just me asking the same questions repeated without receiving an answer

What is the reason for the social work visit?

Why are no records being kept for the visit?

Is this a local policy?

Jeffrey Luffman
9123187505
6366754864

---

**From:** Jeffrey Luffman <jeffrey.luffman@outlook.com>
**Sent:** Saturday, February 1, 2025 7:07:36 AM
**To:** Laura Bauer <lbauer@cusd.kahoks.org>; Brad Skertich <bskertich@cusd.kahoks.org>
**Subject:** Re: Records Request

Ma'am, I would like the notes from the encounter, like when Dasey goes to the nurse. Certainly, a record of the meeting or encounter is being kept.

Brad, can we please determine the legal requirements for capturing this information between Daisey and the social worker legally?

Has mom met with the social worker yet?

Jeff Luffman

Cell 6366754864

---

**From:** Laura Bauer <lbauer@cusd.kahoks.org>
**Date:** Friday, January 31, 2025 at 10:46
**To:** Jeffrey Luffman <jeffrey.luffman@outlook.com>
**Cc:** Brad Skertich <bskertich@cusd.kahoks.org>
**Subject:** Re: Records Request

Mr. Luffman,

Here are the dates that Daisey has met with our social worker.

| Daisey Luffman | consent-12-12-24 |
|----------------|------------------|
| visit          | 12/18/24         |
| visit          | 1/13/25          |
| visit          | 1/27/25          |

If you have further questions, feel free to contact me at 618 346 6265.

Laura Bauer

On Fri, Jan 31, 2025 at 8:46 AM Susan Frechman <sfrechma@cusd.kahoks.org> wrote:
Mr. Luffman, Since this request wouldn't fall under FOIA, I am tagging Mrs. Bauer on this email for her to respond.

Susan

On Thu, Jan 30, 2025 at 2:07 PM Jeffrey Luffman <jeffrey.luffman@outlook.com> wrote:
Please provide the records for the counseling appointments my daughter is attending

Jeff Luffman
Cell 6366754864

--
Susan Frechman
Secretary to Dr. Brad Skertich
This transmission is intended and restricted for use by the above addressee only. It may contain confidential and/or privileged information exempt from disclosure under federal or state law. In the event some other person or entity receives this transmission, said recipient is hereby notified that any dissemination, distribution, or duplication of this transmission or its contents is prohibited. If you should receive this transmission in error, please call us immediately at 618.346.6350, delete the file from your system, and destroy any hard copies of this transmission. Thank you.

This transmission is intended and restricted for use by the above addressee only. It may contain confidential and/or privileged information exempt from disclosure under federal or state law. In the event some other person or entity receives this transmission, said recipient is hereby notified that any dissemination, distribution, or duplication of this transmission or its contents is prohibited. If you received this transmission in error, please call us immediately at 618-346-6350. Delete the file from your system and destroy any hard copies of this transmission. Thank you.

--
Laura Bauer
Principal
John A. Renfro Elementary School
311 Camelot Dr.
Collinsville, IL 62234

618 346 6265

This transmission is intended and restricted for use by the above addressee only. It may contain

confidential and/or privileged information exempt from disclosure under federal or state law. In the event some other person or entity receives this transmission, said recipient is hereby notified that any dissemination, distribution, or duplication of this transmission or its contents is prohibited. If you received this transmission in error, please call us immediately at 618-346-6350. Delete the file from your system and destroy any hard copies of this transmission. Thank you.

--
Mark B. Skertich, Ed.D.
Superintendent
Collinsville CUSD #10
(618)346-6350

GO KAHOKS!

This transmission is intended and restricted for use by the above addressee only. It may contain confidential and/or privileged information exempt from disclosure under federal or state law. In the event some other person or entity receives this transmission, said recipient is hereby notified that any dissemination, distribution, or duplication of this transmission or its contents is prohibited. If you received this transmission in error, please call us immediately at 618-346-6350. Delete the file from your system and destroy any hard copies of this transmission. Thank you.

