IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JEFFREY LUFFMAN,** | |
| **Plaintiff,** | |
| v. | Case No. 25-CV-00842-SPM |
| **COLLINSVILLE COMMUNITY UNIT SCHOOL DISTRICT #10, et al.,** | |
| **Defendants.** | |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

This matter is before the Court for the purpose of docket management. Before the Court is an Amended Complaint filed by *pro se* Plaintiff Jeffrey Luffman. (Doc. 21). Pursuant to this Court's authority under 28 U.S.C. § 1915(e) to screen complaints brought before this Court, Luffman's Amended Complaint is **DISMISSED with prejudice** for failure to comply with Federal Rule of Civil Procedure 8 and failure to state a claim.

### RELEVANT FACTS AND PROCEDURAL HISTORY

Luffman filed his original Complaint on May 2, 2025, purporting to bring claims under 42 U.S.C. §§ 1983 and 1985 against some thirty named Defendants.[1] (*See* Doc.

---

[1] Specifically, Luffman named the following Defendants in his original Complaint: Collinsville Community Unit School District #10; Brad Skertich, Laura Bauer, Bradley Hyre, Dan Porter, Susan Frechman, Sarah Gafford; School Board Members Soehlke, Peccola, Bronnbauer, Craft, Hasamear, Ruelecke, and Stutts; Collinsville Police Officers Kuelche, Hunt, Lacroy, Edwards, Owen, Moore, Severne, and Foley; School Resource Officer, FOIA Officer Wilke; Marryville Police Officer Leffler, FOIA Officer Jolene Henry; City of Collinsville FOIA Officer Kimberly Wasser; Attorneys Tony Dos Santos, David Fahrenkamp, and Michel Wesley; Collinsville School District 10 Legal Counsel Dana Bond and Guin Mundorf LLC; Madison County Illinois States Attorney Office, Illinois Attorney General's Office Civil Right [sic], Veteran Hiring, ADA Compliance, Public Access Bureau, and FOIA

3). He alleged willing violations of his First, Fourth, and Fourteenth Amendment rights guaranteed by the United States Constitution; a joint conspiracy by Collinsville Community Unit School District #10, local and school-based law enforcement, state legal counsel and public records officials, school board members, and private law firms to suppress, retaliate, and cause procedural and reputational harm to him; and misconduct including obstructing public records, interference with his veteran employment rights and access to public programs and educational facilities, retaliatory use of the judicial process and law enforcement against him, and collusion by Defendants to retaliate against his advocacy efforts. (*Id.*, p. 2). He sought damages and injunctive relief. (*Id.*).

On May 5, 2025, Luffman filed an Emergency Motion for Temporary Restraining Order and Preliminary Injunction. (Doc. 11). In this Motion, Luffman brought new factual assertions not presented in his Complaint, alleging ongoing retaliation by Defendants for exercising his rights to "freedom of speech, press, petition, and right to bare [sic] arms." (*Id.*, p. 2). This Court denied Luffman's request for an ex parte Temporary Restraining Order against Defendants, and reserved ruling on his request for a preliminary injunction. (Doc. 13).

On May 7, 2025, this Court found that Luffman's Complaint failed to assert the Court's subject-matter jurisdiction, failed to comply with Federal Rules of Civil Procedure Rule 8 and 10, and failed to state a claim on which relief may be granted and dismissed his Complaint without prejudice. (Doc. 15). This Court found that

---

Compliance Officer. (Doc. 3).

Luffman's original Complaint failed to comply with Federal Rule of Civil Procedure 8 in that Plaintiff had "thrown together numerous allegations within his paragraphs, making it difficult for this Court (as well as the Defendants) to ascertain the scope of the allegations being brought." (*Id.*, p. 5—6). In addition, this Court found that Plaintiff's "sweeping allegations lack any factual support beyond the conclusory allegations he makes that Defendants have violated his civil rights," stating that his Complaint contained little more than legal conclusions lacking factual support. (*Id.*, p. 6—7). Luffman was granted fourteen days to file his amended complaint, and his Motion for Preliminary Injunction was denied as moot. (*Id.*). Further, this Court ordered Luffman to show cause in a separate written response by May 21, 2025, as to this court's subject-matter jurisdiction, and was warned that failure to properly file his amended complaint would result in the dismissal of his case. (*Id.*).

