**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**Case No. 25-CV-00842-SPM**

**JEFFREY LUFFMAN,**

Plaintiff,

v.

**COLLINSVILLE COMMUNITY UNIT SCHOOL DISTRICT #10, et al.,**

Defendants.

**PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO RULE 60(b)**

Plaintiff, Jeffrey Luffman, proceeding pro se, respectfully moves this Court to set aside the judgment entered on June 3, 2025 (Doc. 26), pursuant to Federal Rule of Civil Procedure 60(b)(1) and 60(b)(6). In support of this Motion, Plaintiff states as follows:

## I. INTRODUCTION

This case was dismissed with prejudice based on procedural grounds—specifically, alleged failure to comply with Rule 8 and failure to state a claim. However, the Court's dismissal ignores the clear contradictions in its own rulings and fails to acknowledge that Plaintiff made a good-faith effort to comply with the Court's directives, while presenting detailed, well-documented civil rights and statutory claims.

When Plaintiff submitted a simplified complaint, the Court ruled that it lacked sufficient detail. When Plaintiff incorporated more structure, factual specificity, exhibits, and timelines—as the Court's order seemed to require—it was dismissed for being too long or "unintelligible." These

irreconcilable standards resulted in permanent dismissal without the Court ever evaluating the substance of the claims, the core constitutional violations, or the undisputed misconduct outlined in Plaintiff's filings.

## II. PROCEDURAL BACKGROUND

1. On May 2, 2025, Plaintiff filed a federal civil rights complaint under 42 U.S.C. §§ 1983 and 1985, alleging violations of the First, Fourth, and Fourteenth Amendments, FERPA, IDEA, FOIA, and related state laws.

2. On May 7, 2025, the Court dismissed the original complaint without prejudice and gave Plaintiff 14 days to amend.

3. Plaintiff timely submitted an Amended Complaint on May 21, 2025 (Doc. 21), which included specific claims against identifiable defendants, detailed factual allegations supported by exhibits, and a structured outline of harm, dates, and statutes.

4. On June 3, 2025, the Court entered an order (Doc. 25) dismissing the case with prejudice, finding that the Amended Complaint was too lengthy and failed to meet the "short and plain" requirement of Rule 8. The Court did not address the merits of Plaintiff's legal claims or constitutional arguments and did not invite correction before entering final judgment.

## III. ARGUMENT

### A. Relief Is Warranted Under Rule 60(b)(1) – Excusable Neglect and Procedural Error

Dismissal with prejudice is the most severe outcome available to the Court, and it should not be imposed where a pro se litigant has actively attempted to comply with court orders. Here,

Plaintiff followed the Court's directive to add factual detail and support, only to be punished for presenting too much. That contradiction deprived Plaintiff of a fair opportunity to have his claims reviewed.

Federal courts are required to liberally construe pro se pleadings and provide plaintiffs with guidance—not dismissal—when their filing attempts are made in good faith. The Court's conflicting instructions and failure to address the content of Plaintiff's filings constitute excusable neglect and procedural error under Rule 60(b)(1).

**B. Relief Is Warranted Under Rule 60(b)(6) – Exceptional Circumstances and Injustice**

Plaintiff raised serious allegations involving:

1. Denial of access to his child's education;

2. Suppression and deletion of education records;

3. Collusion between school officials and law enforcement;

None of these allegations were ever adjudicated. Instead, the Court dismissed the matter purely on formatting—without any discussion of constitutional standards, factual timeline, or documentary evidence.

Rule 60(b)(6) allows relief where exceptional circumstances exist and the result would otherwise constitute manifest injustice. That standard is met here.

**IV. PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Vacate the Judgment entered on June 3, 2025 (Doc. 26) pursuant to Federal Rule of Civil Procedure 60(b)(1) and 60(b)(6);

2. Reopen this matter and permit Plaintiff's existing Amended Complaint to proceed or allow Plaintiff the opportunity to file a streamlined version if the Court still believes further amendment is necessary;

3. Reinstate Plaintiff's civil rights claims for adjudication on the merits; and

4. Grant such other and further relief as this Court deems just, equitable, and proper.

---

**Respectfully submitted,**

/s/ Jeffrey Luffman

**Jeffrey Luffman, Pro Se**

jeffrey.luffman@outlook.com

636-675-4864

Date: June 3, 2025