IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF ILLINOIS

JEFFREY LUFFMAN,

    Plaintiff,

v.

COLLINSVILLE CUSD #10, et al.,

    Defendants.

Case No. 3:25-cv-842-SPM

PLAINTIFF'S MOTION TO RECONSIDER JUDGMENT PURSUANT TO FED. R. CIV. P. 60(b)(2) & 60(b)(6) AND REAFFIRMATION OF ADA-BASED REQUEST FOR COURT-APPOINTED COUNSEL

Plaintiff Jeffrey Luffman, appearing pro se, respectfully moves this Honorable Court under Federal Rules of Civil Procedure 60(b)(2) and 60(b)(6) to reconsider and vacate its June 3, 2025 order dismissing the above-captioned matter. Plaintiff also hereby reaffirms his formal request for ADA-based accommodation in the form of appointed counsel, previously submitted and now further supported by procedural developments and constitutional interests at stake. In support, Plaintiff states:

I. GROUNDS FOR RELIEF UNDER RULE 60(b)

A. Newly Discovered Evidence – Rule 60(b)(2)

1. On June 10, 2025, Plaintiff filed a Docketing Statement in the Illinois Appellate Court, Fifth District in *Skertich v. Luffman*, Appellate Case No. 5-25-0473. This appeal arises

violations, destruction of records, parental exclusion, and denial of procedural safeguards that fall squarely within the jurisdiction of this Court.

7. Plaintiff is actively engaged in multiple federal investigations with the Department of Education Office for Civil Rights (OCR Case No. 05-25-4075), U.S. Department of Justice Civil Rights Division, and other oversight bodies. These matters reinforce the extraordinary nature and public interest weight of this civil rights action.

## II. ADA-BASED REQUEST FOR COURT-APPOINTED COUNSEL

8. Plaintiff is a 100% permanently and totally disabled veteran with documented service-connected disabilities and a history of mental and physical impairments that substantially limit major life activities. These impairments affect Plaintiff's ability to navigate prolonged litigation and manage multi-agency retaliation, warranting ADA accommodation under 42 U.S.C. § 12131 et seq.

9. Plaintiff previously submitted a request for appointment of special counsel as a reasonable accommodation under the ADA, which remains unanswered. That request is hereby reaffirmed and incorporated into this Motion. Given the constitutional magnitude, factual complexity, and procedural obstacles in this case, the appointment of counsel is necessary to ensure meaningful access to the court and safeguard Plaintiff's civil rights.

## III. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Grant this Motion under Rule 60(b)(2) and/or Rule 60(b)(6);

2. Vacate the June 3, 2025 dismissal order and reinstate Case No. 3:25-cv-842-SPM;

IN THE APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

Skertich

v.

Luffman

Case 5-25-0473

DOCKETING STATEMENT

Pursuant to Illinois Supreme Court Rule 312

I. APPELLATE COURT INFORMATION

Court: Appellate Court of Illinois, Fifth District

Address: 14th & Main Street, Mt. Vernon, IL 62864

Submission: https://efileil.tylertech.cloud/

II. CASE IDENTIFICATION

Appellant: Jeffrey Luffman

Appellee(s): Mark B. Skertich (and others named in petition)

Illinois Fifth District Appeals Case 5-25-0473

Trial Court Case Number: 25-OP-611

Page 1 of 8

Trial Court County: Madison County

Trial Judge: Hon. Judge Hackett

Date of Final Order Appealed From: May 22, 2025

Date Notice of Appeal Filed: June 6, 2025

Docketing Statement submitted 10 June 2025

---

III. NATURE OF THE CASE

☑ Civil

Type of Action: Stalking No Contact Order / Protective Order

Relief Sought in the Trial Court: Denial or vacatur of the requested plenary protective order and rejection of all related restrictions on contact or speech.

Relief Sought on Appeal:

1. Reversal and vacatur of the May 22, 2025 plenary order.

2. Declaration that the provision restricting FOIA requests is unconstitutional on its face and as applied, in violation of the First and Fourteenth Amendments.

3. Finding that the protective order was improperly used as a retaliatory mechanism by public officials under color of law, in violation of 42 U.S.C. § 1983.

4. Declaration that the judgment is void due to lack of hearing, judicial assignment, service, and official record, constituting a due process violation.

5. Reservation of the right to pursue compensatory and punitive damages, attorney's fees, and injunctive relief under § 1983, the Illinois Citizen Participation Act, and related federal law.

