SUPPLEMENT TO RULE 60(b) MOTION

IN THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF ILLINOIS Case No. 25-cv-842-SPM

JEFFREY S. LUFFMAN, Plaintiff,

v.

COLLINSVILLE CUSD #10, et al., Defendants.

---

SUPPLEMENT TO RULE 60(b) MOTION: CONSTITUTIONAL IMPLICATIONS OF WEAPONIZED PROTECTIVE ORDERS, PENDING APPELLATE REVIEW, AND DUE PROCESS DEFECTS

Plaintiff Jeffrey S. Luffman respectfully submits this supplement to his pending Rule 60(b) motion to set aside the June 3, 2025 dismissal of the above-captioned matter. This filing highlights new facts and intervening developments that reinforce both the constitutional harm and the procedural defects affecting Plaintiff's civil rights claims.

I. PENDING CRIMINAL CHARGES STEM FROM A RETALIATORY, CONSTITUTIONALLY DEFECTIVE ORDER OF PROTECTION

Plaintiff is currently subject to criminal prosecution in the following Madison County Circuit Court matters:

25CM0534 (Trespass) 25CM686, 25CM687, 25CM688 (Speech-based citations)

These charges are all based on alleged violations of an Order of Protection issued in 25-OP-611, a proceeding initiated by Superintendent Mark Skertich. The OOP was used to criminalize Plaintiff's:

1. Attendance at public school board meetings

2. Submission of FOIA requests

3. Public criticism of government officials on social media

4. Participation in school and community events

Each of these activities falls squarely within Plaintiff's First Amendment rights to free speech, assembly, press, and petition.

II. OOP IS UNDER APPELLATE REVIEW AND WAS SIGNED BY JUDGE HACKETT, WHO IS ALSO UNDER PENDING RECUSAL

The Order of Protection (25-OP-611) has been appealed to the Illinois Fifth District Appellate Court under Case No. 05-25-0473. The order was signed by Judge Ronald Hackett, who is also the presiding judge in Plaintiff's family court matter 22-DC-325. Judge Hackett is currently the subject of a pending motion for recusal due to procedural misconduct and a verified failure to record multiple hearings, in violation of Illinois Supreme Court Rule 64.

Plaintiff has confirmed via the court reporters' office that no audio recordings exist for at least two separate hearings—both in the OOP and family court matters—where material constitutional and factual issues were addressed.

III. OOP HAS BEEN WEAPONIZED AS A TOOL OF PRIOR RESTRAINT AND RETALIATION

The OOP has been applied in a manner that:

1. Bars Plaintiff from communicating about public officials, including school administrators and counsel

2. Serves as the basis for criminal charges that suppress speech critical of a public entity

3. Excludes Plaintiff from participating in school governance, employment processes, and his child's education

4. Was invoked to chill ongoing protected expression in both court filings and social media

5. Restrict Freedom of Information Act

This violates the holdings of Relerford, Packingham, New York Times v. Sullivan, and U.S. v. Cassidy, all of which prohibit the use of government power to punish protected speech.

IV. REAFFIRMATION OF ADA ACCOMMODATION RIGHTS FOR SPECIAL COUNSEL

Plaintiff reiterates that he is a 100% permanently and totally disabled U.S. Army veteran and has formally requested ADA accommodations under Title II of the Americans with Disabilities Act, including the appointment of special counsel to ensure meaningful access to the courts. The denial or failure to address this request is a separate and compounding due process violation that affects Plaintiff's ability to litigate fairly and equitably. This issue remains unresolved and requires the Court's attention on remand.

V. REQUEST FOR RELIEF

Given the overlap between the SDIL dismissal, the pending appellate challenges to 25-OP-611, and the criminalization of constitutional rights, Plaintiff respectfully requests that this Court:

1. Grant reconsideration of its June 3, 2025 dismissal under Rule 60(b)

2. Recognize that ongoing constitutional injury exists due to the use of the OOP to enforce unlawful restraints on speech and participation

3. Order that Plaintiff be granted leave to amend his complaint to incorporate these retaliatory charges and procedural defects

4. Acknowledge the prejudicial impact of Judge Hackett's dual role across OOP, family court, and unrecorded hearings

5. Reaffirm Plaintiff's right to ADA accommodations, including the appointment of special counsel, as a necessary procedural safeguard

Respectfully submitted,

/s/ Jeffrey S. Luffman Jeffrey S. Luffman Appellant,

Pro Se

212 Camelot Dr Collinsville, IL 62234

jeffrey.luffman@outlook.com June 26, 2025

VERIFICATION

I, Jeffrey S. Luffman, verify under penalty of perjury under the laws of the United States of America that the factual statements contained in this Supplement to Rule 60(b) Motion and all supporting materials referenced herein are true and correct to the best of my knowledge, information, and belief, and that the issues presented are made in good faith and based on the record filed in the underlying proceedings.

Executed pursuant to 28 U.S.C. § 1746.

/s/ Jeffrey S. Luffman

Jeffrey S. Luffman

June 26, 2025