**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**JEFFREY LUFFMAN**,

Plaintiff,

v.

**COLLINSVILLE CUSD #10, et al.**,

Defendants.

**Case No. 25-cv-842-SPM**

**MOTION TO SUPPLEMENT RULE 60(b) MOTION WITH ADDITIONAL EVIDENCE OF ONGOING HARM AND RELATED STATE APPELLATE PROCEEDINGS**

NOW COMES Plaintiff, **Jeffrey Luffman**, pro se, and respectfully submits this Motion to Supplement his pending Rule 60(b) Motion with new and material developments relevant to the Court's equitable analysis. In support thereof, Plaintiff states as follows:

**I. Procedural Background**

1.  Plaintiff filed this civil rights action on **May 2, 2025**, asserting systemic due process, First Amendment, ADA, and equal protection violations under **42 U.S.C. §§ 1983 and 1985**, related to actions taken by Collinsville CUSD #10, its agents, law enforcement, and judicial actors.

2.  On **June 3, 2025**, the Court dismissed this matter with prejudice. On **June 12, 2025**, Plaintiff timely filed a **Rule 60(b) Motion** seeking relief from judgment based on judicial misconduct, new evidence, misapplication of law, and fraud on the court.

3.  As of the date of this filing, the Rule 60(b) Motion remains pending and unresolved.

## II. Supplement Based on Continuing Harm and Parallel Appellate Action

4.  On **July 4, 2025**, Plaintiff filed a **Rule 384 Emergency Petition for Supervisory Order** with the **Illinois Supreme Court** via the Appellate Court, Fifth District, in **Case No. 05-25-0473**, titled:

    *"RULE 384 EMERGENCY PETITION FOR SUPERVISORY ORDER TO ENTER TIMELINE AND FOR JUDICIAL NOTICE OF CONSOLIDATION ABUSE, JUDICIAL CONFLICT, UNRECORDED HEARINGS, AND SYSTEMIC DUE PROCESS VIOLATIONS".*

5.  A true and correct copy of that petition is attached hereto as **Exhibit A** and incorporated by reference.

6.  That filing outlines newly documented violations that mirror, reinforce, and expand upon the factual and legal bases in Plaintiff's federal complaint, including:

    A.  Multiple versions of a protective order issued in **Case No. 25-OP-611**, which underlies retaliatory criminal charges now pending in 25-CM-534 and 25-CM-686 through 688;

    B.  Judicial misconduct and conflicts of interest, including actions by Judges Hackett, Cunningham, Donohoo, and McRea;

    C.  A pattern of **unrecorded hearings** producing enforceable judicial orders, including those affecting custody, mental health evaluations, and criminal restrictions;

D. Telephonic threats and unfiled citations issued by law enforcement that continue to chill Plaintiff's public participation and freedom of speech.

7. These newly formalized state-level filings show that the **harm is not speculative or historic**, but **active, ongoing, and escalating**, particularly with a scheduled criminal hearing on **July 25, 2025**, based on a protective order whose legal origin is in active dispute.

## III. Request for Relief

8. This supplemental material further satisfies the standards under **Rule 60(b)(1), (2), and (6)**, supporting relief from judgment due to:

A. New and material evidence (ongoing state-level procedural abuses),

B. Misconduct by opposing parties and nonparty judicial officers,

C. The manifest injustice of allowing retaliation and deprivation of rights to continue unchecked.

9. Plaintiff respectfully urges this Court to consider the **Rule 384 Petition (Exhibit A)** as supplemental authority and evidence, and to grant full or partial relief from the prior judgment so this Court may:

A. Reopen proceedings for consideration on the merits,

B. Evaluate the impact of intertwined state court proceedings,

C. Protect the Plaintiff from ongoing retaliation and ADA-related barriers.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Grant leave to supplement his pending Rule 60(b) Motion with the attached Exhibit A;

2. Consider the Rule 384 Emergency Petition as additional factual and legal grounds for reopening the case under Rule 60(b)(1), (2), and (6);

3. Acknowledge that Plaintiff is a **retired, permanently and totally disabled veteran rated 100% by the U.S. Department of Veterans Affairs**, and therefore protected under **Title II of the Americans with Disabilities Act**, 42 U.S.C. § 12131 et seq.;

4. In accordance with the ADA and applicable federal precedent (see *Tennessee v. Lane*, 541 U.S. 509 (2004); *Armstrong v. Davis*, 275 F.3d 849 (9th Cir. 2001)), grant Plaintiff's request for **appointment of special counsel** or accommodations sufficient to ensure equal access to this Court and meaningful participation in these complex civil rights proceedings;

5. Grant such other and further relief as this Court deems just and appropriate in the interest of justice, equity, and the preservation of federally protected rights.

Respectfully submitted,

/s/ Jeffrey Luffman

Jeffrey Luffman, Pro Se

212 Camelot Dr.

Collinsville, IL 62234

jeffrey.luffman@outlook.com

912-318-7505

Date: July 4, 2025

**FEDERAL VERIFICATION STATEMENT**

*(Pursuant to 28 U.S.C. § 1746 and Fed. R. Civ. P. 11)*

I, Jeffrey Luffman, declare under penalty of perjury under the laws of the United States of America that the foregoing Motion to Supplement my Rule 60(b) Motion and the facts stated therein are true and correct to the best of my knowledge and belief.

This filing is submitted in good faith and in furtherance of my rights under the First and Fourteenth Amendments of the United States Constitution, the Americans with Disabilities Act, and all applicable federal civil rights statutes, including 42 U.S.C. § 1983 and § 12132.

Executed on this 4th day of July, 2025.

Respectfully submitted,

/s/ Jeffrey Luffman

Jeffrey Luffman, Pro Se

212 Camelot Dr.

Collinsville, IL 62234

jeffrey.luffman@outlook.com

912-318-7505