IN THE APPELLATE COURT OF ILLINOIS

FIFTH JUDICIAL DISTRICT

JEFFREY LUFFMAN,

Respondent-Appellant,

v.

MARK SKERTICH,

Petitioner-Appellee.

Appeal No. 05-25-0473

Related Madison County Circuit Court Case Nos.:

22-DC-325, 25-OP-611, 25-CM-534, 25-CM-686, 25-CM-687, 25-CM-688

**RULE 384 EMERGENCY PETITION FOR SUPERVISORY ORDER TO ENTER TIMELINE AND FOR JUDICIAL NOTICE OF CONSOLIDATION ABUSE, JUDICIAL CONFLICT, UNRECORDED HEARINGS, AND SYSTEMIC DUE PROCESS VIOLATIONS**

NOW COMES Respondent-Appellant, JEFFREY LUFFMAN, pro se, and respectfully moves this Honorable Court to enter judicial notice of procedural irregularities and material facts impacting the legitimacy of criminal proceedings and related orders currently pending before this Court. In support of this motion, Appellant states the following:

**I. BASIS FOR SUPERVISORY RELIEF**

1. Petitioner is the Respondent-Appellant in Fifth District Appellate Case No. 05-25-0473, involving review of a protective order issued in 25-OP-611.

2. The underlying order is now the basis for ongoing criminal prosecutions in Case Nos. 25-CM-534, 25-CM-686, 25-CM-687, and 25-CM-688—all of which were consolidated by Judge Hackett on June 30, 2025, despite his known judicial conflicts and the pending appeal.

The protective order in 25-OP-611 exists in multiple conflicting versions:

1. The first version was issued on May 1, 2025, by Collinsville Police Department and served improperly.

2. The second version, served on May 2, 2025, was signed by Judge Patrick McRea and allegedly ghostwritten ex parte by Attorney Dana Bond on behalf of Superintendent Mark Skertich.

3. The third version was handwritten by Judge Hackett during an unrecorded hearing on May 22, 2025, and includes broad First Amendment restrictions and chills the apalants right to submit Freedom of Information Act requests as a federal litigant.

These proceedings are occurring under a pattern of unconstitutional and procedurally defective practices including:

1. Unrecorded hearings resulting in substantive orders (GAL appointment, psychological evaluation, protective orders);

2. Refusal to rule on pending motions;

3. Improper consolidation of stalking-related citations;

4. Denial of accommodations to a 100% permanently and totally disabled litigant under the Americans with Disabilities Act (ADA).

## II. IMPROPER CONSOLIDATION AND CONFLICTED JUDICIAL AUTHORITY

On June 30, 2025, in open court, Judge Hackett signed three separate Orders in Case Nos. 25-CM-686, 25-CM-687, and 25-CM-688—each relating to alleged stalking violations of the Order of Protection in 25-OP-611.

The order in 25-CM-686 contained a handwritten directive to "consolidate w/ 25CM534" and bore Judge Hackett's signature. The other two citations did not contain this instruction, raising inconsistency in consolidation authority and procedure.

These citations were issued by Collinsville Police Department based on the enforcement of a protective order that itself exists in multiple conflicting versions and is the subject of this pending appeal.

## III. JUDICIAL CONFLICTS, RECUSAL MOTION, AND FEDERAL LITIGATION

Judge Hackett also presided over Family Case No. 22-DC-325, involving the same parties. On May 15, 2025, Appellant filed a formal motion for recusal, citing failure to rule on motions filed since November 2024, and Hackett's repeated failure to record proceedings resulting in substantive orders.

On June 16, 2025, Judge Donohoo held an unrecorded hearing on the recusal motion. A second hearing was held on June 30, 2025, with a court reporter present. Appellant has requested transcripts and investigation into audio irregularities across the Madison County Courthouse. Judge Hackett is also a named official in federal civil rights litigation—Luffman v. Collinsville CUSD #10, et al., Case No. 25-cv-842-SPM—further compromising his neutrality and ability to preside over related criminal and family proceedings arising from the disputed protective order.

## IV. MULTIPLE VERSIONS OF 25-OP-611 AND PROCEDURAL IRREGULARITIES

The protective order in question (25-OP-611) exists in at least three versions:

i. The first version, issued by Collinsville PD on May 1, 2025, was procedurally defective due to issuance of the wrong document.

ii. The second version, served on May 2, 2025, was signed by Judge Patrick McRea and allegedly ghostwritten by Attorney Dana Bond—representing Collinsville CUSD #10—on behalf of pro se litigant Superintendent Mark Skertich, ex parte without notice or adversarial hearing.

iii. The third version, a handwritten order, was signed by Judge Hackett on May 22, 2025 during an unrecorded hearing. This version imposes sweeping restrictions on Appellant's First Amendment rights, including speech, assembly, press, and public records access—rights that are central to Appellant's federal claims in SDIL.

These orders, entered without uniform process, contradict each other and provide no clear basis for criminal enforcement, raising serious due process and equal protection concerns.

