IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEFFREY LUFFMAN,<br><br>    **Plaintiff,**<br><br>v.<br><br>COLLINSVILLE COMMUNITY UNIT SCHOOL DISTRICT #10, et al.,<br><br>    **Defendants.** | Case No. 3:25-CV-00842-SPM |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Before the Court are two Motions for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b) (Docs. 27, 28) and two Motions to Supplement Rule 60(b) Motions (Docs. 34, 36) filed by *pro se* Plaintiff Jeffrey Luffman. Having fully been informed of the issues presented, the Motions for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b) (Docs. 27, 28) are **DENIED**. Further, the Motions to Supplement (Docs. 34, 36) are **DENIED**.

### FACTUAL BACKGROUND

Luffman filed his original Complaint on May 2, 2025, purporting to bring claims under 42 U.S.C. §§ 1983 and 1985 for damages and injunctive relief against over thirty named Defendants. (*See* Doc. 3). He alleged willing violations of his First, Fourth, and Fourteenth Amendment rights guaranteed by the United States Constitution; a joint conspiracy amongst a variety of state actors and entities, local and school-based law enforcement, and private actors and private law firms; and

misconduct including obstructing public records and wrongful collusion and interference with his rights. (*Id.*, p. 2). On May 5, 2025, Luffman filed an Emergency Motion for Temporary Restraining Order and Preliminary Injunction. (Doc. 11). In this Motion, Luffman brought new factual assertions not presented in his Complaint, alleging ongoing retaliation by Defendants for exercising his rights to "freedom of speech, press, petition, and right to bare [sic] arms." (*Id.*, p. 2). This Court denied Luffman's request for an ex parte Temporary Restraining Order against Defendants, and reserved ruling on his request for a preliminary injunction. (Doc. 13).

On May 7, 2025, this Court found that Luffman's Complaint failed to assert the Court's subject-matter jurisdiction, failed to comply with Federal Rules of Civil Procedure Rules 8 and 10, and failed to state a claim on which relief may be granted and dismissed his Complaint without prejudice. (Doc. 15). This Court found that Luffman's original Complaint failed to comply with Federal Rule of Civil Procedure 8 in that Plaintiff had "thrown together numerous allegations within his paragraphs, making it difficult for this Court (as well as the Defendants) to ascertain the scope of the allegations being brought." (*Id.*, p. 5–6). In addition, this Court found that Plaintiff's "sweeping allegations lack any factual support beyond the conclusory allegations he makes that Defendants have violated his civil rights," stating that his Complaint contained little more than legal conclusions lacking factual support. (*Id.*, p. 6–7). Luffman was granted fourteen days to file his amended complaint, and his Motion for Preliminary Injunction was denied as moot. (*Id.*). Further, this Court ordered Luffman to show cause in a separate written response by May 21, 2025, as to why the case should not be dismissed due to a lack of subject-matter jurisdiction.

(*Id.*). He was also warned that failure to properly file his amended complaint would result in the dismissal of his case. (*Id.*).

Luffman filed his Amended Complaint on May 21, 2025. (Doc. 21). His Amended filing, spanning nearly 300 pages including attachments and exhibits, purports to bring claims against thirty-seven Defendants, some of whom were previously named in his original Complaint, along with additional new named Defendants and unidentified John and Jane Does 1—10.2 (*Id.*, p. 4). Luffman brought claims for alleged "repeated, ongoing, and coordinated violations of his constitutional, civil, parental, and disability rights" pursuant to the United States Constitution and numerous federal and state laws, including, but not limited to: 42 U.S.C. §§ 1983 and 1985, the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, the Individuals with Disabilities Education Act ("IDEA"), the Family Educational Rights and Privacy Act ("FERPA"), the Illinois Open Meetings Act ("OMA"), the Illinois Freedom of Information Act ("FOIA"), and the Illinois Local Records Act. (Id., p. 4). In other parts of his Amended Complaint, Luffman alleged violations of his rights under the First, Fourth, and Fourteenth Amendments, as well as a purported cause of action pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978). (*See id.*, p. 10 (citing the same)).

