IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

JEFFREY LUFFMAN,

Plaintiff,

v.

COLLINSVILLE CUSD #10, et al.,

Defendants.

Case No. 25-cv-842-SPM

SUPPLEMENTAL MOTION FOR RELIEF UNDER RULE 60(b)

NOW COMES Plaintiff, JEFFREY LUFFMAN, pro se, pursuant to Rule 60(b)(1), (2), and (6) of the Federal Rules of Civil Procedure, and respectfully submits this Supplemental Motion in support of his prior post-judgment motion, to present new material facts and judicial developments that have occurred since entry of judgment on June 3, 2025, and in further support of his request for reconsideration. In support thereof, Plaintiff states as follows:

1. Following this Court's June 3, 2025 dismissal of the First Amended Verified Complaint with prejudice, Plaintiff filed a timely notice of appeal and post-judgment motions under Rule 60(b)(1), (2), and (6). Those motions raised newly discovered evidence, procedural irregularities, and extraordinary circumstances affecting Plaintiff's right to a fair adjudication on the merits.

2. Since that filing, Plaintiff has submitted additional verified and timely motions in parallel state proceedings that further support the claims in this federal action and underscore the

structural barriers faced by Plaintiff in securing access to courts, parenting rights, and equal protection under the law.

3. On August 11, 2025, Plaintiff filed a Verified Motion to Disqualify Illinois Supreme Court Justice David K. Overstreet in Case No. 132103, citing Overstreet's prior participation in a related Rule 383 Petition (Case No. 132033), and his decade of prior service on the Appellate Court, Fifth District—a named respondent in the pending mandamus. This motion raises significant constitutional concerns under the Due Process Clause and the judicial bias standards articulated in Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009).

4. On August 13, 2025, Plaintiff also filed a Verified Emergency Motion to Preserve Internal Judicial Records related to the disposition of Case No. 132033. These filings request the preservation of communications, drafts, and internal deliberations surrounding the unexplained denial of Plaintiff's verified constitutional claims in the state courts. Both motions remain pending as of the date of this filing.

5. Plaintiff has also submitted these developments to the United States Court of Appeals for the Seventh Circuit in Case No. 25-2049, through a Rule 28(j) letter dated August 14, 2025, which provides further notice to federal authorities that state-level remedies are procedurally compromised or unavailable due to institutional entanglements and judicial conflict of interest.

6. These facts strengthen Plaintiff's original arguments under Rule 60(b), particularly subsection (6), which permits relief in "extraordinary circumstances." The ongoing failure of the Illinois Supreme Court to resolve the mandamus petition, coupled with the

unresolved bias and record preservation motions, justifies reconsideration of the dismissal in this matter to prevent irreparable harm to Plaintiff's constitutional and statutory rights.

7. Plaintiff is a 100% permanently and totally disabled Army veteran who continues to request reasonable accommodation under Title II of the Americans with Disabilities Act. The procedural exclusion he has documented is not theoretical—it is active, ongoing, and escalating, as evidenced by his continued inability to participate in family proceedings and school district matters affecting his minor child.

8. Plaintiff respectfully requests that this Court consider the supplemental record now before it and either vacate the judgment under Rule 60(b)(2) and (6), or in the alternative, reopen the case for further proceedings and permit amendment of the complaint or limited discovery to explore the newly discovered evidence and unresolved constitutional questions.

9. In support of this motion, Plaintiff attaches the following exhibits for the Court's consideration:

Exhibit A: Verified Motion for Disqualification of Justice David K. Overstreet, filed in the Illinois Supreme Court (Case No. 132103) on August 11, 2025.

Exhibit B: Verified Emergency Motion to Preserve Internal Judicial Records and Communications, filed in the Illinois Supreme Court (Case No. 132103) on August 13, 2025.

Respectfully submitted,

/s/ Jeffrey Luffman

Jeffrey Luffman, Pro Se

212 Camelot Dr.

Collinsville, IL 62234

jeffrey.luffman@outlook.com

912-318-7505

Date: August 14, 2025

FEDERAL VERIFICATION STATEMENT

*(Pursuant to 28 U.S.C. § 1746 and Fed. R. Civ. P. 11)*

I, Jeffrey Luffman, declare under penalty of perjury under the laws of the United States of America that the foregoing Motion to Supplement my Rule 60(b) Motion and the facts stated therein are true and correct to the best of my knowledge and belief.

This filing is submitted in good faith and in furtherance of my rights under the First and Fourteenth Amendments of the United States Constitution, the Americans with Disabilities Act, and all applicable federal civil rights statutes, including 42 U.S.C. § 1983 and § 12132.

Executed on this 14th day of August, 2025.

Respectfully submitted,

/s/ Jeffrey Luffman

Jeffrey Luffman, Pro Se

212 Camelot Dr.

Collinsville, IL 62234

jeffrey.luffman@outlook.com

912-318-7505