--
Mark B. Skertich, Ed.D.
Superintendent
Collinsville CUSD #10
(618)346-6350

GO KAHOKS!

This transmission is intended and restricted for use by the above addressee only. It may contain confidential and/or privileged information exempt from disclosure under federal or state law. In the event some other person or entity receives this transmission, said recipient is hereby notified that any dissemination, distribution, or duplication of this transmission or its contents is prohibited. If you received this transmission in error, please call us immediately at 618-346-6350. Delete the file from your system and destroy any hard copies of this transmission. Thank you.

 Outlook

---

## Exam

---

**From** Jeffrey Luffman <jeffrey.luffman@outlook.com>
**Date** Sun 12/15/2024 9:39 AM
**To**  Laura Bauer <lbauer@cusd.kahoks.org>; Bradley Hyre <bhyre@cusd.kahoks.org>

📎 1 attachment (601 KB)
Client 12-5-24.pdf;

Hello, my Daughter has court ordered counseling. Is her school counseling court ordered or due to mandatory reporting?

If not please discontinue treatment at school until she receives her court ordered treatment

Jeff Luffman
9123187505
6366754864
jeffrey.luffman@outlook.com

***EFILED***
Case Number 2022DC000325
Date: 11/26/2024 3:11 PM
Thomas McRae
Clerk of Circuit Court
Third Judicial Circuit, Madison County Illinois

IN THE CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

JEFFREY LUFFMAN,                    )
                                    )
            Petitioner,             )
                                    )
    vs.                             )        No. 22-DC-325
                                    )
MAEGEN ROZYCKI,                     )
f/k/a MEAGEN LUFFMAN,               )
                                    )
            Respondent.             )

## MOTION FOR COUNSELING

COMES NOW the Petitioner, JEFFREY LUFFMAN, by and through his attorney, Anthony E. Dos Santos of MillerKing LLC, and for his Motion for Counseling, respectfully states as follows:

1.    That this Court has jurisdiction over the parties and the subject matter herein.

2.    That the minor child of the parties, D. J. L., born in 2017, was recently seen by her primary care physician.

3.    That during said visit, the minor child expressed to her primary care provider that she needs help because her parents *"fight all the time and can't get along."* **See Exhibit 1.**

4.    That it would be in the best interest of the minor child to meet with a counselor to learn how to cope with the stress being caused by this behavior.

5.    That Tammy J. Bowles should be appointed as counselor for the minor child.

WHEREFORE, the Petitioner, JEFFREY LUFFMAN by and through his attorney, Anthony E. Dos Santos of MillerKing LLC prays for an Order of this Court:

A.    Ordering the parents to schedule counseling with Tammy J. Bowles immediately.

B.    For any other relief this Court deems fair and just.

                            /s/ Anthony E. Dos Santos
                    ANTHONY E. DOS SANTOS, #6255862

MillerKing
2410 State Street
Alton, IL 62002
Phone: 618-462-8405
tony@millerkinglaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she has caused a true copy of the foregoing instrument to be served upon the following individual listed below on _____ November 26 _____, 2024, by:

| | | | |
|---|---|---|---|
| ___ | U.S. Mail | ___ | Hand-delivery |
| ___ | Fax | ___ | Overnight Courier |
| ✕ | Email | ___ | Other: _____ |
| | E-file & Serve | | |

Dustin Maguire
dustin@edwardsvillefamilylaw.com

/s/Candy A. Ambrose

_____

STATE OF ILLINOIS  )
          )  ss.
COUNTY OF MADISON )

   Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes same to be true.

                 _____
                 Jeff Luffman

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

Jeffrey Luffman,
Plaintiff,

v.

Collinsville Community Unit School District #10, et al.,
Defendants.