Luffman filed his Amended Complaint on May 21, 2025. (Doc. 21). His Amended filing, spanning nearly 300 pages including attachments and exhibits, purports to bring claims against 37 Defendants, some of whom were previously named in his original Complaint along with additional new named Defendants and unidentified John and Jane Does 1—10.[2] (*Id.*, p. 4). Luffman claims that he is a "100% permanently and totally disabled veteran" and is bringing claims for "repeated, ongoing, and coordinated violations of his constitutional, civil, parental, and disability rights"

---

[2] Specifically, Luffman names the following Defendants in his Amended Complaint: Collinsville Community Unit School District #10 (CUSD #10); Brad Skertich; Laura Bauer; Sarah Gafford, LCSW; Bradley Hyre; Dana Bond; Gary Peccola; Scott Soehlke, Michelle Stutts, Diane Hasamear, Jennifer Ruelcke, Ann Craft, and Megan Bronnbauer; Michael Wesley; Tony Dos Santos; Mark Kuelche; Officer Hunt and Officer Edwards; Deputy Gurley; Guin Mundorf LLC; Alison Underwood; Christy Way; Latoya Berry-Coleman; Judge Patrick McRea; Sheriff Jeff Connor; Frank Leffler; Mark Foley; and Unidentified John and Jane Does 1–10. (Doc. 21).

pursuant to the United States Constitution, federal statutes, and laws of the State of Illinois, including, but not limited to: 42 U.S.C. §§ 1983 and 1985, the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, the Individuals with Disabilities Education Act ("IDEA"), the Family Educational Rights and Privacy Act ("FERPA"), the Illinois Open Meetings Act ("OMA"), the Illinois Freedom of Information Act ("FOIA"), and the Illinois Local Records Act. (*Id.*, p. 4). In other parts of his Amended Complaint, Luffman alleges violations of his rights under the First, Fourth, and Fourteenth Amendments, as well as a purported cause of action pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978). (*Se id.*, p. 10 (citing the same)).

## APPLICABLE LAW

Under 28 U.S.C. 1915(e), a federal district court has the authority to screen complaints filed by all litigants notwithstanding any filing fee, or any portion thereof, that may have been paid. 28 U.S.C. 1915(e)(2); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status."); *see Griffin v. Milwaukee County*, 369 F. App'x 741, 743 (7th Cir. 2010) (citing *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003); *Rowe*, 196 F.3d at 783)), *I.G. v. Milwaukee Pub. Schools*, 2023 WL 2955692 (E.D. Wisc. Ap. 14, 2023) (collecting cases). Under § 1915(e)(2), the Court may screen a litigant's complaint and dismiss the complaint if it is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see Hoskins*, 320 F.3d at 763 ("District judges have ample authority to dismiss frivolous or transparently defective suits

spontaneously, and thus save everyone time and legal expense."), *Rowe*, 196 F.3d at 783 (citing 28 U.S.C. § 1915(e)(2)(B)) ("The district court may screen the complaint prior to service on the defendants, and must dismiss the complaint if it fails to state a claim.").

Courts construe the claims in *pro se* complaints generously. *Buechel v. United States*, 746 F.3d 753, 758 (7th Cir. 2014). The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649, 651 (7th Cir. 2013). Conclusory statements and labels, however, are not enough. The complaint must allege enough facts to "state a claim to relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422–23 (7th Cir. 2013). That means "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). Instead, "the plaintiff must give enough details about the subject-matter of the case to present a story that holds together." *Id.* at 404.

Further, Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "[e]ach allegation must be simple, concise, and *direct*." FED. R. CIV. P. 8(a)(2), 8(d)(1). This Rule exists "to give defendants fair notice of the claims against them and the grounds supporting the claims," as well as notice to the court of the nature of the suit alleged. *Stanard*, 658 F.3d at 797; *Golemine, Inc. v. Town of Merrillville*, 652 F. Supp. 2d 977, 985 (N.D. Ind. 2009) (citing *Vicom v. Harbridge Merchant Serv., Inc.*, 20 F.3d 771, 775 (7th Cir. 1994)) ("Under Rule 8, a complaint must be presented with

intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is . . . ." (cleaned up)). "Where the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct," a court has the authority to dismiss a case for failure to comply with the Rule. *Stanard v. Nygren*, 658 F.3d 792, 798 (7th Cir. 2011); *see Mohammed v. Prairie State Legal Servs., Inc.*, No. 20-2419, 2021 WL 4962988, at *1 (7th Cir. Oct. 26, 2021) ("unintelligibility justifies dismissal."); *Griffin*, 369 F. App'x 741 (dismissing complaint for failure to comply with Rule 8). A complaint must be written with sufficient clarity "to avoid requiring a district court or opposing party to forever sift through its pages in search of the plaintiff's claims." *Golemine*, 652 F. Supp. 2d at 985 (citing *Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990)) (internal quotations omitted).