6. Affirmation that this appeal serves not only to vindicate individual rights but to safeguard the public interest and restore trust in the integrity of judicial and governmental transparency mechanisms.

## IV. BASIS OF APPELLATE JURISDICTION

Appeal is taken from a final judgment disposing of all claims.

Statutory basis for appeal: Illinois Supreme Court Rules 301, 303

## V. RELATED CASES

Related trial court cases:

- 22-DC-325 (Luffman v. Rozycki) – Pending family law case involving same Respondent, same judge, and overlapping legal issues

Related federal and oversight cases:

- 25-cv-842-SPM – U.S. District Court, Southern District of Illinois

- OCR Case No. 05-25-4075 – U.S. Department of Education, Denver

- DOJ Civil Rights Case No. 573509-RDS – Ongoing federal civil rights review

- OEIG EEC Complaint No. 25-00931 – Office of Executive Inspector General misconduct complaint

---

## VI. ISSUES ON APPEAL

1. Whether the May 22, 2025 order is void ab initio due to lack of a hearing, absence of judicial assignment, failure of service, and failure to generate a court record, in violation of due process under the Fourteenth Amendment.

2. Whether the issuance and enforcement of the May 22, 2025 order, restricting future FOIA requests, violates Appellant's First Amendment right to petition the government for redress of grievances and contravenes 5 ILCS 140/1 et seq. by imposing prior restraint on access to public records.

3. Whether public officials, including school district counsel and appointed officers of the court, acting under color of law, used protective orders and harassment statutes to retaliate against Appellant's constitutionally protected speech and advocacy, in violation of 42 U.S.C. §§ 1983 and 1985.

4. Whether Judge Hackett exhibited judicial bias and structural conflict by presiding over both 25-OP-611 and 22-DC-325 while a formal recusal motion was pending, and whether this pattern of adjudicating without a hearing or transcript constitutes judicial misconduct and systemic due process violations.

5. Whether the restriction on Appellant's right to access school records and communicate with public officials constitutes unlawful viewpoint discrimination and retaliatory censorship, in violation of the First and Fourteenth Amendments and applicable whistleblower and anti-SLAPP protections.

construed as a violation of any contact limitation imposed by the disputed order. Appellant reserves all rights under 42 U.S.C. §§ 1983 and 1985 and related whistleblower and anti-retaliation statutes.

Due to the terms of the active Order of Protection entered May 22, 2025, in Case No. 25-OP-611, I am unable to serve the Petitioners or their agents directly. I respectfully request that the Clerk of the Circuit Court ensure formal service upon the Appellee(s) pursuant to court procedures and applicable Supreme Court Rules.

/s/ Jeffrey Luffman

Jeffrey Luffman, Pro Se

212 Camelot Dr.

Collinsville, IL 62234

jeffrey.luffman@outlook.com

(636) 675-4864




**CORTNEY KUNTZE**
CLERK
(618) 242-3120

APPELLATE COURT, FIFTH DISTRICT
14TH & MAIN ST., P.O. BOX 867
MT. VERNON, IL 62864-0018

June 9, 2025

Jeffery Luffman
212 CAMELOT DR
COLLINSVILLE, IL 62234

   RE:  Skertich v. Luffman
       General No.: 5-25-0473
       County/Agency: Madison County
       Trial Court/Agency No: 25OP611

The Notice of Appeal was filed and docketed as General No. 5-25-0473. Supreme Court Rule 312 requires the appellant to file a docketing statement with proof of service and pay the $50 filing fee within 14 days of the filing of the notice of appeal in the trial court. A copy of the written request(s) to the Court Reporter(s) for preparation of the report(s) of proceeding(s) must be attached to the docketing statement.

If the appellant is indigent and unable to pay the $50 filing fee, a request for waiver of the filing fee must be submitted at the time the docketing statement is filed. If approved by the Appellate Court, the waiver applies only to the $50 Appellate Court filing fee and does not address the fees for preparation of the record on appeal by the Circuit Court Clerk, reports of proceedings, or any other costs incurred in litigation of the appeal.

Forms for the docketing statement and the application to waive the filing fee are available at http://illinoiscourts.gov/Forms/approved/appellate/appellate.asp.

Other Resources for self-represented litigants are available at http://rebrand.ly/AppellateSelfHelp including additional forms, general information about the appellate process, and a free legal help desk where an indigent litigant can submit specific questions to a lawyer.

The Record on Appeal is due to be filed in this office on or before **08/08/2025**.

*Cortney Kuntze*

Clerk of the Appellate Court

   c:    Madison County Circuit Court
        Mark B. Skertich