## V. PATTERN OF UNRECORDED HEARINGS RESULTING IN SUBSTANTIVE ORDERS

The following hearings were not recorded, despite resulting in material legal orders:

i. February 19, 2024 – 22-DC-325: GAL appointment

ii. May 14, 2025 – 22-DC-325: Psychological evaluation

iii. May 22, 2025 – 25-OP-611: Handwritten third version of OP

iv. May 23, 2025 – 25-CM-534: Stay issued by Judge Cunningham

v. June 16, 2025 – Hackett recusal hearing (Judge Donohoo)

The persistent failure to record these hearings obstructs appellate review, violates transparency obligations, and undermines public trust in the court's administration.

## VI. COLLINSVILLE POLICE DEPARTMENT INVOLVEMENT

On June 12, 2025, Officer LaCroy of the Collinsville Police Department contacted Appellant by telephone on a recorded call. During the call, LaCroy issued a telephonic notice of a harassment citation and warned that any further incidents would result in a felony charge. No physical citation was ever served or filed. The incident created legal ambiguity and further contributed to the pattern of extrajudicial enforcement and chilled speech.

## VII. SCHEDULED HEARING ON JULY 25 AND RISK OF IRREPARABLE HARM

Appellant has no adequate remedy at law to prevent the chilling effects of an unconstitutional order, the continuation of proceedings before a conflicted judge, or the collapse of appellate jurisdiction under these circumstances.

The next hearing in 25-CM-534, now consolidated with 25-CM-686, 687, and 688, is scheduled for July 25, 2025.

These prosecutions are founded on a protective order under active appeal and judicial challenge, enforced through a fragmented and procedurally defective process.

Proceeding with the July 25 hearing would:

i. Prejudice Appellant's rights prior to appellate review

ii. Chill Appellant's protected First Amendment activities, including criticism of public officials

iii. Further entrench constitutional violations under the ADA, Due Process Clause, and Illinois Code of Judicial Conduct

## VIII. PRAYER FOR RELIEF

WHEREFORE, Appellant respectfully requests that this Court:

1. Take judicial notice of the improper and inconsistent consolidation of 25-CM-686, 687, and 688 with 25-CM-534 by Judge Hackett on June 30, 2025;

2. Recognize that multiple conflicting and improperly issued versions of 25-OP-611—including one authored by a school district attorney and another handwritten by a conflicted judge—are being used as the foundation for criminal prosecution;

3. Incorporate into the record that substantive orders were entered following unrecorded hearings in 22-DC-325, 25-OP-611, and 25-CM-534, impeding appellate review and due process;

4. Take judicial notice that a hearing is scheduled for July 25, 2025, and that proceeding before resolution of Appeal No. 05-25-0473 would irreparably prejudice Appellant;

5. Stay all proceedings in 25-CM-534 and consolidated stalking cases until the disposition of this appeal is complete;

6. Reaffirm Appellant's request for appointment of special counsel under the ADA due to his retired disabled veteran 100% permanent and total disability status and documented barriers to participation;

7. Grant any other relief this Court deems just, equitable, and necessary to preserve Appellant's constitutional rights and the integrity of judicial proceedings.

Respectfully submitted,

/s/ Jeffrey Luffman

Jeffrey Luffman, Pro Se

212 Camelot Dr.

Collinsville, IL 62234

jeffrey.luffman@outlook.com

912-318-7505

GOVERNMENT SERVICE STATEMENT

*(Pursuant to Supreme Court Rule 11(c) and 735 ILCS 5/1-109)*

I, Jeffrey Luffman, certify under penalty of perjury pursuant to 735 ILCS 5/1-109 and Supreme Court Rule 11(c) that I am prohibited by a standing Order of Protection entered in Madison County Circuit Court Case No. 25-OP-611 from initiating direct or indirect contact with the Petitioner-Appellee, Mark Skertich, or any parties affiliated with Collinsville CUSD #10.

Because the Notice of Charges dated June 9, 2025, was issued in violation of the terms of that protective order and originated from individuals protected by it, I am legally barred from serving them with this judicial notice or any related filings. I respectfully request the Clerk of the Court or a court-appointed process server to effectuate lawful service of this Judicial Notice on the opposing party, pursuant to Rule 11(c).

Executed on this 4th day of July, 2025.

/s/ Jeffrey Luffman

Jeffrey Luffman, Pro Se

212 Camelot Dr.

Collinsville, IL 62234

jeffrey.luffman@outlook.com

912-318-7505

FEDERAL VERIFICATION STATEMENT

*(Pursuant to 28 U.S.C. § 1746 and Rule 11 of the Federal Rules of Civil Procedure)*

I, Jeffrey Luffman, declare under penalty of perjury under the laws of the United States of America that the foregoing Judicial Notice and attached materials are true and correct to the best of my knowledge and belief, and that this submission is made in good faith, consistent with my rights under the First and Fourteenth Amendments, and in furtherance of ongoing protected activity under 42 U.S.C. § 1983 and related federal proceedings.

Executed on this 4th day of July, 2025.

/s/ Jeffrey Luffman

Jeffrey Luffman, Pro Se

212 Camelot Dr.

Collinsville, IL 62234

jeffrey.luffman@outlook.com

912-318-7505