On June 3, 2025, Plaintiff's Complaint was dismissed with prejudice for failure to state a claim and failure to comply with Federal Rule of Civil Procedure 8 in accordance with 28 U.S.C. § 1915(e). (Doc. 25). Specifically, the Court found the Amended Complaint unnecessarily and confusingly duplicative and full of conclusory allegations that obfuscated any attempts to infer a violation of any law. (*See id.*, p.

6). The Court emphasized that it cannot be expected to guess at Luffman's claims, and noted that his Amended Complaint alleged essentially no facts on which to substantiate such claims. (*See id.*, p. 7). This Court dismissed Luffman's Amended Complaint with prejudice on June 3, 2025. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1024 (7th Cir. 2013).

Luffman filed his first Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b) on the same day this Court dismissed his case, June 3, 2025. (Doc. 27). Luffman filed his second Motion to Reconsider Judgment Pursuant to Fed. R. Civ. P. 60(b)(2) and 60(b)(6) on June 10, 2025. (Doc. 28). Seeking to supplement those pleadings, Luffman filed his first Motion to Supplement on June 26, 2025. (Doc. 34). He filed his second Motion to Supplement on July 2, 2025. (Doc. 36).

## LEGAL STANDARDS AND ANALYSIS

### I.     Motions to Supplement (Docs. 34, 36)

This Court will begin with an analysis of Luffman's two Motions to Supplement his Rule 60(b) Motions for Relief from Judgment in order to determine the scope of information considered in his Rule 60(b) Motions. (Docs. 34, 36).

Under Federal Rule of Civil Procedure 15(d), "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." The standard the Court must use to evaluate a Rule 15(d) motion to supplement a pleading is the same as that of Rule 15(a). *Glatt v. Chicago Park Dist.*, 87 F.3d 190, 194 (7th Cir. 1996). A court should permit a

supplemental pleading when a party wishes to bring up events occurring subsequent to the original pleading that relate to a claim or defense presented in the original pleading, meaning that the subsequent events bear some relationship to the original pleading. *Habitat Educ. Ctr., Inc. v. Kimbell*, 250 F.R.D. 397, 402 (E.D. Wis. 2008). A party does not have an absolute right, however, to seek to expand their case by filing supplemental pleadings setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. *See Glatt*, 87 F.3d at 194. "The court not only may but should consider the likelihood that the new claim is being added in a desperate effort to protract the litigation and complicate the defense; its probable merit; whether the claim could have been added earlier; and the burden on the defendant of having to meet it." *Id.* Thus, a district court may deny leave to supplement a pleading "in the case of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment." *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) (internal quotations omitted).

In his first Motion to Supplement, filed on June 26, 2025, Luffman states that "[t]his filing highlights new facts and intervening developments that reinforce both the constitutional harm and the procedural defects affecting Plaintiff's civil rights claims." (Doc. 34, p. 1). Luffman seeks to supplement his motion with information regarding a criminal prosecution brought against him in Madison County Circuit Court; information regarding his efforts to appeal a judgment against him to the Illinois Fifth District Appellate Court; five exhibits, including documents related to

the Madison County Circuit Court criminal proceedings in which he is involved; letters from Defendant 21Collinsville Community Unit School District #10; and documents related to a Madison County Circuit Court judicial proceeding regarding an Order of Protection. (*See id.*).

In his second Motion to Supplement, filed on July 4, 2025, Luffman seeks to provide the Court with "new and material developments related to the Court's equitable analysis" of his pending Rule 60(b) Motions. (Doc. 36, p. 1). Luffman states that he has filed a Rule 384 Emergency Petition with the Illinois Supreme Court and Appellate Court that there are "newly documented violations that mirror, reinforce, and expand upon the factual and legal bases in Plaintiffs' federal compliant," which includes alleged retaliatory criminal proceedings against him and judicial misconduct by multiple judges. (*See id.*, pp. 2−3). His Motion includes a copy of his emergency petition to the Illinois Supreme Court and Appellate Court. (*See id.*, Ex. 1).