Case No: 25-CV-842-SPM

APPENDIX A – TIMELINE OF EVENTS
Exhibit N – February 6–7, 2025: Discovery of Unreported Hygiene Incident via FERPA Request
and the District's Ongoing Refusal to Notify Parents of Accidents

Event Date(s): January 23, 2025 (incident); February 6–7, 2025 (disclosure)

Summary of Content:
On February 6, 2025, Plaintiff learned through a FERPA-related inquiry that his seven-year-old
daughter had urinated on herself during the school day on January 23, 2025, and no parent—
neither Plaintiff nor the child's mother—was notified. In a series of emails between February 6
and February 7, 2025, Plaintiff asked Principal Laura Bauer and Superintendent Brad Skertich
for clarification on school policy regarding notification of toileting accidents.

The responses from Bauer and Skertich revealed that:

- The incident was confirmed and handled by the school nurse.

- No written record was shared or maintained in the child's educational file.

- No phone call or notice was provided to either parent.

- The child remained in school and then attended aftercare, with no indication she was
  fully cleaned after the accident.

Plaintiff—who lives directly across the street from Renfro Elementary—offered to be contacted
in the future to assist with such matters immediately, but his request was dismissed. Skertich
defended the non-notification policy and refused to change the practice.

Legal and Ethical Implications:

1. Illinois School Code – Parental Notification Obligation
Under 105 ILCS 5/10-20.12a and 5/27-8.1, school administrators are required to notify parents
or guardians of health-related incidents affecting their child. When an event involves bodily
fluids, hygiene, or potential medical needs, parents must be informed so that proper care,

Page **1** of 3

monitoring, or follow-up can occur. The failure to do so constitutes educational neglect and procedural noncompliance.

2. FERPA (20 U.S.C. § 1232g)
The Family Educational Rights and Privacy Act guarantees parents access to educational records that directly relate to their child, including nurse logs, incident reports, and other health documentation. The omission of this urination incident from the child's accessible records may violate FERPA's disclosure and recordkeeping provisions.

3. ISSRA (105 ILCS 10/2 and 10/6)
The Illinois School Student Records Act requires schools to maintain temporary records that reflect "psychological or health information." A toileting accident, particularly involving bodily exposure, medical monitoring, and aftercare implications, is within this scope. Failure to retain or report such events constitutes a direct violation.

4. Human Dignity and Professional Duty of Care
Regardless of legal minimums, a basic standard of human decency and parental dignity is implicated. A seven-year-old child experiencing a toileting accident during the school day—while her father resides steps away from campus—is a clear opportunity for parental involvement and comfort. The school's refusal to notify Plaintiff and subsequent insistence that this was acceptable standard practice reflects institutional indifference to the child's emotional well-being and parental inclusion.

5. Title II of the ADA (42 U.S.C. § 12132)
As a parent with a known disability and documented requests for accommodation in school communication, Plaintiff's exclusion from notification and care planning decisions may also constitute discriminatory denial of access to school participation, protected by the Americans with Disabilities Act.

6. Failure to Document or Report
The lack of an incident report, medical log entry, or educational record documenting this hygiene event supports Plaintiff's broader allegation that the school routinely omits health-related events from permanent records. This omission pattern not only violates recordkeeping laws but also blocks Plaintiff from fully participating in family court matters where such records are relevant.

Legal Significance:
This incident—confirmed only through Plaintiff's proactive inquiry—demonstrates a systemic failure by Renfro Elementary leadership to comply with health notification policies, document educationally relevant medical events, and respect the rights of both parents. The refusal to acknowledge Plaintiff's willingness and proximity to assist further evidences retaliation and a breakdown in parent-school partnership.

Attached as Exhibit N to Appendix A:
Email chain dated February 6–7, 2025, between Plaintiff, Principal Laura Bauer, and

Superintendent Brad Skertich, confirming the school's failure to notify either parent after the child urinated on herself on January 23, 2025. Also included is the district's refusal to amend notification procedures or engage Plaintiff in proactive solutions.

Executed this 21th day of May, 2025.

Respectfully submitted

/s/ Jeffrey Luffman

Jeffrey Luffman
Pro Se Plaintiff
212 Camelot Dr.
Collinsville, IL 62040
(636) 675-4864
jeffrey.luffman@outlook.com