## ANALYSIS

Luffman's Amended Complaint, similar to his original Complaint, fails to comply with Federal Rule of Civil Procedure 8 and fails to state a claim upon which relief may be granted by this Court. Indeed, this Court finds that Luffman's Amended Complaint is unnecessarily and confusingly duplicative and lengthy, full of legal conclusions and conclusory allegations, and, most critically, lacking a *clear statement of facts* upon which this Court might attempt to infer any violation of the law. Here, like in *Griffin*, this Court finds that Luffman's lengthy pleading makes his "complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter." *See Griffin*, 369 F. App'x at 743. Furthermore, this Court finds, similar to *Golemine*, that Luffman's pleading "not only lacks the facts necessary

to infer even the mere possibility of misconduct, but it also lacks any attempt to spell out the elements necessary to support claims under the statutes mentioned." *Golemine*, 652 F. Supp. 2d at 986. Simply stated, the court "cannot be expected to guess at the plaintiff's claims," and "[t]he sprinkling of buzzwords are insufficient and fail to identify the exact claims the plaintiffs are trying to pursue." *Id.*

Luffman's Amended Complaint begins by listing named Defendants in numbered paragraphs either individually or in groups of Defendants. Each paragraph makes sweeping legal conclusions as to the violations Luffman alleges; some paragraphs state a legal basis or provision of law which he states has been violated, while others simply state violations such as "failing to oversee and correct procedural breakdowns in the issuance and service of unlawful court orders" or "issuing misleading documentation" without citation or reference to a particular law. (*See* Doc. 21, p. 3). Luffman's Amended Complaint then proceeds to re-list only twenty of the Defendants as parties to the action while explaining numerous conclusory allegations of violations of various state and federal laws.

Luffman next purports to bring 15 Counts, each naming various Defendants, often attempting to link them together by alleging widespread conspiracies violations of multiple provisions of the law within a single count. For example, Luffman's Count 15 titled "Suppression and Destruction of Public Records" brought against Defendants Laura Bauer, Brad Skertich, and Dana Bond alleges violations of "Illinois FOIA, Illinois Local Records Act, First and Fourteenth Amendments" for the conduct of "Deletion of ParentSquare threads; failure to preserve records." (*Id.*, p. 13). What is troubling to this Court—and would be troubling to a Defendant reading this

Complaint—is the inability to comprehend the scope of the allegations brought forth in the Complaint. For example, in Count 6, Luffman alleges violations of "First, Second, and Fourteenth Amendment; Abuse of process (state law claim)" against multiple Defendants, yet, it is unclear whether Luffman is bringing a procedural due process claim under the Fourteenth Amendment, an equal protection claim under the same amendment, a Second Amendment claim pursuant to *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), or something else entirely. (*See* Doc. 21, p. 11). And it is not the duty of this Court—nor the Defendants—to attempt to guess at what Luffman is alleging; it should be clear from the face of the Complaint. Luffman likewise lacks the necessary elements needed to properly state claims for the legal provisions he alleges Defendants are in violation of, further serving to conceal any viable claim that Luffman might actually bring before this Court.

Moreover, Luffman's Amended Complaint lacks the foundation of a short and plain statement of facts that would demonstrate to the Court that he is entitled to relief. The face of Luffman's Amended Complaint essentially alleges no facts whatsoever; instead, Luffman attempts to "incorporate by reference" his factual allegations across more than 200 pages of appendices, exhibits, and attachments. (*Id.*, p. 9). This Court cannot begin to attempt to parse through hundreds of pages of emails, filings from state court proceedings, letters, screenshots of webpages, and the various other types of attachments Luffman has submitted to find the facts that would support his Complaint, and the Defendants cannot be expected to do the same.

As a final note, this Court has privacy concerns related to Plaintiff's Amended Complaint. It is clear to the Court that Plaintiff's Amended Complaint fails to comply

with Federal Rule of Civil Procedure 5.2, as it fails to properly and completely redact personal identifying information and has been stricken from the record accordingly. Furthermore, without considering the merits of any of Luffman's potential claims, this Court has concerns regarding the various state court proceedings Luffman has brought to the attention of this Court in which he is involved—not only with this Court's ability or lack thereof to interfere with such proceedings, but also for the sake of Luffman's right against self-incrimination and the potential for him to prejudice any other case in which he is involved. This Court cautions Luffman, should he choose to further proceed in federal court, upon filing personal identifying information without undertaking the task of completely redacting such information and choosing to put other sensitive information into the public record.

## CONCLUSION

For these reasons, the Court finds that the Complaint (Doc. 21) fails to comply with Rule 8 and wholly fails to intelligibly state a claim upon which this Court might grant relief. Because Plaintiff has already been given an opportunity to amend his Complaint and failed to cure the necessary defects, this Court is not required to give Plaintiff another opportunity to amend, and accordingly, this matter is **DISMISSED with prejudice**. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1024 (7th Cir. 2013). Accordingly, all other pending motions are **DENIED as moot** and the deadlines related to them are terminated.

**IT IS SO ORDERED.**

**DATED: June 3, 2025**

s/ *Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**