As stated above, Luffman lacks the right to expand his case or supplement his original motions for relief. *Chicago Reg'l Council of Carpenters*, 644 F.3d at 356. Luffman must meet his burden to demonstrate to the Court why leave to supplement is warranted, and the Court finds he has not met that burden. As discussed further below, Luffman's Motions for Relief from Judgment Pursuant to Rule 60(b) assert that this Court should relieve Luffman from the judgment entered in his case on June 3, 2025, for the following reasons: pursuant to Rule 60(b)(1), there was a procedural and excusable neglect; pursuant to Rule 60(b)(2), there was newly discovered evidence; and pursuant to Rule 60(b)(6), any other reason that justifies relief, also known as a "catchall" provision which requires a showing of extraordinary

circumstances. (*See* Docs. 27, 28); *see Arrieta v. Battaglia*, 461 F.3d 861, 865 (7th Cir. 2006).

As an initial matter, the Court finds that Luffman's Motions to Supplement assert supplemental information before properly explaining why this Court should allow such supplementation or to which specific arguments to claims this new information relates. Luffman additionally has filed supplemental information without moving for leave to do so, such as a "Notice of State Appellate Court Record Supplement" which he states is not a "motion for reconsideration" or related to his Motions for Relief from Judgment in any way. (*See* Doc. 29). This pattern demonstrates to the Court that Luffman seeks to continue to expand his original and Amended Complaint and protract the proceedings before this Court. The Motions to Supplement seek to continue to allege vague, widespread violations and misconduct that extends well beyond the scope of his original and Amended Complaints and his continued efforts to litigate in multiple courts across the State of Illinois. *See Glatt*, 87 F.3d at 194.

Further, Luffman does not demonstrate why his Motion to Supplement or numerous attachments and exhibits add to his arguments that he should be granted relief from judgment pursuant to Rule 60(b)(1), (b)(2), or (b)(6). Updates as to the proceedings in which Luffman is involved in the court system of the State of Illinois and claims of far-reaching fraud and abuse against a host of private and state actors do not demonstrate any mistake on the part of this Court in adjudicating his claims, nor does it meet the heavy burden of showing extraordinary circumstances warranting a reversal of this Court's decision to dismiss his Amended Complaint with

prejudice. These claims, simply stated, are not related to this Court's analysis of whether Luffman's Amended Complaint complied with Federal Rules of Civil Procedure 8 and 12(b)(6) or whether this Court committed any other mistake. (*See* Doc. 36). Nor are these extraordinary circumstances that justify relief from judgment in this matter.

It is true that Luffman can properly address events occurring subsequent to his original Rule 60(b) Motions, as Rule 60(b)(2) permits a party to show how newly discovered evidence warrants relief from judgment. Even if the Court did consider these events occurring subsequent to its June 3, 2025 decision to dismiss his Complaint with prejudice, this Court does not find that these subsequent events add to this Court's analysis of his Rule 60(b) Motions or warrant a different outcome of this matter. *See Magnuson v. Exelon Generation Co.*, LLC, No. 4:21-CV-04142-SLD-JEH, 2022 WL 22838711, at *2 (C.D. Ill. Feb. 1, 2022). To reiterate, Luffman's Amended Complaint was dismissed with prejudice due to its inability to meet the standards set forth in Rules 8 and 12(b)(6). Continuing to submit to this Court documents of his ongoing involvement in multiple active state court matters and allegations of overarching conspiracies and misconduct by private and state actors in this matter do not demonstrate why his case should be reopened in *this* Court nor how they seek to clarify the substance or scope of the claims in his Amended Complaint.

Thus, for the foregoing reasons, this Court denies Luffman's two Motions to Supplement his Rule 60(b) Motions. (Docs. 34, 36).

## II. Motions for Relief from Judgment Pursuant to Rule 60(b)

Relief from a Final Judgment, Order, or Proceeding pursuant to Federal Rule of Civil Procedure 60(b) "is an extraordinary remedy and is granted only in exceptional circumstances." *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994) (quoting *Dickerson v. Board of Educ.*, 32 F.3d 1114, 1116 (7th Cir. 1994)); *see Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015) (quoting *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008)). Rule 60(b) states that a party may seek relief from a judgment for one or more of the following reasons: (1) "mistake, inadvertence, surprise, or excusable neglect"; (2) "newly discovered evidence"; (3) "fraud"; (4) "the judgment is void"; (5) "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable"; or (6) "any other reason that justifies relief." If the asserted ground for relief from the prior judgment does not fall within one of the specific categories enumerated in Rule 60(b)(1)–(5), relief may be available under the residual provision of the rule, 60(b)(6), which requires a showing of extraordinary circumstances justifying the reopening of a final judgment. *Arrieta*, 461 F.3d at 865. *Mendez v. Republic Bank*, 725 F.3d 651, 658 (7th Cir. 2013).

Luffman filed a Motion for Relief from Judgment Pursuant to Rule 60(b) on June 3, 2025, the same day his Amended Complaint was dismissed for failure to state a claim and failure to comply with Federal Rule of Civil Procedure 8. (Doc. 27). Luffman argued that pursuant to Rules 60(b)(1) and (b)(6), this Court should set aside the judgment entered against him. (*See id.*). Specifically, Luffman argues that this Court's decision on June 3, 2025, to dismiss his Amended Complaint with prejudice was excusable neglect and procedural error, because he made his filings in good faith.

(*See id.*, pp. 2–3). Moreover, he states that there exist exceptional circumstances and injustice requiring this Court to grant relief from judgment and re-open his case, including "[d]enial of access to his child's education; [s]uppressoin and deletion of education records; [and] [c]ollusion between school officials and law enforcement." (*See id.*, p. 3).

Luffman filed his second Motion to Reconsider Judgment Pursuant to Rule 60(b)(2) and 60(b)(6) on June 10, 2025. (Doc. 28). Luffman argues that, pursuant to Rule 60(b)(2), new evidence, including his appellate litigation before the Illinois Appellate Court and his ongoing involvement in multiple federal investigations with the Department of Education Office for Civil Rights, the U.S. Department of Justice Civil Rights division, and other oversight bodies warrants, setting aside the judgment. (*See id.*, pp. 1–2).

First, this Court finds that this case does not properly fit within Rule 60(b)(1). As an initial matter, this Court does not find that excusable neglect is applicable here; this is not a case where Luffman argues any neglect on his part in the prosecution of this case. *See generally Longs v. City of S. Bend*, 201 F. App'x 361, 364–65 (7th Cir. 2006). Luffman's argument is that this Court has procedurally erred and has contradicted itself and imposed irreconcilable standards. (*See* Doc. 27). Luffman fails to explain in what way this Court committed error outside of his disagreement with the outcome of the case; he does not argue that the Court incorrectly interpreted any provision of law or the Federal Rules of Civil Procedure or overlooked a particular law or rule in making its decision. He argues that the Court used inconsistent standards, but this Court does not find in its analysis that it misapplied Rules 8, 10,

12, or any other Rule. This Court acted within its discretion in dismissing his Amended Complaint with prejudice, and is not persuaded that Luffman has sufficiently pointed out any mistake in the adjudication of the proceedings before this Court. *See Luevano*, 722 F.3d 1014, 1024 (7th Cir. 2013).

As to his arguments under Rule 60(b)(2), this Court does not find that Luffman's offer of new evidence demonstrates why he is entitled to relief from judgment in this matter. Relief under this subsection is extraordinary. *In re Snowden*, 345 B.R. 607, 614 (Bankr. N.D. Ill. 2006) (stating that the Seventh Circuit has held that a party "needs awfully good stuff to win a Rule 60(b)(2) motion"). The following prerequisites must be met for a movant to obtain relief under Rule 60(b)(2): (1) the movant discovered the evidence following the judgment; (2) the movant exercised due diligence to discover the evidence; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence is such that a new trial would probably produce a new result. *Madero v. McGuinness*, No. 3:20 C 50062, 2025 WL 965133, at *3 (N.D. Ill. Mar. 31, 2025) (citing *Fields v. City of Chicago*, 981 F.3d 534, 554 (7th Cir. 2020)). Here, this Court finds that Luffman has not met these elements.

The evidence Luffman has highlighted in his Motion is a "Docketing Statement in the Illinois Appellate Court, Fifth District" of his state court case where he appeals "violations, destruction of records, parental exclusion, and denial of procedural safeguards that fall squarely within the jurisdiction of this Court." (Doc. 28, p. 2). It is unclear to this Court in what way this evidence is material to Luffman's original underlying claims, as he does not specify what particular violations of which

particular law are at issue, nor does he point to any specific tenet of state or federal law or any other rules that are raised by his assertion of the fact that he has appealed his state court case. Luffman also highlights the fact he is engaged in active federal investigations, which "reinforce the nature and public interest weight of this civil rights action." (*Id.*). It is also unclear to this Court in what way those proceedings relate to his underlying claims, what the investigations entail, or why they relate to any relief he seeks in this Court. Simply stated, this assertion lacks support and an explanation of its connection to this litigation. Moreover, this evidence does not assist him with drafting a Complaint that is a short and plain statement of the claims on which he seeks to proceed and sufficiently states a legal claim upon which this Court may grant him relief. Assuming, *arguendo*, this Court considered the evidence Luffman raises in his Motions to Supplement as discussed above, this Court similarly does not find Luffman has explained to what specific claims the evidence is relevant or how it changes the outcome of his case.

Turning to the catchall provision of Rule 60(b)(6), this Court is also not persuaded that any extraordinary circumstances are present here to warrant relief from the Court's judgment. This court does not find that unsubstantiated, vague claims of "denial of access to his child's education," "suppression and deletion of education records," and widespread claims of conspiracies and collusion amongst school officials, police officers, judges, and other private actors and public officials warrant extraordinary relief from this Court.

### III. Luffman's Requests for Court-Appointed Counsel

As a final matter, this Court addresses Luffman's multiple requests for this Court to appoint him counsel in this matter. (*See* Doc. 28; Doc. 36, p. 6). Luffman seeks appointed counsel as a reasonable accommodation for his purported disability pursuant to the Americans with Disabilities Act ("ADA"). (*See* Docs. 28, 36).

As to Luffman's claim that he is entitled to the reasonable accommodation of counsel pursuant to the ADA, Luffman fails to cite to any provision of the ADA to substantiate his argument or otherwise explain why he is a disabled individual within the specific meaning of the ADA, much less why appointed counsel, representing him pro bono, is a reasonable accommodation within the meaning of the act. *See generally* 42 U.S.C. § 12182(a); *see also Tennessee v. Lane*, 541 U.S. 509, 516–17, 124 S.Ct. 1978, 158 L.Ed.2d 820 (2004); *Torrence v. Advanced Home Care, Inc.*, No. 08-CV-2821, 2009 WL 1444448, at *3 (N.D. Ill. May 21, 2009).

Further, Luffman has failed to satisfy the standard established by the Seventh Circuit in order for this Court to grant his request for appointed counsel. Under 28 U.S.C. § 1915(e)(1), the district court may request an attorney to represent any person who is unable to afford counsel. Seventh Circuit caselaw informs that, when confronted with a § 1915(e)(1) request for appointment of pro bono counsel, the district court is to make the following inquiries: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (citing *Farmer v. Haas*, 990 F.2d 319, 32122 (7th Cir. 1993))). (7th Cir. 1993)). The first inquiry "requires the indigent litigant to reasonably attempt to get a lawyer." *Thomas v.*

*Wardell*, 951 F.3d 854, 859 (7th Cir. 2020). This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry. *See Davis v. Moroney*, 857 F.3d 748, 753 (7th Cir. 2017); *Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992). Luffman has failed to make any showing as to the first inquiry required under *Pruitt*, as his Motion provides no information as to his own attempts to obtain counsel for his case nor why those efforts have been unfruitful. Accordingly, these requests are denied.

## CONCLUSION

For the reasons set forth above, the Motions for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b) filed by Jeffrey Luffman (Docs. 27, 28) are **DENIED**. Further, the Motions to Supplement (Docs. 34, 36) filed by Luffman are **DENIED**. **IT IS SO ORDERED.**

**DATED:  July 10, 2025**

*s/ Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**
